IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHITEPAGES INCORPORATED,<br><br>Defendant. | No. 1:19-cv-4871 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Whitepages Incorporated ("Whitepages") hereby removes to the United States District Court, Northern District of Illinois, the above-styled action, pending as Case No. 2019-CH-07399 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "State Court Action"). In support, Whitepages states the following:

## INTRODUCTION

1. On June 19, 2019, plaintiff Stephanie Lukis ("Lukis") commenced the State Court Action against Whitepages. A copy of Lukis's Complaint (the "Complaint") is included in the attached **Exhibit A**.

## BASIS OF DIVERSITY JURISDICTION

2. Whitepages is entitled to removal of the State Court Action pursuant to the Class Action Fairness Act ("CAFA"), codified under 28 U.S.C. § 1332(d).

3. CAFA vests the United States District Courts with original jurisdiction when the aggregate amount in controversy for all class members exceeds $5,000,000 exclusive of interest

1

and costs and any member of the class of plaintiffs is a citizen of a state different from any defendant.

    **(a)    This matter is a class action as defined by CAFA.**

    4.    The State Court Action is a class action as defined by CAFA. CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

28 U.S.C. § 1332(d)(1)(B).

    5.    Lukis filed the State Court Action as a putative class action "on behalf of herself and a class defined as 'all Illinois residents who have appeared in an advertisement preview for a Whitepages report.'" (Ex. A, Compl. at p.7, ¶ 30; *see also* ¶¶ 30–37.) Lukis's Complaint thus falls within the definition of a class action under CAFA.

    **(b)    The putative class exceeds 100 members.**

    6.    CAFA requires that a putative class consist of at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

    7.    The Complaint alleges that the putative class consists of "all Illinois residents who have appeared in an advertisement preview for a Whitepages report." (Compl. at ¶ 30.) It further alleges that "the persons in the class are so numerous that joinder of all such persons is impractical." (Compl. at ¶ 32.)

    8.    The Complaint further alleges that Whitepages "works[s] with over 100 different data providers worldwide and ingest[s] over two billion records a month into [its] internal database." (Compl. at ¶ 17.)

9. Whitepages's database contains records and information related to **millions** of Illinois residents. All of those names are subject to what Lukis calls an "advertisement preview" when the names are searched.

10. As such, those allegations plausibly establish that the numerosity requirement for the limited purpose of CAFA removal is satisfied.

**(c) Minimal diversity exists.**

11. CAFA liberalizes the diversity requirements under traditional diversity jurisdiction by providing that CAFA applies when "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. Lukis is a resident of Cook County, Illinois. (Compl. at ¶ 1.)

13. Whitepages is a Delaware corporation with its principal place of business in Washington.[1] It is thus ***not*** a citizen of Illinois and is instead a citizen of Washington and Delaware. 28 U.S.C. § 1332(c)(1).

14. As such, minimal diversity under CAFA is satisfied.

**(d) The CAFA amount in controversy requirement is satisfied.[2]**

15. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional amount in controversy review, CAFA requires that courts aggregate the claims of individual class members:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

---

[1] The Complaint incorrectly alleges that Whitepages is "organized under the laws of the State of Washington." (Compl. at ¶ 2.)

[2] Whitepages denies that Lukis can properly plead, much less prove, liability or damages. But for purposes of this Notice of Removal, Whitepages takes Lukis's allegations at face value.

28 U.S.C. § 1332(d)(6).

16. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Bullard v. Burlington Northern Santa Fe Ry.*, 556 F. Supp. 2d 858, 859 (N.D. Ill. 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses jurisdiction." *Brill*, 427 F.3d at 448; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (same).

17. Here, Lukis's allegations more than plausibly establish that the amount in controversy exceeds $5,000,000. Lukis and each class member are seeking the greater of their "actual damages (including profits derived from the unauthorized use of Lukis's and class members' names and identities) or statutory damages of $1,000 per violation." (Compl. at ¶ 40.) Even if statutory damages were the ***only*** damages used to calculate the amount in controversy, there would need to be only 5,001 members in the class to exceed the $5 million threshold.

18. U.S. Census data indicates that there are a little fewer than 13 million residents in the state of Illinois, and Lukis limits the alleged plaintiff class to Illinois residents. (Compl. at ¶ 30.) If Whitepages made or makes data available during the alleged class period for at least 5,001 of those Illinois residents (only roughly .04 percent of Illinois residents), then the $5 million threshold is crossed. Whitepages does indeed make data available for more than 5,001 Illinois residents. In fact, Whitepages's database has records and information for **millions** of Illinois

4

residents. All of those names are subject to what Lukis calls an "advertisement preview" when the names are searched.

19. Additionally, the CAFA removal amount in controversy threshold is not limited to the statutory damages claim but also includes all other forms of potential relief, including punitive damages and attorneys' fees. *See Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 582 (7th Cir. 2017) ("[Plaintiff] also seeks punitive damages, which factor into the amount-in-controversy calculation"); *De Falco v. Vibram USA, Inc.*, 2013 U.S. Dist. LEXIS 36679, at *18 (N.D. Ill. Mar. 18, 2013) (citing *Oshana*, 472 F.3d 512) ("[T]he Court is entitled to consider potential punitive damages as part of the amount in controversy."); *Home Depot, Inc. v. Rickher*, 2006 U.S. App. LEXIS 32391, at *3 (7th Cir. May 24, 2006) (citing *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)) ("The amount in controversy includes . . . 'the cost a defendant incurs in complying with injunctive relief.'"). With respect to punitive damage awards, it is well established that they often can eclipse actual or statutory damage awards. *See, e.g., Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2001) (class may possibly recover more than $3 million in punitive damages despite $600,000 in actual damages); *Back Doctor Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) ($2.1 million in punitive damages possible even when not expressly sought by plaintiff in complaint). Lukis seeks both punitive damages and attorneys' fees in this case, each of which increases the amount in controversy subject to consideration for CAFA removal. (Compl. at ¶ 40.)

20. Further, Lukis seeks an injunction against Whitepages on behalf of the putative class preventing Whitepages from using any class member's name or attributes to advertise products and services. (*Id.* at ¶¶ 40–44.) The cost of complying with any injunctive relief may be considered to satisfy the CAFA amount in controversy requirement. *See Tropp v. Western-*

5

*Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (the amount in controversy includes "the cost a defendant incurs in complying with injunctive relief.").

21. Based on the foregoing, the aggregate amount in controversy easily exceeds $5,000,000.

22. This Notice of Removal is based solely on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Lukis's claims, or the existence of damages.

## 28 U.S.C. § 1446 REQUIREMENTS

23. <u>Removal is timely</u>. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). This case was filed on June 19, 2019 and served upon Whitepages on June 20, 2019. (*See* Exhibit A.) This Notice of Removal is thus timely filed.

24. <u>Removal to proper court</u>. This Court is part of the "district and division within which" this action was filed — Cook County, Illinois. 28 U.S.C. § 1446(a).

25. <u>Pleadings and process</u>. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Whitepages are attached to this Notice of Removal as Exhibit A. Whitepages has not answered or otherwise filed a response to the Complaint.

26. <u>Notice to state court</u>. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, County Department, Chancery Division, and is being served on counsel of record, consistent with 28 U.S.C. §§ 1446(a), (d).

27. Whitepages hereby reserves all defenses and objections to the Complaint, including but not limited to: lack of personal jurisdiction, improper venue, *forum non conveniens*,

insufficiency of process, insufficiency of service of process, failure to join necessary parties, lack of standing, and failure to state a claim.

WHEREFORE, Whitepages Incorporated removes this action to this Court for further proceedings according to law.

                                                  Respectfully submitted,

                                                  WHITEPAGES INCORPORATED

                                                  By:    /s/ Blaine C. Kimrey
                                                            One of its attorneys

Blaine C. Kimrey
Jonathon P. Reinisch
Vedder Price P.C.
222 N. LaSalle St.
Chicago, IL 60601
T: (312) 609-7500
bkimrey@vedderprice.com
jreinisch@vedderprice.com

Dated: July 19, 2019

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by e-mail and U.S. Mail on July 19, 2019, to:

> Roberto Luis Costales
> William H. Beaumont
> BEAUMONT COSTALES LLC
> 107 W. Van Buren, Suite 209
> Chicago, IL 60605
> T: (773) 831-8000
> rlc@beaumontcostales.com
> whb@beaumontcostales.com

/s/ Blaine C. Kimrey
Blaine C. Kimrey