IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WHITEPAGES, INC.,<br><br>    Defendant. | No. 1:19-cv-04871<br><br>Judge Gary Feinerman<br><br>Mag. Judge Jeffrey T. Gilbert |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's Standing Order, plaintiff Stephanie Lukis ("Plaintiff") and defendant Whitepages, Inc. ("Whitepages"), by and through their undersigned counsel, state that they have conferred pursuant to Federal Rule of Civil Procedure 26(f) and hereby submit this Initial Status Report.

    **A.**    **Nature of the Case**

    1.    This is a putative class action lawsuit initially filed by Plaintiff in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled *Lukis v. Whitepages, Inc.*, Case No. 2019-CH-07399, and removed to the Northern District of Illinois on July 19, 2019 by Whitepages. (ECF No. 1.) Plaintiff is represented by Roberto Luis Costales and William Henry Beaumont of Beaumont Costales, and Mr. Costales will serve as Plaintiff's lead trial counsel. Whitepages is represented by Blaine C. Kimrey and Jonathon P. Reinisch of Vedder Price P.C., and Mr. Kimrey will serve as Whitepages' lead trial counsel.

    2.    This court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. §§ 1332(d), which grants federal district courts original jurisdiction over a

civil class action in which any plaintiff is a citizen of a state different from any defendant and the aggregate amount in controversy for all class members exceeds $5,000,000.

3. Plaintiff's complaint alleges that Whitepages violated the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.* ("IRPA"), by providing "limited, free preview[s]" of its search results which contain the names of Illinois residents. (ECF No. 1, Ex. A at ¶ 10.) On behalf of the putative class, Plaintiff complaint seeks: "injunctive and other equitable relief as necessary to protect the interest of the Class"; "the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the class"; "punitive damages where applicable"; "reasonable litigation expenses and attorney's fees"; and "pre- and post-judgment interest." (ECF No. 1 at 9-10, Prayer for Relief 3-8.)

4. Whitepages filed a Motion to Dismiss on August 21, 2019. Whitepages' position, as noted in its' Motion, is that Plaintiff has failed to adequately plead personal jurisdiction. Whitepages further argues that Judge Shah previously considered nearly identical allegations, examined IRPA's plain language and well-established case law, and determined that claims such as those asserted by Plaintiff do not and cannot state a claim for relief. *See Dobrowolski v. Intelius, Inc.*, No. 17-cv-1406, 2017 WL 3720170, at *9 (N.D. Ill. Aug. 29, 2017); *Dobrowolski v. Intelius, Inc.*, No. 17-cv-1406, Dkt. 46 at 5 (N.D. Ill. May 21, 2018). Dismissal also is appropriate because Whitepages' alleged advertisements are fully protected by the First Amendment, Whitepages' alleged conduct is exempt from IRPA liability because publicly available information is a matter of public concern, and CDA Section 230 bars liability against Whitepages.

5. This case presents the following legal and factual issues:

*Legal Issues*:

- Whether this Court has personal jurisdiction over Whitepages;

- Whether any alleged use by Whitepages of Plaintiff's identity was not for "commercial purposes" within the meaning of IRPA, 765 ILCS 1075/5 & 1075/30(a), *et seq.*;

- Whether IRPA "does not apply" to any alleged use of Plaintiff's identity because the alleged use(s) were in "promotional materials, advertisements, or commercial announcements" for alleged use(s) with "non-commercial purposes," 765 ILCS 1075/35(b)(2) & (4);

- Whether IRPA "does not apply" to any alleged use of Plaintiff's identity because the alleged use(s) were in "promotional materials, advertisements, or commercial announcements" for uses in a work that does not itself constitute a commercial advertisement, 765 ILCS 1075/35(b)(1) & (4);

- Whether Defendant used Plaintiff's "identity" under the meaning of the Act, 765 ILCS 1075/5;

- Whether Whitepages' alleged conduct is protected by the First Amendment;

- Whether Whitepages' alleged conduct is exempt from IRPA liability because publicly available information is a matter of public concern;

- Whether CDA Section 230 bars liability against Whitepages.

*Factual Issues:*

- Whether and how Whitepages allegedly used Plaintiff's identity.

3

- Whether a class can properly be certified that meets the typicality, commonality, and other requirements for class certification.
- Whether Plaintiff suffered any damages as a result of any alleged use(s).

6. Whitepages was served with process on June 21, 2019.

### B. Proceedings to Date

1. To date, the only substantive ruling has been the reassignment of the *Fischer, et al. v. Instant Checkmate* case to this Court. (ECF No. 15.)

2. There are two motions currently pending: (1) Whitepages' Motion to Dismiss filed August 21, 2019 (ECF Nos. 16 & 17); and (2) Whitepages' Unopposed Motion to Stay Discovery. (ECF No. 19.)

### C. Discovery and Case Plan

The Parties agree and request that all discovery be stayed pending resolution of Whitepages' Motion to Dismiss, filed August 21, 2019, for the reasons set forth in Whitepages' Unopposed Motion to Stay Discovery. (ECF No. 19.) The parties propose that they file a Discovery and Case Plan, if necessary, after resolution of Whitepages' Motion to Dismiss.

## SETTLEMENT

1. To date, the Parties have not engaged in settlement discussions.
2. At this time, the Parties do not request a settlement conference.

## MAGISTRATE JUDGE

1. The Parties do not consent to proceed before a magistrate judge for all purposes.
2. To date, no matters have been referred to the magistrate judge assigned to this case.

Respectfully submitted,

WHITEPAGES, INC.

By:   /s/ Blaine C. Kimrey
      One of its attorneys

Blaine C. Kimrey
Jonathon P. Reinisch
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

*Attorneys for Defendant Whitepages, Inc.*

Roberto Costales, Esq.
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile: (504) 272-2956
rlc@beaumontcostales.com

*Attorney for Plaintiff Stephanie Lukis*

Dated: August 22, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2019, a copy of the foregoing was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

*/s/ Blaine C. Kimrey*
Blaine C. Kimrey