**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WHITEPAGES, INC.,<br><br>　　　　Defendant. | No. 1:19-cv-04871<br><br>Judge Gary Feinerman<br><br>Mag. Judge Jeffrey T. Gilbert |

**WHITEPAGES, INC.'S MOTION TO STAY MANDATORY INITIAL DISCOVERY
PILOT PROJECT AND STATUS REPORT DEADLINES PENDING RESOLUTION OF
WHITEPAGES' MOTION FOR SUMMARY JUDGMENT**

Defendant Whitepages, Inc. ("Whitepages"), through the undersigned counsel, hereby moves to stay the parties' Mandatory Initial Discovery Pilot ("MIDP") project and status report deadlines pending resolution of Whitepages' pending motion for summary judgment. In support, Whitepages states as follows:

1.　　Plaintiff Stephanie Lukis ("Lukis") originally filed this case in the Circuit Court of Cook County, Illinois on June 19, 2019. Whitepages timely removed this case on July 19, 2019, and then moved to dismiss the complaint pursuant to Rule 12(b)(2) and Rule 12(b)(6). (ECF Nos. 1, 16, and 17.) On April 16, 2020, the Court denied that motion to dismiss, ordered the parties to serve MIDP disclosures by June 8, 2020, and ordered the parties to file a status report by June 24, 2020. (ECF Nos. 36, 37.)

2.　　On May 8, 2020, Whitepages filed a motion for reconsideration of the Court's order denying Whitepages' motion to dismiss, a motion for leave to appeal the denial order, and a motion to stay the case pending the outcome of those two motions. (ECF Nos. 40-48.) On May 11, 2020,

the Court denied in part Whitepages' motion to stay and ordered that the deadlines set by the April 26, 2020 order remained in effect. (ECF No. 50.)

3. On June 2, 2020, the parties conducted a telephonic hearing on Whitepages' May 8, 2020 motions. The Court took Whitepages' motion for reconsideration and motion for leave to appeal under advisement and ordered the parties to serve MIDP disclosures and file a status report by July 22, 2020.[1] (ECF No. 60.)

4. On June 25, 2020, Whitepages filed its motion for summary judgment ("Whitepages' MSJ"). (ECF Nos. 61-64.) Lukis's deadline to respond to Whitepages' MSJ is July 23, 2020, and Whitepages will file its reply by August 6, 2020. (ECF No. 68.) Thus, there is a pending case dispositive motion that will be fully briefed in approximately three weeks.

5. Under these circumstances, it would not be reasonable or efficient for the parties to proceed with MIDP disclosures pending a ruling on Whitepages' MSJ. District courts enjoy extremely broad discretion in controlling discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In accordance with Federal Rule of Civil Procedure 26(c), a court may limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1); *Britton*, 523 U.S. at 598. Motions to stay discovery "are granted with some frequency" where good cause is shown. *See, e.g.*, *Dsm Desotech Inc. v. 3D Sys. Corp.*, 2008 U.S. Dist. LEXIS 87473, at *4-5 (N.D. Ill. 2008) (applying a "good cause" standard in granting a request to stay discovery); *see also Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to

---

[1] The day before this hearing, on June 1, 2020, the Court concluded its use of the MIDP for newly filed cases. Pursuant to the Court's Web site related to the MIDP, "the assignment of new cases into the Mandatory Initial Discovery Pilot has concluded as of June 1, 2020."

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

6. The totality of circumstances favors a stay of discovery in this case. Judicial economy favors a stay so that the Court does not expend valuable judicial resources setting and overseeing a discovery schedule for a case that may be terminated by Whitepages' MSJ. Lukis will not be prejudiced by a short stay because Rule 56(d) allows Lukis to seek whatever narrow discovery (if any) she justifies as necessary for resolution of Whitepages' MSJ, provided that Lukis carries her burden under the rule. It would therefore be overly burdensome and needlessly costly for the parties to participate in broad discovery of all documents and information that "may be relevant to any party's claims or defenses," as required by the MIDP, when this case can and should be decided based on the current record.

7. Additionally, the Court should stay the parties' deadline to file a joint status report until Whitepages' MSJ is decided. If the Court rules in Whitepages' favor on the pending motion for summary judgment, there will be no need for the parties to propose a discovery plan (which, incidentally, should bifurcate discovery related to Lukis's individual claim from her putative class claims), a class certification schedule, or a secondary dispositive motion schedule. Further, any case management schedules put in place now will likely need to be revised one or more times depending on when the Court rules on Whitepages' MSJ or the scope of the Court's ruling. Thus, the required elements of a status report would be more appropriately considered after Whitepages' MSJ is decided.

8. Accordingly, the Court should exercise its discretion to stay all discovery and the parties' deadline to file a joint status report pending resolution of Whitepages' MSJ.

WHEREFORE, defendant Whitepages, Inc. respectfully requests that the Court: (1) stay all discovery, including the parties' obligations under the MIDP, pending the outcome of Whitepages' MSJ; and (2) stay the parties' joint status report deadline pending the outcome of Whitepages' MSJ.

                        Respectfully submitted,

                        WHITEPAGES, INC.

                        By:   /s/ Blaine C. Kimrey
                              One of its attorneys

Blaine C. Kimrey
Jonathon P. Reinisch
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500
bkimrey@vedderprice.com
jreinisch@vedderprice.com

Dated: July 15, 2020

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 15, 2020, a copy of the foregoing was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

                                      /s/ Blaine C. Kimrey
                                      Blaine C. Kimrey