IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stephanie Lukis, | ) | |
| individually and on behalf of all others | ) | CIVIL ACTION NO: 19-cv-4871 |
| similarly situated, | ) | |
| | ) | |
| *Plaintiffs,* | ) | JUDGE FEINERMAN |
| v. | ) | |
| | ) | MAG. GILBERT |
| Whitepages Incorporated, | ) | |
| | ) | |
| *Defendant.* | ) | |

**MOTION TO AMEND THE COMPLAINT**

Plaintiff Stephanie Lukis offers the following brief in support of her motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). Defendant opposes the motion.

1. **Introduction**

This is a class action lawsuit on behalf of Illinois residents alleging that Defendant Whitepages Incorporated uses class members' identities "for a commercial purpose" in violation of the Illinois Right of Publicity Act ("IRPA"). The current operative complaint, Dkt. 1-1, is the original petition filed in Illinois state court that Defendant subsequently removed to this Court. Dkt. 1. After removal, Defendant sought to dismiss the action on the pleadings. Dkt. 16. That motion was denied. Dkt. 37. Defendant then moved to appeal the decision, and later for summary judgment. Dkts. 43 and 61. Both those motions were also denied. Dkt. 88. Defendant now moves the Court to dismiss and/or transfer this matter pursuant to the Federal Arbitration Act. Dkt. 89.

Arbitrating Plaintiff Lukis' claim does not resolve the dispute underlying this lawsuit *i.e.*, whether Whitepages' website violates IRPA as to the putative class of Illinois citizens that Plaintiff Lukis seeks to represent. Since colorable class claims will remain notwithstanding the arbitration

issue, the efficiencies envisioned by the class action device counsel in favor of allowing Plaintiff to amend her complaint to add additional putative class representatives whose claims are not subject to arbitration. To that end, Plaintiff Lukis submits the instant motion to amend her complaint.

### 2. Summary of the Amended Complaint

Plaintiff Lukis' proposed amendment adds two additional Plaintiffs, Shawn Brown and Mantas Norvaisas, and leaves unchanged the underlying allegations in the original complaint. A copy of the proposed amended complaint is attached hereto. As is evident from the amendment, Plaintiffs Brown and Norvaisas make precisely the same claims as Plaintiff Lukis—namely, that Defendant uses their identities to advertise subscription services on Defendant's website. *See* Exhibit 1, First Am. Compl. ¶¶ 30-50.

### 3. Standard of Review and Argument

Rule 15(a)(2) provides that amendments to the pleadings are allowed "only with the opposing party's written consent or the court's leave," and the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a liberal standard that the Supreme Court has held "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As argued in more detail below, none of the four reasons for denying a request to amend are applicable here and so the Plaintiff's motion should be granted.

    i.    **The amendment is not futile.**

2

Courts "may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Management, LLC*, 721 F.3d 865, 869 (7th Cir. 2013). *See also Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss."). Here, the amended complaint does not add any additional theories, allegations, or factual claims. It adds two putative class representatives whose claims are identical to Plaintiff Lukis'. And since Plaintiff Lukis' theory of liability has already survived both a motion to dismiss and a motion for summary judgment, the identically pled claims of Norvaisas and Brown cannot be called futile.

### ii. The amendment is not unduly prejudicial.

Because almost every amendment to a complaint results in some prejudice to the opponent, the operative inquiry is whether the resulting prejudice is "undue." *Carlson v. Northrop Grumman Corp.*, No. 13 C 2635, 2014 WL 5334038, at *3 (N.D. Ill. Oct. 20, 2014). Undue prejudice exists "when the amendment brings entirely new and separate claims...more than an alternative claim or a change in the allegations of the claimant and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (internal citations omitted). "[A] party seeking an amendment carries the burden of proof in showing that prejudice will result to the non-moving party." *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

Here, the amended complaint does not add "entirely new" claims that place expensive or time-consuming burdens on anyone. Because Plaintiffs Brown and Norvaisas are merely two additional class members whose claims mirror those of Plaintiff Lukis, their claims have been squarely at issue in nearly every filing before this Court. In fact, the only small part of this litigation that has focused specifically on Plaintiff Lukis is Defendant's recent attempt to arbitrate her claim.

Furthermore, Defendant has expended comparatively little time litigating this case apart from its repeated and voluminous briefings. It has not taken nor submitted to a single deposition and has only provided twenty-four (24) pages of document productions. Finally, any argument that Plaintiff's motion should be denied on the basis of undue expense is ironic, because such denial would only ensure the filing of another class action lawsuit and thus create costs to the Defendant greater than if the amended complaint is allowed to proceed.

In sum, Defendant cannot demonstrate that the addition of Plaintiffs Norvaisas and Brown will cause it undue burden.

### iii. The amendment is not unduly delayed.

"[D]elay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992). Here, it remains to be seen what delay Whitepages will argue has prejudiced it to the point of warranting a denial of Plaintiff's motion. Defendant's insistence on arbitrating a single class member's claim—a move that seems more like a tactic to avoid Your Honor's courtroom than to see this case resolved on the merits—is what Plaintiff's request to amend is in response to. This is not a question of "delay." Additionally, and as argued above, there is no prejudice in the timeliness of Plaintiff's motion because Defendant has done little in the way of discovery and all litigation up to now has focused on the merits shared by all class members—none that are specific to Plaintiff Lukis. In short, the motion to amend has not been unduly delayed.

### iv. The motion to amend is not in bad faith.

The fourth and final ground for denying a motion to amend is bad faith. *Foman* at 182. As the preceding points make clear, Plaintiff's motion is not being made in bad faith. To the contrary, it is a good faith attempt to maintain this putative class action in an efficient manner. Plaintiff did

4

not unnecessarily delay in moving to amend her complaint and there is no improper motive or purpose behind her motion. Accordingly, bad faith simply does not apply.

### 4. Conclusion

For foregoing reasons Plaintiff Lukis asks the Court to grant her motion to amend the complaint.

*Respectfully submitted*:

*/s/ Roberto Costales*
Roberto Costales
William H. Beaumont
BEAUMONT COSTALES LLC
107 W. Van Buren #209
Chicago, IL 60605
Tel: (773) 831-8000
*rlc@beaumontcostales.com*

*Attorneys for Plaintiff*