IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stephanie Lukis, individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION NO: 19-cv-4871 |
| Plaintiffs, | ) ) | JUDGE FEINERMAN |
| v. | ) ) | MAG. GILBERT |
| Whitepages Incorporated, | ) ) | |
| Defendant. | ) | |

**MOTION TO COMPEL AND FOR PROTECTIVE ORDER**

This case should not be that complicated. The Court's denial of Defendant's motions to dismiss, Dkt. 37, and summary judgment, Dkt. 88, have framed the few remaining dispositive issues. Yet Defendant insists on driving the parties towards extensive satellite litigation. The latest gambit has been canceling three depositions—that were scheduled two months ago—because Defendant's law firm is busy with other cases. Then, as a condition precedent of rescheduling said depositions, Defendant insists on deposing Plaintiff's counsel. For the following reasons, the Court should compel Defendant to provide its witnesses for deposition and also issue an order blocking the deposition Plaintiff's counsel.

**Background**

On July 22, 2020 Defendant provided its mandatory initial disclosures. Those disclosures identified four witnesses. On July 28th, Plaintiff requested their depositions under Fed. R. Civ. P. 30(b)(1). Defense counsel claimed that he was unavailable in August for those depositions due to family-related matters. After further requests went unheeded, Plaintiff's counsel called a Rule 37 conference on September 9, 2020. In the conference, counsel for the Defendant indicated that

1

deponent Laura Mehrkens was only available in November—because she was traveling in Europe—but agreed to confirm dates for the four requested deponents at a later time. On September 17, 2020 Defendant provided those dates: October 22nd for Nadine Thisselle, November 12th for Laura Mehrkens, November 17th for Brad James, and November 18th for Rohn Ramon. Plaintiff noticed the depositions.

On October 22, 2020 Defendant unilaterally cancelled the deposition of Nadine Thisselle, citing its "discovery" of an arbitration defense. On November 5, 2020 the Court ordered all depositions to proceed notwithstanding Defendant's arbitration arguments. Dkt. 93. Plaintiff notified Defendant of her intention to move forward with Laura Mehrkens' deposition on November 12th. Defendant responded that it would instead offer Nadine Thisselle on that date, so Plaintiff agreed to take her testimony instead. Three days before that deposition, Defendant filed a motion attempting to limit Ms. Thisselle's testimony to arbitration issues. Dkt. 96. The next day, on November 10th, the Court again ordered depositions to proceed. Dkt. 100. Citing the Court's order, Plaintiff asked Defendant to confirm it would present Ms. Thisselle for testimony on issues outside of arbitration. Defendant reluctantly agreed. On November 12, 2020, roughly three months after first requesting it, Plaintiff took the first deposition of a defense witness.

Plaintiff thereafter notified Defendant of her intention to move forward with the depositions set for November 17th and 18th. On November 13th, Defendant unilaterally cancelled those depositions via email. Its reasoning was that defense counsel was busy on other cases and that Defendant was "facing various business challenges." *See* Exhibit 1. The email indicated that "as a matter of fairness" the parties should "trade off" taking and defending depositions of each other's witnesses, and requested deposition dates for (i) Plaintiff's counsel;

2

(ii) a lawyer who works in the same office suite as Plaintiff's counsel; (iii) the two proposed additional Plaintiffs whose joinder to this lawsuit Defendant currently opposes, *see* Dkt. 97; (iv) one of the proposed plaintiffs in the *Instant Checkmate*[1] matter; and (v) Plaintiff Lukis. Defendant's email additionally requests that Plaintiff's counsel be deposed before any additional depositions take place.

A few minutes after receiving the above email, Plaintiff's counsel received another email, apparently by accident. *See* Exhibit 2.



Normally counsel for Plaintiff would endeavor to work with opposing counsel to secure new dates for depositions (despite already having had a Rule 37 conference as well as various other conversations about scheduling). However, the character and tone of discovery thus far, and in particular the recent developments outlined above, suggest that Court supervision will be required. Thus, Plaintiff respectfully requests two orders from the Court. First, an order that Defendant be compelled to present the three witnesses identified in its MIDP disclosures by a date certain, and under the threat of sanctions for failure to do so; and second, that a protective

---

[1] *Fischer et al v. Instant Checkmate LLC*, No. 19-cv-04892 (N.D. Ill.)

[2] ████████████████████████████████████████████

3

order issue shielding Plaintiff's counsel from giving deposition testimony. More detailed argument in support of these requests follows below.

## Plaintiff's Motion to Compel

"The district court exercises significant discretion in ruling on a motion to compel." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). "When a district court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility, and materiality." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). If a party repeatedly cancels its own deposition, a court may order them to appear by date certain under the threat of sanctions. *See generally Sec. & Exch. Comm'n v. Helms Barlow*, No. A-13-CV-01036 ML, 2015 WL 11254315, at *1 (W.D. Tex. June 23, 2015).

Here, Plaintiff's motion is timely and for good cause because she has already sought to resolve the dispute via Rule 37. Not only did Messrs. Costales and Kimrey have a phone conversation about the delays in providing deposition dates on September 9, 2020, counsel for Plaintiff has discussed this issue in other conversations with defense counsel, including but not limited to a phone call on October 18, 2020. It is highly unlikely that an additional Rule 37 conference would resolve the parties' dispute, given that Defendant has twice unilaterally cancelled depositions and is now making the deposition of Plaintiff's counsel a condition of submitting its witnesses to further depositions.

The utility and materiality of the requested discovery should be undisputed. The three witnesses Plaintiff seeks to depose are listed by Defendant on its mandatory initial disclosures as individuals with relevant information. Not only will these witnesses have discoverable information, they will likely be able to testify about additional witnesses and/or documents that

4

may have relevance to this case. Thus, it is quite frustrating that Plaintiff has been unable to secure their deposition testimony without extensive delay and now, motion practice.

The Court should order Defendant to provide its witnesses for deposition by a date certain and make the cancellation of those depositions subject to sanctions. This may be the only way to ensure the depositions move forward, given Defendant's behavior up to this point. The single deposition that has already occurred only took place after this Court ordered not once, but twice, that depositions proceed. Clearly Defendant is clinging to any conceivable reason to delay—its excuses have run the gamut of everything from family matters to European vacations. A Court order requiring the depositions move forward by a date certain will keep discovery on track and prevent further abuses of the discovery process.

## Plaintiff's Motion for Protective Order

Defendant seeks to depose Plaintiff's counsel because, according to Defendant, he is "the leading fact witness on arbitrability and class waiver." *See* Exhibit 1. This deposition request is improper and an order should issue protecting Plaintiff's counsel from giving deposition testimony.

Courts have recognized that deposing opposing counsel "provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Marco Island Partners v. Oak Develop. Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987)). "For this reason, courts historically have looked with disfavor on attempts to oppose opposing counsel, based on the belief that such depositions are disruptive of the adversarial process and harmful to the standards of the legal profession and entail a high risk of implicating opinion work product." *Taylor Mach.*

*Works, Inc. v. Pioneer Distribution Inc.*, No. 06-1126, 2006 WL 1686140, at *1 (C.D. Ill. June 19, 2006) (quotations omitted).

Generally, deposing counsel is only proper "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986); *see also Smith-Bunge v. Wisconsin C., Ltd.*, 946 F.3d 420, 423 (8th Cir. 2019) (reaffirming *Shelton*). While the Seventh Circuit has not expressly adopted *Shelton*, "numerous federal courts in this district" have followed the Eighth Circuit rule. *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2013 WL 5274296, at *2 (N.D. Ill. Sept. 18, 2013); *see also Stalling v. Union Pacific R.R. Co.*, No. 01 C 1056, 2004 WL 783056, at *2 (N.D. Ill. Jan. 23, 2004) (collecting cases).

Defendant falls short of establishing any of the *Shelton* factors. First, it cannot establish that there are no "other means" to obtain the information it seeks *i.e.* the fact that Plaintiff's counsel agreed to the terms of service on the Whitepages.com website. Plaintiff does not dispute that fact. Also, Defendant already has business records supporting that fact. Additionally, Defendant has issued dozens of written requests for admissions that center around that fact. In short, a deposition is not necessary.

Second, any evidence that Defendant seeks apart from the fact that Plaintiff's counsel agreed to the terms of service on Whitepages.com is privileged work product information.[3] The work product doctrine protects evidence or testimony that contains "the mental impressions,

---

[3] While Defendant's deposition request clearly targets attorney work product, it is also improper under *Shelton* insofar as it requests attorney/client privileged information.

6

conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). To the extent that Plaintiff's counsel intentionally waived any work product by accessing Defendant's website, that waiver is limited to the "communication or information disclosed[.]" Fed. R. Evid. 502(a) Advisory Committee Notes. Work product information collateral to that waiver, such as Plaintiff's counsel's state of mind when accessing the website, has not been waived because Plaintiff never "intentionally put[] protected information into the litigation in a selective, misleading and unfair manner[.]" *Id*.

Third, Defendant cannot establish that the information it seeks is "crucial to the preparation of the case." Defendant has already filed its arbitration motion and Plaintiff has opposed it. Plaintiff's opposition does not dispute that her counsel agreed to the terms of service on Defendant's website—instead it focuses entirely on the conduct of Defendant, and how that conduct forfeited Defendant's right to arbitrate. Thus, there is nothing "crucial" to Defendant's arbitration defense that it could possibly hope to learn by deposing Plaintiff's counsel.

FRCP 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The above analysis of the *Shelton* factors establishes that there is good cause for a protective order at this time. ███████████████████████████████

████████████████████████████████████

Under these circumstances a protective order should issue blocking the deposition.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

*Respectfully submitted,*

*/s/ Roberto Costales*\_\_\_\_\_
Roberto Costales, Esq.
William H. Beaumont, Esq.
BEAUMONT COSTALES LLC
109 W. Van Buren #209
Chicago, Illinois 60605
Tel: (773) 831-8000
*rlc@beaumontcostales.com*
ATTORNEYS FOR PLAINTIFF