IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stephanie Lukis, individually and on behalf of all others similarly situated, | ) | CIVIL ACTION NO: 19-cv-4871 |
| Plaintiffs, | ) | JUDGE FEINERMAN |
| v. | ) | MAG. GILBERT |
| Whitepages Incorporated, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION TO COMPEL AND FOR PROTECTIVE ORDER**

**1. A protective order is appropriate to shield Plaintiff's counsel from deposition.**

Defendant argues that the standard from *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir.1986), is not used by all courts in evaluating whether a party-attorney deposition is proper. Instead, it argues that "the circumstances of each particular case" should govern the question. Dkt. 109 p. 16 (citing *Artunduaga v. Univ. of Chi. Med. Ctr*., 2016 WL 7157352, at *2 (N.D. Ill. Dec. 8, 2016)). Yet Defendant does little to elaborate on the elements of this alternative standard or how it should specifically apply to this case. To confuse things further, Defendant ultimately evaluates the parties' dispute through the lens of *Shelton*—leaving the reader to guess how, if it all, Defendant believes the result would be different if a standard other than *Shelton* were used.

Under *Shelton*, Defendant is not entitled to Plaintiff's counsel's deposition. First, Defendant does not meaningfully rebut Plaintiff's claim that the information sought by Defendant is available by "other means." Citing *Prevue Pet Prods., Inc. v. Avian Adventures, Inc.*, 200 F.R.D. 413, 418 (N.D. Ill. 2001), Defendant argues that there are no "other means" to

obtain the discovery it seeks because there are no other witnesses it can depose apart from Plaintiff's counsel. But the *Prevue Pet Products* decision never held, as Defendant contends, that "other means" is the same as "other witnesses." To the contrary, the *Prevue Pet Products* court found, just as nearly every other court who has analyzed this issue, that the question is whether "[the sought after] information may be derived at least as readily from a source other than the lawyer[.]" *Prevue Pet Products*, 200 F.R.D. at 418. *See also Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 2d 905, 911 (N.D. Ill. 2009) ("[A] deposition of opposing counsel should not proceed unless there is a strong showing of need and evidence that all other discovery avenues have been exhausted.") Here, the fact that Plaintiff's counsel purchased Defendant's services in the process of opposing Defendant's motion for summary judgment is an uncontested fact. Additionally, Defendant has propounded admissions on that question. Finally, Defendant's own internal records reflect Plaintiff's counsel's transaction and other activity on whitepages.com. Thus, Defendant has "other means" of obtaining the discovery it seeks.

What Defendant does not have "other means" to ascertain is, in Defendant's words, Plaintiff's counsel's "motivation and intent" in accessing Whitepages.com. Dkt. 109 p. 18. However, these topics go directly to Plaintiff's counsel's work product; and under the Rules of Procedure and the Rules of Evidence, a party is generally not entitled to take discovery on opposing counsel's work product because it is privileged. Whether this privilege has been waived and the extent to which it has been waived (and thus the limits on what previously privileged material is discoverable) are complex legal questions that Defendant does not explore in its brief. Nonetheless, as Plaintiff argues in her original motion, any waiver of work product would be narrowly limited to the fact of her counsel's accessing Whitepages.com—and not the collateral facts of her attorney's "motives and intentions" when doing so. And, as argued in

Plaintiff's original brief, the fact that her counsel accessed and paid for Defendant's services is already well-established.

Which leads to the third *Shelton* factor, not at all addressed in Defendant's opposition: whether the information sought by counsel's deposition "is crucial to the preparation of the case." *Shelton*, 805 F. 2d at 1327. Even if Defendant were entitled Plaintiff's counsel's impressions and opinions in accessing Whitepages.com, what would that testimony establish that is necessary to Defendant's case? It provides no additional support to Defendant's arbitration motion. It provides no evidence against Plaintiff's opposition to arbitration—because that opposition focuses exclusively on Defendant's own actions. Defendant makes veiled references to how counsel's testimony could be relevant to future motions—but it gives no concrete specifics and offers no case authority.

In conclusion, Defendant fails to establish that deposing Plaintiff's counsel is appropriate in the specific circumstances of this case or according to the dictates of *Shelton*. Even if a standard other than *Shelton* is used, the deposition is improper under federal procedural rules because Defendant can obtain the evidence it seeks from other sources and because it fails to establish the both the waiver and relevance of Plaintiff's work product information.

**2. Plaintiff's motion to compel is not premature. Defendant's conduct to date suggests that an order compelling depositions is appropriate.**

Defendant's delay in providing deposition dates has been a running theme since July. Plaintiff's counsel has taken up this specific subject with Defense counsel in multiple conferences—including on September 9, 2020 and October 20, 2020.[1] Plaintiff's motion to

---

[1] Plaintiff's original motion brief incorrectly stated this phone call took place on October 18, 2020.

compel does not, as Defendant contends, arise from Defendant's November 13 email—that email is merely the latest example of Defendant's obstructive conduct. If Plaintiff conducted a new Rule 37 conference every time Defendant came up with a new excuse for postponing depositions then Defendant could hypothetically delay discovery forever.

Defendant repeatedly exclaims that fact discovery closes Feb. 1, 2020 and thus there is no "delay" in providing its witnesses so long as they are made available before that date. This argument fails to consider that Plaintiff will likely seek discovery above and beyond the individuals listed in Defendant's MIDP disclosures. This is why Plaintiff began requesting their depositions four months ago: such testimony will inform more targeted written discovery requests and/or help identify additional deponents with discoverable information. The depositions of Defendant's MIDP witnesses should have been preliminary matter long ago completed—not something reserved for the weeks before the discovery cutoff.

Finally, Plaintiff's motion to compel is not merely in response to Defendant's delay in producing its witnesses—it is also responsive to Defendant's cancelling of previously scheduled depositions and its insistence that Plaintiff's counsel be deposed before anyone else in the litigation. These additional obstructive actions fit the pattern of Defendant's repeated refusal to provide its witnesses for deposition, and form part of the basis for Plaintiff's request for relief. Plaintiff does not take her request lightly. The Court is busy. And, frankly, many discovery disputes should be cringeworthy to the attorneys who pursue them. However, here, Plaintiff's motion to compel was not filed for lack of patience. Quite the opposite.

For the foregoing reasons, Plaintiff requests that the Court grant her motion.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

***Respectfully submitted***:

*/s/ Roberto Costales*
Roberto Costales (#33696)
William H. Beaumont (#33005)
BEAUMONT COSTALES LLC
107 W. Van Buren Suite 209
Chicago, Illinois 60605
Tel: (773) 831-8000
*rlc@beaumontcostales.com*

*Attorneys for Plaintiff*