IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 1:19-cv-04871 |
| v. | Judge Gary Feinerman |
| WHITEPAGES, INC., | Mag. Judge Jeffrey Gilbert |
| Defendant. | |

## WHITEPAGES, INC.'S MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37 and N.D. Ill. Local Rule 37.2, defendant Whitepages, Inc. ("Whitepages"), files this motion to compel against plaintiff Stephanie Lukis.[1] Lukis's deposition testimony has made clear that she engaged in virtually no effort to search for responsive documents, and numerous documents and sources of data were identified in her deposition that she failed to search and/or produce. As set forth in greater detail in the accompanying memorandum of law, Lukis has identified at least eight sources of potentially relevant data that she never searched and at least 15 categories of responsive documents that she has not produced. Most notably, Lukis has not adequately searched for documents reflecting access to Whitepages' Web site.

She also has failed to produce an unredacted copy of her engagement letter with her counsel, and she has redacted hundreds of pages of documents without providing a privilege log.

---

[1] Whitepages' position remains that discovery should not proceed at all in this forum on Lukis's claim because it is subject to arbitration/class waiver (*see* ECF 89-90) and Lukis is an inadequate class representative who should be struck. (ECF 119, 122). This Motion is filed in the alternative and in case the Court grants Lukis's motion to extend the discovery period.

Given these written discovery failings — as well as her counsel's inappropriate instructions not to answer during her deposition — the Court should order Lukis to sit for another deposition session after the remaining documents are produced (if the Court allows Lukis to proceed as a putative class representative in this case in the U.S. Northern District of Illinois). And because Lukis's discovery failures are not justified, she should be required to pay Whitepages' expenses in bringing this motion pursuant to Rule 37(a)(5).

WHEREFORE, as set forth more fully in the accompanying memorandum of law, if the Court denies Whitepages' arbitration (ECF 89-90) and class strike (ECF 119, 122) motions and this case proceeds in this forum with Lukis as the putative class representative, the Court should grant this Motion and require Lukis to supplement her discovery responses, produce additional documents and/or devices for forensic imaging and searching, produce a privilege log, and make herself available for another deposition session. The Court also should award Whitepages its expenses, including attorney's fees, in bringing this motion.

Dated: February 3, 2021

Respectfully submitted,

WHITEPAGES, INC.

By: */s/ Blaine C. Kimrey*
    One of its attorneys

Blaine C. Kimrey – bkimrey@vedderprice.com
Bryan K. Clark – bclark@vedderprice.com
Jonathon P. Reinisch – jreinisch@vedderprice.com
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 3, 2021, a copy of the foregoing was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

                                              */s/ Blaine C. Kimrey*
                                              Blaine C. Kimrey