IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WHITEPAGES, INC.,<br><br>    Defendant. | No. 1:19-cv-04871<br><br>Judge Gary Feinerman<br><br>Mag. Judge Jeffrey T. Gilbert |

**WHITEPAGES, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL AND REDACT**

Defendant Whitepages, Inc. ("Whitepages"), through the undersigned counsel, moves pursuant to Local Rule 26.2 for leave to file under seal certain exhibits to its Motion to Compel (the "Motion") and to redact parts of the publicly filed Motion. In support, Whitepages states as follows:

1. On January 5, 2021, plaintiff Stephanie Lukis produced a copy of her engagement letter with her counsel and marked it "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the protective order in this case. (ECF 86).

2. On January 5, 2021, Whitepages began the deposition of plaintiff Stephanie Lukis. That deposition continued on January 13, 2021.

3. Pursuant to the Protective Order in this case, deposition testimony is to be treated as confidential for 14 days after delivery of the transcript to a witness. (ECF 86, pp. 3-4.) After expiration of 14 days, confidentiality is waived unless specific testimony is designated confidential. (*Id.*)

4. The 14-day period for Lukis's first deposition session expired no later than January 22, 2021. The 14-day period for Lukis's second deposition session expired no later than January 29, 2021.

5. Although neither Lukis nor her counsel designated any specific deposition testimony as confidential during the relevant time period, Whitepages has previously been granted leave to file the transcripts and related documents under seal. (ECF 126, 130).

6. Whitepages does not believe that the transcripts should be treated as confidential and given that neither Lukis nor her counsel made any designations during the relevant time periods, Whitepages moved on February 2, 2021, to unseal the transcripts and related documents. (ECF 135).

7. However, out of abundance of caution and because the Court has not yet ruled on Whitepages' motion for leave to unseal, Whitepages seeks leave to once again file the two deposition transcripts under seal, as well as a related letter and any portions of the Motion that quote or paraphrase the transcripts.

8. Additionally, although Whitepages does not agree that Lukis's engagement letter is confidential, Whitepages seeks leave to file the letter under seal, given Lukis's designation pursuant to the protective order.

Respectfully submitted,

WHITEPAGES, INC.

By:   /s/ Blaine C. Kimrey
       One of its attorneys

Blaine C. Kimrey
Bryan K. Clark
Jonathon P. Reinisch
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

Dated: February 3, 2021

3

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2021, a copy of the foregoing was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

      /s/ Blaine C. Kimrey
      Blaine C. Kimrey