**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 1:19-cv-04871 |
| v. | Judge Gary Feinerman |
| | Mag. Judge Jeffrey Gilbert |
| WHITEPAGES, INC., | |
| Defendant. | |

**WHITEPAGES, INC.'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION FOR SANCTIONS**

## <u>TABLE OF CONTENTS</u>

**Page**

I.     Introduction ................................................................................................. 1

II.    Background ................................................................................................... 2

III.   Legal standard ............................................................................................. 4

IV.    Argument ...................................................................................................... 6

      A.     Lukis and her counsel should be sanctioned under Rule 11 ................. 6

            1.     Lukis is not an adequate class representative ............................ 6

            2.     Beaumont Costales is inadequate class counsel ........................ 9

            3.     Lukis's individual claim fails on the merits ............................ 11

      B.     Beaumont Costales also should be sanctioned under 28 U.S.C. § 1927 ............. 15

V.     Conclusion ................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blossom v. Blackhawk Datsun, Inc.*,
   120 F.R.D. 91 (S.D. Ind. 1988)............................................................................................4, 5

*Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*,
   802 F.2d 247 (7th Cir. 1986) ................................................................................................5

*McGreal v. Vill. of Orland Park*,
   928 F.3d 556 (7th Cir. 2019) ................................................................................................4

*Schmitz v. Campbell-Mithun, Inc.*,
   1989 U.S. Dist. LEXIS 8093 (N.D. Ill. June 29, 1989) ........................................................4

*Tate v. Ancell*,
   551 Fed. Appx. 877 (7th Cir. 2014)....................................................................................15

*In re TCI Ltd.*,
   769 F.2d 441 (7th Cir. 1985) ..............................................................................................15

*Thornton v. Wahl*,
   787 F.2d 1151 (7th Cir. 1986) ..............................................................................................5

**Statutes**

26 U.S.C. § 7201 ......................................................................................................................7

28 U.S.C. § 1927 ............................................................................................................. *passim*

720 ILCS 5/17-10.2 ..................................................................................................................6

765 ILCS 1075/30(a) ..............................................................................................................13

Illinois Right of Publicity Act, 765 ILCS § 1075/1, *et seq.*..................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 11 ................................................................................. *passim*

Federal Rule of Civil Procedure 23 ................................................................................. *passim*

https://www.chicityclerk.com/sticker (last visited Feb. 8, 2021) ....................................................7

## I.     Introduction

As set forth in the Memorandum in Support of Whitepages, Inc.'s Motion to Strike Class Allegations ("Class Strike Memo") filed on January 22, 2021 (ECF 1199, 122) and Memorandum in Opposition to Motion to Amend ("Amendment Opposition Memo") filed the same day (Docket Entry 125), plaintiff Stephanie Lukis and her counsel are woefully inadequate class representatives, and this case should not proceed with Lukis and her counsel at the helm.  In the interests of efficiency, defendant Whitepages, Inc. ("Whitepages"), does not repeat all of the arguments from the Class Strike Memo and the Amendment Opposition Memo but instead incorporates them here by reference and reiterates only the most critical points from those briefs.

On January 11, 2021, Whitepages served Lukis and her counsel with a Rule 11 letter outlining the numerous problems with continuing to pursue Lukis's case.  A true and correct copy of that letter is attached as **Exhibit A**.  Whitepages then prepared a Rule 11 motion and served Lukis's counsel with a copy on January 18, 2021, pursuant to Rule 11(c)(2).[1]  Lukis allowed the 21-day period set forth in the rule to pass without withdrawing the Complaint, and Lukis and her counsel continued to press forward with her case in the interim, insisting on taking depositions of two additional Whitepages witnesses even though Lukis and her counsel clearly are inadequate and filing a motion to compel (ECF 127) and a motion for an extension of the fact discovery period (ECF 128).   Indeed, Lukis's counsel appears so committed to advancing her flawed case that although they have moved to amend, their motion for an extension of the discovery period seeks

---

[1] The motion served on January 18, 2021, was a combined motion to strike and for sanctions, meaning Lukis and her counsel were also given a preview of the motion to strike arguments because they are intertwined with the Rule 11 arguments.  To ensure full compliance with Federal Rule of Civil Procedure 11(c)(2), the combined strike and sanctions brief was split into separate motions, but the substance of this sanctions brief is generally the same as that served on Lukis's counsel on January 18, 2021.

to ***stay discovery as to the proposed additional plaintiffs pending class briefing as to just Lukis***. (ECF 128, p. 2).

In light of Lukis's and her counsel's continued efforts to pursue a claim that lacks merit under the Lukis banner, the Court should award sanctions against Lukis and her counsel pursuant to Federal Rule of Civil Procedure 11 and against her counsel pursuant to 28 U.S.C. § 1927.

## II.     Background

Whitepages is alleged to provide an online database of publicly available[2] information about Lukis and others, and users can view "free previews"[3] of Whitepages' background reports by searching for any individual's name on Whitepages' Web site. (Compl. ¶¶ 6-10). As to Lukis, the "free preview" contained information such as name, age range, phone number (███████████████████████████████████████████████[4]), address, previous locations, and relatives. (Compl. ¶ 10). The background report offered for a fee contained that same information, plus additional information related to public records (including the cell phone number about which Lukis complains), criminal records, bankruptcies and foreclosures, property ownership, and professional licenses and permits. (*Id.*). The Complaint alleges that Whitepages' use of Lukis's publicly available directory information in a "free preview" allegedly to advertise access to Whitepages'

---

[2] Lukis has admitted that all data points at issue in her case are publicly available. *See* Stephanie Lukis' Supplemental Responses to Defendant's First Set of Requests for Admission, attached as **Exhibit B**, at Requests 21-31.

[3] Whitepages doesn't agree with this nomenclature and uses it only because it's used in the Complaint. The "free preview" really is a standalone free product that has its own independent First Amendment-protected usefulness to Web site visitors. (*See* ECF 64, 79). In fact, as Whitepages Director, Strategy & SEO Rohn Ramon testified in his deposition in this case, the majority of Whitepages visitors use only the free information and don't go beyond the paywall. (ECF 145, Exh. F, at 84:2-6).

[4] ████████████████████████████████████████████████████████████████

full directory was a violation of the Illinois Right of Publicity Act, 765 ILCS § 1075/1, *et seq.* ("IRPA"), and the Complaint asserts a class of "all Illinois residents who have appeared in an advertisement preview for a Whitepages report." (Compl. ¶ 30).

Lukis's deposition began on January 5, 2021, and her testimony was stunning. As set forth in greater detail below, ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████

Lukis's deposition continued on January 13, 2021, making matters worse for Lukis, the putative class, and their counsel. ████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████

-3-

III.    **Legal standard**

Federal Rule of Civil Procedure 11(b) states that:

> By presenting to the court a pleading, written motion, or other paper — whether by
> signing, filing, submitting, or later advocating it — an attorney or unrepresented
> party certifies that to the best of the person's knowledge, information, and belief,
> formed ***after an inquiry reasonable under the circumstances*** . . . the claims,
> defenses, and other legal contentions are warranted by existing law or by a
> nonfrivolous argument for extending, modifying, or reversing existing law or for
> establishing new law . . . [and] ***the factual contentions have evidentiary support***
> or, if specifically so identified, will likely have evidentiary support after a
> reasonable opportunity for further investigation or discovery.

(Emphasis added).  When a party fails to meet this standard, a motion for sanctions may be brought

under Rule 11(c)(1).  "Rule 11 not only obligates an attorney to conduct a reasonable pre-filing

investigation, but also to 'review, examine, and re-evaluate his position as the facts of the case

come to light.'"  *Blossom v. Blackhawk Datsun, Inc.*, 120 F.R.D. 91, 100 (S.D. Ind. 1988); *see also*

*Alimissis v. Chalmers*, 1989 WL 84396, *1 (N.D. Ill. July 19, 1989) (awarding Rule 11 sanctions

when counsel should have known after the party's deposition that the claim was not tenable).

Courts have uniformly held that where parties and counsel continue to prosecute lawsuits

after it has become apparent that the claim is baseless, Rule 11 sanctions are appropriate.  The

Seventh Circuit has stated:

> [Counsel's] duty to conduct a reasonable investigation into the law and facts
> supporting [plaintiff's] claims did not end after he chose to represent [plaintiff].
> That duty renews at each stage of the litigation, including summary judgment.  In
> fact, the duty compounds.  An attorney might reasonably believe that discovery will
> reveal evidentiary support.  After discovery, an attorney may proceed only if that
> hypothetical evidence has materialized.

*McGreal v. Vill. of Orland Park,* 928 F.3d 556, 560 (7th Cir. 2019); *see also Schmitz v. Campbell-*

*Mithun, Inc.*, 1989 U.S. Dist. LEXIS 8093, *14-*15 (N.D. Ill. June 29, 1989) ("Even if the

complaint were well-grounded in fact and the result of a reasonable inquiry, plaintiff and [counsel]

nevertheless violated Rule 11  by continuing to file pleadings in this court long after it was apparent

through discovery that the lawsuit was meritless.").

The Rule 11 standard is an objective standard. "It is human nature to crave vindication of a passionately held position even if the position lacks an objectively reasonable basis in the law. But . . . Rule 11 makes clear that he who seeks vindication in such circumstances and fails to get it must pay his opponent's reasonable attorney's fees." *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986). Rule 11 requires counsel to study and investigate their case before presenting it in federal court: "An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating." *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986).

The *Blossom* case is particularly instructive in how the Court should handle imposition of sanctions when a plaintiff's case falls apart in a deposition. There, the defendants had filed a counterclaim for defamation. The court noted that "by the time the depositions were taken . . . it [was] evident that the factual basis for the defamation claim was lacking or at the very least that the defendants could not produce the evidence. Adequate investigation or research should have disclosed the flaws in this claim even before the depositions. By that time, the defendants and their counsel had an obligation to dismiss the claim." 120 F.R.D. at 100.

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## IV.    Argument

### A.    Lukis and her counsel should be sanctioned under Rule 11.

At this point in the litigation, there can be no good faith belief that Lukis is an adequate putative class representative, that Beaumont Costales can adequately represent the putative class, or that Lukis has a viable claim on the merits.  Because Lukis and her counsel have continued to pursue this case despite this reality, they should be sanctioned under Rule 11.

#### 1.    Lukis is not an adequate class representative.

It was abundantly clear at Lukis's first deposition session on January 5, 2021 (and it should have been clear to Lukis's counsel before the deposition) that Lukis should be withdrawn as a putative class representative.  First and foremost, Lukis suffers fatal credibility problems.  *See* Class Strike Memo, at pp 4.-6.  During her deposition, Lukis admitted that ███████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████





Lukis's testimony also demonstrated that she has failed to carry out her duties in representing the putative class. *See* Class Strike Memo, at pp. 6-8. Lukis admitted to the following during her deposition:



Lukis also is inadequate — and atypical of the class — because there are numerous unique facts in her case that make it susceptible to defenses that do not apply to the putative class. *See infra* p. 11, Class Strike Memo, at pp. 9-12. Because Lukis and her counsel have insisted on pressing forward with her at the helm even though she is clearly inadequate, they should be sanctioned.

### 2. Beaumont Costales is inadequate class counsel.

Many of Lukis's failings as a putative class representative have been the result of, or magnified by, similar failures by Beaumont Costales as Lukis's and the putative class's counsel.

---

[7] This is inconsistent with her responses to Requests for Admissions, which state that she is aware of other members of the putative class. (Exh. B, Requests 79-83).

*See* Class Strike Memo, at pp. 12-15. █████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████

    Moreover, Beaumont Costales is inadequate because Roberto Costales's actions undermine Lukis's ability to avoid arbitration, class waiver, and other contractual limitations. ████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████ Accordingly, Beaumont Costales is inadequate.

    Lukis's deposition also revealed numerous other failures by Beaumont Costales that demonstrate inadequacy. Specifically, Lukis testified that:

- ████████████████████████████████████████████████

- ████████████████████████████████████████████████



In light of the foregoing, it is clear that Beaumont Costales has failed to fulfill even its most basic duties as counsel for Lukis and the putative class. Continuing to pursue certification of this case with Lukis and Beaumont Costales representing the class is sanctionable.

### 3. Lukis's individual claim fails on the merits.

Even if Lukis and Beaumont Costales could properly represent the putative class, her individual claim fails and their failure to acknowledge that is sanctionable. First, ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████

Second, Lukis testified she has repeatedly agreed in writing to the sharing and use (including advertising use) of her allegedly personal information online. ████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

---

[8] The Complaint states, "It would be extremely easy for Whitepages to maintain their business model while still complying with state law. For example, Whitepages could merely display the names of the searched individuals—without more identifying information—in their advertisements for their services." (Compl. ¶ 19). ████████████████████████████
████████████████████████

[9] ██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████



Given the nature of Lukis's online behavior discovered to date (*without* the benefit of adequate discovery responses, including her browser histories on and forensic images of all of her digital devices, which are the subject of Whitepages' motion to compel, *see* ECF 136, 139) and her lack of knowledge about the very public (and deeply embarrassing and offensive) nature of her online behavior, it is clear that her personal information is likely available to thousands of Web sites and online providers across the Internet, any one of which may have been authorized in writing by Lukis or one of her authorized representatives, 765 ILCS 1075/30(a), to share the information widely with third parties for advertising purposes.

Finally, Lukis also admitted that

10

-13-



*See* Exh. B, at Requests 71-76.

Lukis's IRPA claim clearly lacks merit as a federal

11

putative class action. Nevertheless, Lukis and her counsel have belligerently refused to heed Whitepages' warnings and persisted in litigating this case. Accordingly, the Court should sanction Lukis and her counsel under Rule 11.

### B. Beaumont Costales also should be sanctioned under 28 U.S.C. § 1927.

The lawyers at Beaumont Costales also should be required to pay Whitepages' fees and costs pursuant to 28 U.S.C. § 1927 because Beaumont Costales has "unreasonably and vexatiously" multiplied the proceedings by litigating an objectively unreasonable claim. Section 1927 sanctions are within the Court's discretion and "sanctions may be imposed against an attorney who has demonstrated 'subjective *or* objective bad faith.'" *Tate v. Ancell*, 551 Fed. Appx. 877, 891 (7th Cir. 2014) (emphasis in original). "A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care." *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985).

As set forth above and in the Class Strike Memo and the Amendment Opposition Memo, it was abundantly clear at Lukis's first deposition session on January 5, 2021 (and it should have been clear to Lukis's counsel before the deposition) that Lukis and her counsel should withdraw as putative class representatives. Moreover, Lukis's claim is entirely without merit. Accordingly, the Court should sanction Lukis's counsel under 28 U.S.C. § 1927 for their continued pursuit of this litigation (particularly after Lukis's first deposition session on January 5, 2021).

### V. Conclusion

For the foregoing reasons, Lukis and her counsel should be sanctioned for obstinately continuing to pursue this case with Lukis as the putative class representative.

Dated:  February 10, 2021

Respectfully submitted,

WHITEPAGES, INC.

By:    */s/ Blaine C. Kimrey*

One of its attorneys

Blaine C. Kimrey – bkimrey@vedderprice.com
Bryan K. Clark – bclark@vedderprice.com
Jonathon P. Reinisch – jreinisch@vedderprice.com
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2021, a copy of the foregoing was electronically filed in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.


*/s/ Blaine C. Kimrey*
Blaine C. Kimrey