IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stephanie Lukis, individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION NO: 19-cv-4871 |
| Plaintiffs, | ) | JUDGE FEINERMAN |
| v. | ) ) | MAG. GILBERT |
| Whitepages Incorporated, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE**

The Seventh Circuit has cautioned against defendants manufacturing "petty issues" that distract and "derail legitimate class actions by conjuring up trivial credibility problems or insubstantial defenses unique to the class representative." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011). Defendant's motion to strike Plaintiff and her counsel is an example of the tactic the Seventh Circuit has warned about. Under the pretense of heralding an early and fatal flaw in Plaintiff's class claims, Defendant has drummed up a motion that fails to make it "obvious that the plaintiff will be unable to satisfy Rule 23." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013). While this Court has observed that sometimes a court may strike class allegations prior to a motion on the merits of those claims, it is not appropriate in the instant case because there is no extraordinary silver bullet in Defendant's brief. Defendant fails to establish that Plaintiff's claims or her counsel are so inadequate that they should be struck; and instead of ruling on Defendant's motion preliminarily, the Court should simply consider Defendant's arguments in tandem with those presented by the parties' forthcoming class certification briefings.

Nonetheless, for the following reasons, Defendant's motion to strike should be denied.

1. **Defendant's arguments regarding Plaintiff's credibility are insufficient to strike the class allegations.**

Defendant argues that Plaintiff is not credible enough to serve as class representative because she is allegedly a liar, a scofflaw, a profanity-user, and a vampire role-player. While Defendant may hope to tarnish Plaintiff's halo, *CE Design Ltd.* At 728, it falls short of establishing that Plaintiff is categorically unfit to serve as class representative based on her credibility.

"For an assault on the class representative's credibility to succeed, the party mounting the assault must demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." *CE Design Ltd.* at 728 (quotations omitted). In practice, a credibility problem arises where a class plaintiff must be relied on to supply indispensable testimony in support of class claims. *Hawkins v. Securitas Sec. Servs. USA, Inc.*, 280 F.R.D. 388, 395 (N.D. Ill. 2011). If a class representative has an established and severe credibility issue and their testimony "makes or breaks" the case, courts have found such class representatives inadequate. *See, e.g.*, *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 105 (N.D. Ill. 2013) (class representative inadequate where the plaintiff was recently convicted of a fraud-related offense and a factual issue at trial would have relied on the plaintiff's testimony).

This Court's decision in *Hawkins* is instructive. In that case, the defendant argued that the representative plaintiff was inadequate because she overslept on the day of her deposition, was guilty of falsifying time records at her job, and "was subject to multiple counseling and corrective action reports." *Id.* at 395. Citing Seventh Circuit caselaw, this Court observed that in addition to being potentially inadmissible, the plaintiff's prior bad acts did not "rise to the level"

of calling "the entire plaintiff's case into question." *Id*. The Court was persuaded by the fact that, at trial, the only relevant factual questions would be whether the plaintiff engaged in the defendant's training program and whether she was paid for it, "questions whose resolution will depend largely on documentary evidence like [defendant's] written policies and attendance and payroll records." *Id*. at 395.

Similarly, here, Plaintiff is tasked with establishing that Defendant used her identity for a commercial purpose without her written consent. 765 ILCS 1075/30(a); *Lukis v. Whitepages Inc.*, No. 19 C 4871, 2020 WL 6287369, at *3 (N.D. Ill. Oct. 27, 2020). Plaintiff's testimony is not required to establish any of the elements of this cause of action, which instead will rely on materials and evidence in the possession of Defendant. Also, as in the case of *Hawkins*, there are serious questions about the admissibility of Lukis' alleged prior acts under FRE 403 and 608 and also the Federal Rules of Civil Procedure. The record that Defendant relied on in questioning Plaintiff about past judgments, misdemeanors, and businesses was a LexisNexis report that was never provided to Plaintiff or her counsel prior to the deposition—nor was it identified in Defendant's mandatory initial disclosures. Dkt. 135-8 at 58:1-13, 73:5-9.

2. **Defendant's arguments regarding Plaintiff's commitment to this case are insufficient to strike the class allegations.**

Defendant argues that Plaintiff neither understands this case nor has participated in this case and so she is an inadequate class representative. Both charges are inaccurate. Plaintiff has committed considerable time to the prosecution of her claim and she has sufficient knowledge of what is at stake in this litigation to serve as a class representative.

The Seventh Circuit has held that a class representative must have some "commitment" to the class claims they seek to represent. *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991), *overruled on other grounds*, *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

This commitment is commonly measured by evaluating (i) the class representative's knowledge of the case and (ii) their willingness to participate in discovery. *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 394 (N.D. Ill. 2006).

A representative's knowledge of the "legal process" behind their case is "mostly relevant as a means to demonstrate their interest in the case and ensuring that they will vigorously pursue their claims." *Zollicoffer v. Gold Standard Baking, Inc.*, 335 F.R.D. 126, 160 (N.D. Ill. 2020). "It is well established that a named plaintiff's lack of knowledge and understanding of the case is insufficient to deny class certification, unless his ignorance unduly impacts his ability to vigorously prosecute the action[.]" *Murray v. New Cingular Wireless Servs., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005) (citations and quotations omitted). "As long as a class representative's interests do not conflict with those of the proposed class, she need only have a marginal familiarity with the facts of her case and need not understand the larger legal theories upon which her case is based." *Randle v. GC Servs., L.P.*, 181 F.R.D. 602, 604 (N.D. Ill.1998).

The representative's willingness to participate in discovery, on the other hand, indicates an intent to pursue their claim. *See, e.g.*, *Zollicoffer* at 160 ("Plaintiffs have complied with what has been required of them for several years. They have completed discovery requests, submitted to multiple depositions, completed interrogatories, and stayed in contact with their counsel. This indicates that they are intent on pursuing their claims, and that is enough in this case.").

Lukis has demonstrated both a sufficient knowledge of this case and also a willingness to participate in discovery. First, with respect to knowledge, Lukis testified that she has read the complaint, Dkt. 125-8 at 129:22-23; that she gets updates and copies of the parties' filings and is "kept in the loop," Dkt. 125-8 at 130:1-6; Dkt 125-9 at 500:6-13; she understands that she is a class representative, Dkt. 125-8 at 128:17-20; she wants to help "every other person who wishes

to not be on [Defendant's] website," Dkt. 125-8 at 229:21-23; she has championed the existence of this lawsuit in online forums, making others aware of it, Dkt. 125-9 at 318:24-319:14; she knows who her counsel is, Dkt. 125-8 at 50:14-19, 129:2-4; and she understands that this case is about Defendant making money off the use of her identity. Dkt. 125-8 at 218:1-19.

With regard to willingness to participate in discovery, Lukis sat for a *fourteen-hour* deposition (including breaks), wherein she was examined on a host of issues of dubious relevance and materiality to this case. She submitted to Defendant for review more than two thousand documents reflecting her various social media accounts. She provided timely responses to over two hundred written discovery requests.[1] While it goes without saying that class action defendants are entitled to take discovery of a class representative, by any traditional measure the discovery taken of Plaintiff Lukis in this matter has been excessive—if not, at times, harassing.[2] Yet Lukis persisted through it all. Her willingness to continue in the prosecution of this case should be beyond question.

3. **Defendant's arguments regarding the typicality of Plaintiff's claims are insufficient to strike the class allegations.**

Defendant's motion also claims that Plaintiff Lukis is an atypical class representative. Atypicality occurs where the class representative is "subject to a defense that would not defeat unnamed class members," *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011), or

---

[1] Defendant claims that Plaintiff's failure to "search" for discovery documents is reason to find her inadequate, however, as Plaintiff argued in opposition to Defendant's motion to compel, Dkt. 158, Defendant's discovery requests, as written, were so overbroad and irrelevant that compliance with them was basically impossible.

[2] Among Defendant's gambits was submitting to Plaintiff's counsel during the 8-day break between Plaintiff's deposition sessions a voluminous (and frivolous) Rule 11 notice, and then pressuring Plaintiff to dismiss her case during the second deposition session on the basis of that threat. Dkt 125-9 at 399:13-400:7. Plaintiff rightly declined—further testament to her commitment to this case.

where the class representative's claim is "idiosyncratic or possibly unique." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 758 (7th Cir. 2014).

Here, Defendant has identified no grounds by which Plaintiff is subject to a defense specific only to her. Instead, it provides a totally unnecessary and gratuitous indictment of Plaintiff's mental health and family dramas, neither of which has any bearing on whether Defendant used her identity for a commercial purpose without her written consent. Contrary to Defendant's brief, Plaintiff's expectations of privacy (including her mental health) do not provide any defense against her claim under the IRPA, nor does Defendant's supposedly planned counter-claim against Plaintiff's mother. With respect to Defendant's argument that Plaintiff's consent to the use of her identity by various websites makes her an atypical class representative, Defendant does not establish that point in any detail. For one, Defendant admits in its answer that it did not get Plaintiff's consent. Dkt. 59, Def.'s Ans. ¶ 25. In addition to that, Defendant fails to establish a single website that Plaintiff gave her consent to and that somehow transferred that consent to Defendant. Not one. Defendant cannot argue there is a defense specific to Plaintiff and then fail to stake out the defense in the first place.

Just as there is no defense specific to Plaintiff, there is nothing "idiosyncratic or unique," about her claim. The Seventh Circuit has found a class representative's claim prohibitively "unique" where the plaintiff unreasonably believes something that hundreds of thousands of other class members do not. *Suchanek* at 758. For example, in *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 747 (7th Cir. 2008), the Court found that there was no evidence that anyone in the 500,000-person class other than the plaintiff believed the allegations in the complaint. Here, the class claims do not turn on Plaintiff's or class members' "beliefs." They turn on the

conduct of the Defendant; and Defendant does not establish how its conduct specifically with respect to Plaintiff Lukis makes her claim "idiosyncratic or unique."

### 4. Defendant's arguments regarding Plaintiff's counsel's adequacy are insufficient to strike them as putative class counsel.

Defendant argues that Plaintiff's counsel should be struck because they are inadequate. Like the rest of Defendant's brief, this argument has no merit. The Seventh Circuit has held that "[c]lass certification may be denied under Rule 23(a)(4) if the lawyer, through breach of his fiduciary obligations to the class, or otherwise, demonstrates that he is not an adequate representative of the interests of the class as a whole." *Hawkins* at 395 (quoting *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir.2002)). "Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification." *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011). Examples of misconduct that disqualify putative class counsel are "serious, or equivalently, major ethical violation[s]." *Id*. at 919. For example, in *Ashford Gear*, the lawyers fraudulently obtained a confidential list of potential Telephone Consumer Protection Act ("TCPA") defendants, and then issued misleading communications to potential TCPA plaintiffs. *Id*. at 917.

Despite Defendant's spurious allegations to the contrary, Plaintiff's counsel has exhibited *zero* misconduct in this case, let alone anything approaching a "major ethical violation." For that reason, Plaintiff will spare the Court a line-by-line response to every one of Defendant's accusations, which mainly consist of complaints from defense counsel regarding the exchange of discovery and, in a few other instances, Defendant's hyperbolic interpretations of Plaintiff's deposition testimony.[3] Because Defendant identifies no unethical conduct, let alone any

---

[3] Defendant cites Plaintiff's lack of awareness about her counsel's use of Defendant's website in support of the comically broad claim that Plaintiff has no awareness generally of what her

7

unethical conduct that "jeopardizes the court's ability to reach a just and proper outcome in the case[,]" *Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 499 (7th Cir. 2013), Defendant's motion warrants no further response.

*Respectfully submitted,*

*/s/ Roberto Costales*
_____

Roberto Costales
William H. Beaumont
BEAUMONT COSTALES LLC
107 W. Van Buren #209
Chicago, IL 60605
Telephone: (773) 831-8000
*rlc@beaumontcostales.com*

*Attorneys for Plaintiff*

---

counsel is doing in this case. Defendant cites Plaintiff's testimony on "monetary damages"—a term that defense counsel never bothered to establish that Plaintiff even understood—to support the idea (ultimately left unexplored by defense counsel) that Plaintiff never discussed with her attorneys the relief available for winning her lawsuit. Defendant cites ominously that Plaintiff never "met or spoke" with attorney Roberto Costales prior to her deposition, but leaves out that Plaintiff is in fact aware that he is one of her attorneys. *See* Section 2, *supra*.

8