**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-04871 |
| *Plaintiff,* | Hon. Gary Feinerman |
| v. | **This matter relates to:** |
| WHITEPAGES INC., | *Fischer, et al. v. Instant Checkmate LLC* (No. 19-cv-4892) |
| *Defendant.* | *La Fronza v. PeopleConnect, Inc. and Intelius, LLC* (No. 21-cv-280) |
| | *Kupiec v. PeopleConnect, Inc. and Intelius LLC* (No. 21-cv-968) |
| | *Kupiec v. PeopleConnect, Inc. and Instant Checkmate LLC* (No. 21-cv-969) |
| | *Kupiec v. PeopleConnect, Inc. and Truthfinder LLC* (No. 21-cv-970) |
| | *Kupiec v. PeopleConnect, Inc. and US Search, LLC* (No. 21-cv-971) |

**ANNA LA FRONZA'S AND NATALIA KUPIEC'S MOTION AND MEMORANDUM
IN SUPPORT OF MOTION TO REASSIGN AND CONSOLIDATE CASES**

## TABLE OF CONTENTS

I.     **INTRODUCTION** ...................................................................................................1

II.    **BACKGROUND** ....................................................................................................2

      A.   **The Lukis Cases** ..........................................................................................2

      B.   **The PeopleConnect Cases** ..........................................................................4

III.   **ARGUMENT** .........................................................................................................5

      A.   **The PeopleConnect Cases Should be Related and Reassigned to the Calendar of a Single Courtroom under Local Rule 40.4** ....................................5

            1.   **The PeopleConnect and Lukis Cases are related** ................................6

            2.   **The PeopleConnect Cases should be reassigned** ................................7

                  a.   *All cases are pending in this Court* ................................................9

                  b.   *Reassignment will conserve judicial resources* .............................9

                  c.   *The Court's treatment of the Lukis Cases demonstrates the actions are susceptible to disposition in one proceeding* ..........................11

                  d.   *Reassignment is not likely to cause significant delay to any case* ......................................................................................11

      B.   **Consolidation of the PeopleConnect Cases is also appropriate** .......................16

**CONCLUSION** ...........................................................................................................17

## TABLE OF AUTHORITIES

**United States Court of Appeals Cases**

*Blair v. Equifax Check Servs., Inc.*,
    181 F.3d 832 (7th Cir. 1999) ........................................................... 16

**District Court Cases**

*21 srl v. Enable Holdings, Inc.*,
    No. 09-CV-3667, 2009 WL 4884177 (N.D. Ill. Dec. 9, 2009) ......................................... 12

*Blocker v. City of Chicago*,
    No. 09-CV-7052, 2011 WL 1004137 (N.D. Ill. Mar. 16, 2011) ...................................... 16

*BP Corp. N. Am. Inc. v. N. Tr. Invs., N.A.*,
    No. 08-CV-6029, 2009 WL 1684531 (N.D. Ill. June 15, 2009)................................*passim*

*Brunner v. Jimmy John's, LLC*,
    No. 14 C 5509, 2016 WL 7232560 (N.D. Ill. Jan. 14, 2016) ...................................... 14, 15

*Dicam, Inc. v. U.S. Cellular Corp.*,
    No. 07 C 5472, 2007 WL 2903059 (N.D. Ill. Sept. 28, 2007) ......................................... 16

*Garner v. Country Club Hills*,
    No. 11 C 5164, 2012 WL 1900020, (N.D. Ill. May 23, 2012) .................................... 16, 17

*Gautreaux v. Chicago Hous. Auth.*,
    No. 66 C 1459, 2013 WL 5567771 (N.D. Ill. Oct. 9, 2013).................................. 10, 12, 14

*Kupiec v. PeopleConnect, Inc. and Instant Checkmate LLC*,
    No. 21-cv-969 (N.D. Ill.) ................................................................. 1

*Kupiec v. PeopleConnect, Inc. and Intelius LLC*,
    No. 21-cv-968 (N.D. Ill.) .............................................................. 1, 2

*Kupiec v. PeopleConnect, Inc. and Truthfinder LLC*,
    No. 21-cv-970 (N.D. Ill.) ................................................................. 1

*Kupiec v. PeopleConnect, Inc. and US Search, LLC*,
    No. 21-cv-971 (N.D. Ill.)................................................................. 1

*Ladenberger v. Nat'l Tech. Transfer, Inc.*,
    No. 99 C 5348, 2000 WL 1349247 (N.D. Ill. Sept. 19, 2000) ......................................... 17

*La Fronza v. PeopleConnect, Inc. and Intelius, LLC,*
    No. 21-cv-280 (N.D. Ill.) .......................................................................................... 1, 2, 13

*Scalia v. AEU Benefits, LLC,*
    No. 17 C 7931, 2019 WL 8301680 (N.D. Ill. Dec. 16, 2019) ........................................ 10

*Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.,*
    No. 20 CV 2523, 2020 WL 8367421 (N.D. Ill. Sept. 4, 2020) ................................... 9, 12

*Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr.,*
    714 F. Supp. 2d 901 (N.D. Ill. 2010) ................................................................................ 6

**Statutory Provisions**

28 U.S.C. § 1292(b) .................................................................................................................... 3

765 ILCS 1075 ............................................................................................................................ 2

Fed. R. Civ. P. 23 ................................................................................................................. 10, 15

Fed. R. Civ. P. 42 ............................................................................................................... *passim*

N.D. Ill. Local R. 40.4 ....................................................................................................... *passim*

## I.   <u>INTRODUCTION</u>

Pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42, non-parties Anna La Fronza and Natalia Kupiec ("Movants") respectfully move to relate, reassign, and consolidate the following recently-filed actions to the calendar of a single district judge

- *La Fronza v. PeopleConnect, Inc. and Intelius, LLC*, No. 21-cv-280 (N.D. Ill.), assigned to Hon. Edmond E. Chang;

- Kupiec *v. PeopleConnect, Inc. and Intelius, LLC,* No. 21-cv-968 (N.D. Ill.), assigned to Hon. Mary M. Rowland;

- *Kupiec v. PeopleConnect, Inc. and Instant Checkmate, LLC*, No. 21-cv-969 (N.D. Ill.), assigned to Hon. John F. Kness;

- *Kupiec v. PeopleConnect, Inc. and Truthfinder LLC* (No. 21-cv-970), assigned to Hon. Mary M. Rowland; and

- *Kupiec v. PeopleConnect, Inc. and US Search, LLC* (No. 21-cv-971), assigned to Hon. Gary Feinerman (together, the "PeopleConnect Cases").[1]

The rationale underlying this motion is the same expressed by Instant Checkmate in its previously filed motion to reassign, which the Court granted on August 8, 2019 (dkts. 11, 15): Movants' five cases overlap almost completely with *Lukis, et al. v. Whitepages, Inc.*, No. 19-cv-04871 (N.D. Ill.) and *Lukis v. Instant Checkmate, LLC*, No. 19-cv-04892 (N.D. Ill.) (the "Lukis Cases"), both of which are proceeding before this Court. The PeopleConnect and Lukis Cases are class actions brought on behalf of the same or overlapping classes against nearly identical web-based businesses, each of which sells subscription-based access to databases containing detailed information on thousands of individuals. Both sets of cases take issue with the defendants' unconsented use of the plaintiffs' and other Illinois residents' names and other identifying information in their online advertisements, which the PeopleConnect and Lukis Cases identically

---

[1]   Pursuant to Local Rule 40.4(c), the five PeopleConnect cases are attached to this Motion as Exhibits A–E.

allege violates the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq.* ("IRPA"). The PeopleConnect Cases additionally allege the same facts and assert the same legal theory against defendant PeopleConnect, Inc., who "owns and operates" Instant Checkmate, LLC, along with the other web-based business named in the PeopleConnect Cases. (*See*, *e.g.*, Ex. C at ¶¶ 6-7.)

In a nutshell, the PeopleConnect and Lukis Cases involve the same facts, address the same legal issues, will involve the same or nearly the same discovery, and allege related or overlapping putative classes. Consequently, relating and reassigning the cases under Local Rule 40.4 to the calendar of a single district judge—whether Hon. Gary Feinerman, who is overseeing the Lukis Cases, or Hon. Edmund E. Chang, who is overseeing *La Fronza v. PeopleConnect et al.*, which is the first-filed of the PeopleConnect Cases—is the best way to conserve the resources of the Court, the parties, and reach consistent results. Likewise, consolidating the PeopleConnect Cases for discovery and pretrial purposes under Federal Rule 42—whether alone or together with *Lukis v. Instant Checkmate LLC*—presents another opportunity to save significant judicial resources.[2]

## II.    BACKGROUND

### A.    The Lukis Cases

The Lukis Cases were filed in the Circuit Court of Cook County, Illinois in June 2019. (Dkt. 11 at 3.) The cases allege identical theories of liability against similarly situated defendants: Lukis contends that defendants Whitepages Inc. and Instant Checkmate LLC sell access to subscription services that provide access to detailed information about thousands of

---

[2]    PeopleConnect has filed a motion to relate, reassign, and consolidate *La Fronza v. PeopleConnect, Inc. and Intelius, LLC* with *Kupiec v. PeopleConnect, Inc. and Intelius, LLC* in front of Judge Chang. *La Fronza v. PeopleConnect, Inc. et al.*, No. 21-cv-280, dkt. 17 (N.D. Ill. Mar. 23, 2021). Movants certainly agree those two cases are related but, for all the reasons discussed herein, propose that relating and consolidating the PeopleConnect Cases presents a better and more efficient opportunity to conserve judicial and party resources.

individuals. (Dkt. 37 at 2-9.) To advertise their paid-for services, the defendants incorporate

identifying information about Illinois residents (*e.g.*, their names, ages, locations, and relatives)

into their online marketing. (*Id.*) Because that advertising was done without consent, the Lukis

Cases allege that Whitepages Inc. and Instant Checkmate LLC violate the featured individuals'

rights of publicity as codified in the IRPA. (*Id.* at 9-10.)

Following their removal to federal court, Instant Checkmate moved under Local Rule

40.4 to relate and reassign (but not consolidate) *Lukis v. Instant Checkmate LLC* to the

courtroom of Hon. Gary Feinerman, to which the first-removed case, *Lukis v. Whitepages Inc.*,

was assigned. (Dkt. 11.) Generally speaking, the motion argued that the two Lukis Cases

"rest[ed] on the same theory of liability[,] . . . implicate[d] the same defenses," and otherwise

satisfied the criteria of Local Rule 40.4(a) and (b). (*Id.* at 4-5.) The motion was summarily

granted on August 8, 2019. (Dkt. 15.)

Thereafter, the defendants in the Lukis Cases brought motions to dismiss, (dkt. 16; Case

No. 19-cv-04892 at dkt. 14), which were denied by this Court in a consolidated order. (Dkt. 37.)

Both defendants thereafter moved for reconsideration, certification of an interlocutory appeal

under 28 U.S.C. § 1292(b), and summary judgment. (Dkts. 40, 43, 61; Case No. 19-cv-04892 at

dkts. 39, 51, 80.) The Court again addressed and denied the motions in a consolidated order.

(Dkt. 88.) An identical discovery schedule was set for the two cases, with fact discovery due on

February 1, 2021 and class certification motions due on March 1, 2021. (Dkt. 75; Case No. 19-

cv-04892 at dkt. 78.)

The two cases then proceeded at slightly different paces. In *Lukis v. Whitepages*, the

parties filed and briefed various motions to compel, (dkts. 89, 127, 136), a motion to amend the

complaint, (dkt. 97), a motion to strike, (dkt. 119), a motion to extend the discovery schedule,

(dkt. 128), and, with the motion to extend the case schedule pending, a motion for class certification, (dkt. 162). The majority of those motions remain pending. In *Lukis v. Instant Checkmate*, there were also motions to compel, (Case No. 19-cv-04892 at dkts. 90, 126, 128), a motion to amend the complaint, which was granted without opposition, (Case No. 19-cv-04892 at dkts. 100, 105, 109), and two motions to extend the discovery schedule, which were also granted without opposition and ultimately extended the class certification deadline to May 14, 2021 and fact discovery until July 15, 2021, (Case No. 19-cv-04892 at dkts. 113, 133).

### B.    The PeopleConnect Cases

La Fronza filed a class action complaint on January 15, 2021. (*See* Ex. A.) Kupiec filed four class action complaints on February 19, 2021. (*See* Exs. B–E.) In each case—and precisely like the Lukis Cases—Movants each allege that their identities (*e.g.*, name, age, location, and relatives) were used in online advertisements for subscription services sold through the websites operated by Intelius, LLC; Instant Checkmate, LLC; Truthfinder, LLC; and US Search, LLC. (Ex. A ¶¶ 3-15; Ex. B ¶¶ 14-21; Ex. C ¶¶ 14-21; Ex. D ¶¶ 14-21; Ex. E ¶¶ 14-21.) As part of their complaints, Movants included screenshots of the alleged commercial uses of their identities, which are substantially similar to the format and content of the marketing at issue in the *Lukis v. Instant Checkmate* complaint. (*Compare* Ex. A ¶ 5, Ex. B ¶ 16, Ex. C ¶ 16, Ex. D ¶ 16, Ex. E ¶ 16, *with* Case No. 19-cv-04892 at dkt. 109, p. 3.) For each of their complaints, Movants also name PeopleConnect, the entity that owns and operates the other named defendant companies as its "fleet" of "People Search" products. (Ex. A ¶ 20, Ex. B ¶ 6, Ex. C ¶ 6, Ex. D ¶ 6, Ex. E ¶ 6.) *See also* People Connect – People Search, https://peopleconnect.us/peoplesearch/ (last visited Apr. 1, 2021).[3] Movants allege that they did not consent to defendants' commercial use of their

---

[3]    For the Court's convenience, a copy of the referenced PeopleConnect webpage is attached hereto as Exhibit F.

identities and, as such, seek monetary and injunctive relief under the IRPA. (Ex. A ¶¶ 37-42; Ex. B ¶¶ 34-41; Ex. C ¶¶ 34-41; Ex. D ¶¶ 34-41; Ex. E ¶¶ 34-41.) Also like the Lukis Cases, Movants allege a class of similarly situated Illinois residents whose identities were displayed in the defendants' online advertisements. (*Compare* Ex. A ¶ 31, Ex. B ¶ 26, Ex. C ¶ 26, Ex. D ¶ 26, Ex. E ¶ 26 *with* dkt. 1-1 at ¶ 30, Case No. 19-cv-04892 at dkt. 109, ¶ 48.)

## III.     ARGUMENT

### A.     The PeopleConnect Cases Should be Related and Reassigned to the Calendar of a Single Courtroom under Local Rule 40.4.

Each of the PeopleConnect Cases is "related" to the first-filed case of *Lukis v. Whitepages* for the same reasons that *Lukis v. Instant Checkmate* is also related: "the factual and legal allegations and theories of liability [in all the cases] are virtually identical." (*See* dkt. 11 at 3.) All of the PeopleConnect Cases address advertising nearly identical to that alleged in *Lukis v. Instant Checkmate*, both in terms of content, the use of putative class members' identities, and the failure of any defendant to seek class members' consent, as is required under the IRPA. Along with this common factual core, the PeopleConnect and Lukis Cases also bring the exact same claims, seek the same damages and injunctive relief under the IRPA, and allege similar classes. And here, reassignment is appropriate because disposition of all the cases by one judge is the best path to preserve judicial economy, avoid inconsistent adjudications, and efficiently resolve the actions.

Local Rule 40.4 sets out the procedure for the reassignment of civil cases that are related. Given the close relation between the cases discussed herein, it makes the most practical sense to relate and reassign the PeopleConnect Cases to the calendar of Hon. Gary Feinerman, who is overseeing the Lukis Cases and, thus, is already familiar with the facts and legal theories at issue. But given that the Lukis Cases are procedurally advanced, reassignment of the more recently-

filed PeopleConnect cases (i.e., not including the Lukis Cases) to the calendar of Hon. Edmund E. Chang is an alternative way to conserve judicial resources and otherwise meet the requirements of Local Rule 40.4.

### 1.    The PeopleConnect and Lukis Cases are related.

Two or more cases are related, per the Local Rule, if one of the following conditions is met:

(1)    the cases involve the same property;

(2)    the cases involve some of the same issues of fact or law;

(3)    the cases grow out of the same transaction or occurrence; or

(4)    in class action suits, one or more of the classes involved in the cases is or are the same.

N.D. Ill. Local R. 40.4(a). Local Rule 40.4(a) "defines 'relatedness' with a broad brush, under which any one of its four subparts, looked at disjunctively, suffices to make two or more cases 'related' to each other." *Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr.*, 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010); *see also BP Corp. N. Am. Inc. v. N. Trust Invs., N.A.*, No. 08-CV-6029, 2009 WL 1684531, at *2 (N.D. Ill. June 15, 2009) ("Two cases need not be absolutely identical to be suitable for reassignment under Rule 40.4." (citation omitted)).

Here, each of the PeopleConnect Cases unquestionably "involve some of the same issues of fact or law" as each other and the two Lukis Cases. N.D. Ill. Local R. 40.4(a)(2). For the five PeopleConnect cases, each alleges substantially identical facts, names a common defendant, asserts the same theory of liability under the IRPA, and seeks relief on behalf of related classes. (*Supra* § II.B.) This is hardly surprising; the PeopleConnect Cases all concern individual business websites that are part of PeopleConnect's "fleet of [People Search] products." (Ex. F.)

As such, the issues of law and fact in the cases are all mirror images of each other, which more than satisfies Local Rule 40.4(a)(2)'s requirement of "some" overlap.

This alignment also demonstrates that—just as the Court found with respect to the two Lukis Cases, (dkts. 11, 15)—the PeopleConnect Cases are related to the Lukis Cases. The relation to *Lukis v. Instant Checkmate* is obvious: the defendant in that case (Instant Checkmate) is also named in *Kupiec v. PeopleConnect and Instant Checkmate*, and both cases take issue with Instant Checkmate's use of Illinoisans' identities in its online advertising. And just as the Court previously agreed that *Lukis v. Instant Checkmate* is related to the first-filed *Lukis v. Whitepages* case, the PeopleConnect Cases are also related because "the factual and legal allegations and theories of liability [of all the cases] are virtually identical." (Dkt. 11 at 3.)

### 2. The PeopleConnect Cases should be reassigned.

Where civil cases are related, as they are here, Local Rule 40.4(b) provides that the later-filed cases may be reassigned to the calendar of the judge assigned to an earlier-filed case if the following conditions are met:

(1)     both cases are pending in this Court;

(2)     the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3)     the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4)     the cases are susceptible of disposition in a single proceeding.

N.D. Ill. Local R. 40.4(b).

The pre-requisites for reassignment are met here. Whether reassignment is made to Judge Feinerman or Judge Chang, the first, second, and fourth requirements are met for the same reasons identified by the earlier-filed *Instant Checkmate* motion to relate. (Dkt. 11.) The third

requirement is met as well. While reassignment to Judge Chang would have little to no effect on case timings, Reassignment to Judge Feinerman's calendar is warranted as well. As discussed below, while there may be some delay to the earlier-filed Lukis Cases, it isn't likely to be substantial. Indeed, briefing on the next substantive issue in the Lukis Cases—class certification—has either just started (for *Whitepages*) or not yet begun (for *Instant Checkmate*). And while the PeopleConnect Cases will necessarily require some period of time to "catch up" in discovery, Plaintiffs propose that any additional discovery related to the PeopleConnect Cases (and any outstanding discovery related to the Lukis Cases, for that matter) can be completed such that briefing on class certification in all cases will commence by the end of this year. That's particularly true given that discovery already conducted in the Lukis Cases will bear directly on the claims and defenses in the PeopleConnect Cases. Proceeding in this fashion would thus result in a relatively minimal impact or delay to the ultimate resolution of any action. On the other hand, it would significantly promote the efficiencies contemplated by Local Rule 40.4 and Federal Rule 42.[4]

Nevertheless, if any likely delay to the Lukis Cases is deemed too substantial to satisfy Local Rule 40.4(b)(3), reassignment to Judge Chang's calendar is appropriate because the newly-filed PeopleConnect Cases are at the same litigation stage.

---

[4] Anticipating that Defendants may raise concerns about the delay associated with any pleadings motions they may wish to file in the PeopleConnect cases, Plaintiffs have at least two responses (which they would be happy to elaborate upon further, if need be). First, given this Court's previous rulings on such motions in the Lukis Cases and the near identical nature of the claims and defenses across all of the matters, any such motions are unlikely to be successful. Second, the practice in this District is not to delay discovery pending the resolution of such motions. *New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013) (citing *SK Hand Tool Corp. v. Dresser Indus.,* 852 F.2d 936, 945 (7th Cir.1988) ("The mere filing of a motion to dismiss does not automatically stay discovery."). That principle is particularly pronounced in this litigation given, again, the outcome of the previous motions in the Lukis Cases.

*a.      All cases are pending in this Court.*

The first requirement of Local Rule 40.4(b) is met because the PeopleConnect and Lukis Cases are all pending in the Eastern Division of the Northern District of Illinois.

*b.      Reassignment will conserve judicial resources.*

The second requirement Local Rule 40.4(b) is met as well because the handling of the PeopleConnect and Lukis Cases together (or the PeopleConnect Cases as their own group) will preserve a substantial amount of judicial resources, given the "very common if not identical legal and factual issues" shared by the seven cases. (Dkt. 11 at 5.)

In terms of a potential reassignment to Judge Feinerman's courtroom, and as discussed above, there is almost complete overlap between the facts and legal theories asserted in the PeopleConnect and Lukis Cases. Because Judge Feinerman has "already invested significant time familiarizing [himself] with" the underlying facts and legal issues present in the cases, "it makes little sense" to require another district judge to start this work anew. *BP Corp.*, 2009 WL 1684531, at *2. This is true even though the cases all address slight variations on substantially similar forms of advertising used by the individual defendant businesses; absent reassignment, multiple judges would be required "to tread much, if not all, of the same ground" as the PeopleConnect and Lukis Cases make their ways through pretrial issues and trial. *See Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20 CV 2523, 2020 WL 8367421, at *3 (N.D. Ill. Sept. 4, 2020) (rejecting argument that cases should not be related where they maintained slightly different facts and legal theories, including different class allegations). Indeed, the Court's coordinated handling of various issues—including pretrial merits rulings—in the Lukis Cases proves the ability of one judge to handle these cases in an efficient manner. (*See, e.g.*, dkts. 37, 88.)

It is true, of course, that the PeopleConnect and Lukis Cases are not presently on the same schedule. But the fact that deadlines in the Lukis Cases "have already passed" does not negate the substantial conservation of resources that reassignment offers. *Scalia v. AEU Benefits, LLC*, No. 17 C 7931, 2019 WL 8301680, at *2 (N.D. Ill. Dec. 16, 2019). Nor does the obvious fact that there is less opportunity to coordinate on discovery issues between the PeopleConnect and Lukis Cases (given that discovery is closed, or nearly so, in the latter two) mean that "reassignment would not save judicial time and effort[.]" *Gautreaux v. Chicago Hous. Auth.*, No. 66 C 1459, 2013 WL 5567771, at *4 (N.D. Ill. Oct. 9, 2013). To the contrary, because the cases here are based on the almost the same facts and legal theories and seek the same treatments under Rule 23, along with the same remedies provided by the IRPA, reassignment "will save substantial judicial time and effort by having one judge address [these] overlapping issues simultaneously [and] . . . thus guarantee consistency and promote efficiency." *Id.* In short, and despite any factual or procedural differences, the PeopleConnect and Lukis Cases will all need to address nearly identical issues relating to class certification and the ultimate merits of their respective IRPA claims, which can be most efficiently accomplished on the calendar of a single district judge.

If reassignment is not made to Judge Feinerman's calendar, substantial judicial savings would still be realized if the PeopleConnect Cases are situated before Judge Chang. While Judge Chang would have to retread much of the work already accomplished by Judge Feinerman, reassignment of the related PeopleConnect Cases to one courtroom would still net substantial efficiencies for all the same reasons discussed above.

        c.      *The Court's treatment of the Lukis Cases demonstrates the actions are susceptible to disposition in one proceeding.*

The fourth requirement—susceptibility to disposition in a single proceeding—is satisfied for many of the same reasons discussed immediately above. (*See also* dkt. 11 at 5.) The PeopleConnect Cases—just like the Lukis Cases—arise from a substantially similar sets of facts, involve the same questions and theories of law and fact, and seek relief on behalf of similar (or, in the two cases involving Instant Checkmate, overlapping) classes. Because the challenged advertising is so similar in each of the cases (particularly with respect to the advertising at issue in each of the PeopleConnect Cases and the earlier-filed *Lukis v. Instant Checkmate* case, which uses the same information about putative class members and presents it in almost the same way), a single district judge can reach across-the-board findings as to whether the defendants violated the plaintiffs' and putative class members' rights under the IRPA.

Indeed, Judge Feinerman's simultaneous treatment of the defendants' motions to dismiss and for summary judgment in the Lukis Cases proves this point. (Dkts. 37, 88.) The PeopleConnect Cases will assuredly fall within this same framework, given how closely their underlying facts and legal theories overlap with those expressed in *Lukis v. Instant Checkmate*. *See BP Corp.*, 2009 WL 1684531, at *3 (finding cases raising substantially similar claims were "susceptible to disposition in a joint summary judgment motion or a single trial").

        d.      *Reassignment is not likely to cause significant delay to any case.*

Finally, the third requirement of Local Rule 40.4(b) is satisfied because reassignment of the PeopleConnect Cases would not cause "substantial" delay to any other case. While this is obviously true for a potential reassignment of the PeopleConnect Cases to Judge Chang's calendar (given that all of the PeopleConnect Cases are essentially on the same procedural

footing), the requirement would also be satisfied with respect to a reassignment to Judge Feinerman's courtroom.

Let us state the obvious: the Lukis Cases are more advanced than the later-filed PeopleConnect Cases. But that is not the end of the question; rather, the inquiry is whether any anticipated delay to the Lukis Cases would be "substantial." *See*, *e.g.*, *21 srl v. Enable Holdings, Inc.*, No. 09-CV-3667, 2009 WL 4884177, at *3 (N.D. Ill. Dec. 9, 2009) (finding Local Rule 40.4(c) satisfied where "[s]ome delay may be necessary to get [the later-filed case] on track with the other defendants in this action, but any such delay would [not] be 'substantial.'"). Indeed, the fact that related cases may have to individually address more or less issues in discovery—which may cause some delay—is not in itself a barrier to reassignment. *BP Corp.*, 2009 WL 1684531, at *3 (rejecting argument that class discovery, which would be required in one case but not another, would substantially delay proceedings for non-class case). To be sure, courts have approved reassignments for cases that are in different procedural postures altogether but will ultimately have to face overlapping issues. *See Gautreaux*, 2013 WL 5567771, at *4 (finding that reassignment would not cause substantial delay, even though discovery was not ongoing in older case).

Here, "significant" delay to the Lukis Cases is unlikely.[5] Indeed, because of the groundwork laid by the Lukis Cases—particularly with respect to the Court's rulings on the Lukis motions to dismiss and for summary judgment—early proceedings in the PeopleConnect Cases should proceed expeditiously. And while the PeopleConnect Cases will need to make their

---

[5]    As other courts have noted, the requirements of Local Rule 40.4(b)(2) and (3) do not have to be guaranteed; they need only be "likely." *See Sha-Poppin*, 2020 WL 8367421, at *3 ("This court cannot know the future; it must attempt to predict what is 'likely' to result in a substantial savings of resources.") (citing Local Rule 40.4(b)(2)). *See also* Local Rule 40.4(b)(3) (requiring showing that reassignment is not "likely" to cause substantial delay).

way through discovery, only a modest discovery period should be required. For example, because the PeopleConnect Cases all feature only two total named plaintiff representatives and a common named defendant, there should only be a need for two, coordinated plaintiff depositions and a single Rule 30(b)(6) deposition of PeopleConnect. These considerations additionally mean that any discovery disputes arising in the PeopleConnect Cases should be common across the newly-filed actions (if not redundant to the ones that have already arisen in the Lukis Cases), given that the same counsel and parties (La Fronza and Kupiec on the one hand, and PeopleConnect and its "fleet" of businesses on the other) will be involved, which will necessarily expedite matters. *BP Corp.*, 2009 WL 1684531, at *3 (discussing conservation of judicial resources where "similar discovery issues arise in the . . . cases"). Finally, plaintiffs' counsel in all the Lukis and PeopleConnect Cases have conferred and agreed to work cooperatively, so as not to delay any of the individual cases, and all consent to the relief requested herein.

Further, because of the close relation between the PeopleConnect and Lukis Cases, there is opportunity to leverage discovery between all the cases. Much (if not all) of the discovery conducted in *Lukis v. Instant Checkmate* will be relevant to the PeopleConnect Cases, given that each alleges liability as to PeopleConnect, which is similarly situated with respect to Instant Checkmate and each of the other online businesses named by Movants. Indeed, the information to which PeopleConnect and its "fleet" of people search websites sell access is derived from third party sources, which are presumably used in each of the cases discussed herein. (*See*, *e.g.*, *La Fronza v. PeopleConnect, Inc. et al.*, No. 21-cv-280, dkt. 22 at 7-8 (N.D. Ill. Mar. 29, 2021) (raising Section 230 defense regarding data featured on the People Search websites, which is "information provided by someone else").) The inverse is true as well: discovery adduced in the PeopleConnect Cases may inform the Court's later decisions in, at least, *Lukis v. Instant*

*Checkmate*, given that the former cases name PeopleConnect—who operates Instant Checkmate—as a primary defendant. *See Gautreaux*, 2013 WL 5567771, at *4 (acknowledging that discovery adduced in later-filed case may inform proceedings in earlier-filed case where discovery was closed).

Given these efficiencies, we estimate that the PeopleConnect Cases will be prepared to move for class certification in 2021. This timeframe more-or-less lines up with how the schedules are shaping up for the Lukis Cases. For the first-filed *Whitepages* action, discovery has closed and there is a pending motion for class certification. But there are also motions to amend the complaint and for an extension to the discovery period. Depending on how the Court addresses those motions, the class certification and discovery schedule in *Whitepages* may align more closely with the one in *Lukis v. Instant Checkmate*, where discovery has been extended through July 15, 2021 and no class certification motion has been filed. But in any event, assuming the Court plans on coordinating its consideration and decision on class certification issues in the Lukis Cases (as it has done with every other significant motion filed in those cases), letting the PeopleConnect Cases catch up and be decided at the same time would only cause a delay of a few months to the overall process, at worst.[6] In light of the overall efficiencies to be gained, that is not a substantial price to pay.

And to forecast a bit farther, *some* delay may be inevitable even without consolidation, given the closely overlapping classes alleged in the PeopleConnect and Lukis Cases—and, as such, there's less reason to predict that reassignment is a more likely case of any "significant" delay to the Lukis Cases' schedules. This problem was addressed in *Brunner v. Jimmy John's, LLC*, where the court considered a motion requesting reassignment of two FLSA cases that

---

[6]     Again, the plaintiffs in the Lukis Cases are in agreement with this approach.

alleged violations of different states' labor laws. No. 14 C 5509, 2016 WL 7232560, at *1 (N.D. Ill. Jan. 14, 2016). Both cases had proceeded to the point of conditional certification, with notice to the respective (and overlapping) collective classes ordered in each case. *Id.* at *2. While a notice form had been approved in one of the cases but not the other, the Court recognized that the distribution of consecutive notices was likely to cause "confusion among the recipients as to whether the suits cover the same claims; whether they might recover twice; and whether it is necessary to opt-in to both or risk forfeiting some rights." *Id.* at *3 (citation omitted). To avoid the confusion and ensure the two notices programs were coordinated, the court ordered reassignment and consolidation even though doing so would cause delay in the more advanced case. *Id.*

Similar concerns are present here. If either of the Lukis Cases is certified, Rule 23 would require class notice. Fed. R. Civ. P. 23(c)(2). But by the time notice is ordered in Lukis (at the earliest in late 2021 or early 2022, given the schedule in *Lukis v. Instant Checkmate*), the PeopleConnect Cases will—reassignment or not—have moved for class certification. If cases from either group proceed on a class basis, this would raise the same problem identified in *Brunner*: without coordination, the recipients of any class notice from Lukis would, in a matter of weeks or months, also receive notices from the PeopleConnect Cases (given that all the defendant business operate under the same business model and parent company[7]), which would result in the same confusion anticipated by Judge Kocoras in *Brunner*. 2016 WL 7232560, at *3. The best way to avoid this confusion (and, again, proceed efficiently) would be to coordinate notice between all the cases, which—because the Lukis Cases are more advanced—would result

---

[7] The fact that Kupiec is a named plaintiff in cases brought against Truthfinder, Intelius, Instant Checkmate, and US Search demonstrates the point: any similarly situated class member would potentially receive notice in multiple cases at around the same time.

in delay regardless of whether reassignment is ordered. Given all the circumstances, it makes the most practical sense to get the cases synced up as early as possible and foreclose any down-the-line issues.

In sum, because the requirements of Local Rule 40.4(a) and (b) are met, the Court should find the cases are related and request reassignment of the PeopleConnect Cases. The parties can then collaboratively and efficiently work to a paced resolution between all the cases.

### B. Consolidation of the PeopleConnect Cases is also appropriate.

In addition to being reassigned, the PeopleConnect Cases should be consolidated—either among themselves or with *Lukis v. Instant Checkmate*—pursuant to Federal Rule of Civil Procedure 42.

"The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Blocker v. City of Chicago*, No. 09-CV-7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011) (citing *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999)). Rule 42 allows consolidation where two cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Courts in this district often order reassignment and consolidation at the same time, *see*, *e.g.*, *Blocker*, 2011 WL 1004137, at *3, or as an alternative to reassignment for related cases that do not "satisfy the criteria embodied in LR 40.4(b)[]," *Dicam, Inc. v. U.S. Cellular Corp.*, No. 07 C 5472, 2007 WL 2903059, at *1 (N.D. Ill. Sept. 28, 2007); *see also Garner v. Country Club Hills*, No. 11 C 5164, 2012 WL 1900020, at *3 (N.D. Ill. May 23, 2012).

Here, there is no question that the PeopleConnect cases would benefit from consolidation for, at the least, pretrial and discovery purposes, whether among themselves or with together with *Lukis v. Instant Checkmate.* As discussed above, all these cases allege the same or similar facts, seek the same relief, and allege similar classes—and, thus, will benefit from the same

16

discovery—as each other and the *Lukis v. Instant Checkmate* matter. Further, and as discussed above, there will be little delay and, thus, little prejudice to any party, from any form of consolidated proceedings. Consolidation should therefore be ordered under Rule 42. *See*, *e.g.*, *Garner*, 2012 WL 1900020, at *3 (consolidating cases for discovery because of "strong commonality between the cases . . . [including] the significant overlap in depositions"); *Ladenberger v. Nat'l Tech. Transfer, Inc.*, No. 99 C 5348, 2000 WL 1349247, at *2 (N.D. Ill. Sept. 19, 2000) (referencing "meaningful saving of judicial effort by consolidating these cases [where] the list of witnesses to be called is substantially the same.").

## CONCLUSION

The PeopleConnect Cases should be related and reassigned to the calendar of either Hon. Gary Feinerman (who is overseeing the Lukis Cases) or Hon. Edmund E. Chang (who is overseeing the first-filed PeopleConnect Case), and additionally consolidated for pretrial purposes.[8]

Respectfully submitted,

**NATALIA KUPIEC,** individually and on behalf of all others similarly situated,

Dated: April 1, 2021

By: /s/Benjamin H. Richman
One of Movants' Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
Benjamin Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor

---

[8]    Plaintiffs' counsel have conferred with counsel for Defendants about the idea of relating and coordinating these cases, but were unable to reach agreement. Plaintiffs are of course open to continuing to confer with Defendants to reach an agreement as to such matters, scheduling, and the like.

Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**ANNA LA FRONZA,** individually and on behalf of all others similarly situated,

Dated: April 1, 2021

By: /s/Philip Fraietta [with consent]
      One of Movant's Attorneys

J. Dominick Larry
8 S Michigan Ave, Suite 2600
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
E-Mail: nick@nicklarry.law

Philip L. Fraietta
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY 10019
646-837-7142 (tel)
914-498-0285 (mobile)
212-989-9163 (fax)
pfraietta@bursor.com
www.bursor.com

*Attorneys for Movants and the Class*