IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE LUKIS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:19-cv-04871<br>)<br>) Hon. Judge Gary Feinerman |
| v. | )<br>) Magistrate Judge M. David Weisman |
| WHITEPAGES INC., | )<br>) |
| Defendant. | )<br>)<br>) |

**INSTANT CHECKMATE LLC'S NOTICE OF OBJECTION AND REQUEST FOR BRIEFING SCHEDULE ON ANNA LA FRONZA'S AND NATALIA KUPIEC'S MOTION TO REASSIGN AND CONSOLIDATE**

Pursuant to Northern District of Illinois Local Rule 40.4 ("LR 40.4"), Instant Checkmate LLC ("Instant Checkmate") respectfully submits this notice of objection and asks this Court to set a briefing schedule allowing 14 days (through April 15, 2021) for responses to Anna La Fronza's And Natalia Kupiec's Motion To Reassign And Consolidate Cases (the "Motion"). A briefing schedule is warranted to allow Instant Checkmate and other defendants in the actions that are the subject of the Motion to "respond on the questions of relatedness and possible reassignment," LR 40.4(c), and explain why reassignment under LR 40.4 and consolidation in this Court is not warranted.

**BACKGROUND**

On April 1, 2021, Anna La Fronza and Natalia Kupiec (together, "Movants") moved to reassign several cases pending in the Northern District of Illinois to this Court pursuant to LR 40.4 and consolidate those cases. *See* Dkt. 167. These cases involve claims based on five different

websites (www.whitepages.com, www.intelius.com, www.instantcheckmate.com, www.truthfinder.com, and www.ussearch.com) and five different underlying products that are operated by different companies. Four of these websites are operated by affiliates of PeopleConnect, Inc., but www.whitepages.com is not related to PeopleConnect, Inc. in any way. The below table provides an overview of the matters at issue:

| Case Name/Number | Date of Complaint | Website / Product at Issue | Pending Before | Reassignment/ Consolidation Status |
|---|---|---|---|---|
| *Lukis v. Whitepages Inc.*, No. 1:19-cv-4871 | 7/19/2019 | Whitepages | Hon. Gary Feinerman | |
| *Fischer et al. v. Instant Checkmate LLC*, 1:19-cv-4892 | 7/22/2019 | Instant Checkmate | Hon. Gary Feinerman | Reassigned to this Court with *Lukis* |
| *La Fronza v. PeopleConnect, Inc. and Intelius LLC*, No. 1:21-cv-280 | 1/15/2021 | Intelius | Hon. Edmond Chang | Pending mot. to reassign/consolidate with *Kupiec* (21-cv-968) |
| *Kupiec v. PeopleConnect, Inc. and Intelius LLC*, No. 21-cv-968 | 2/19/2021 | Intelius | Hon. Mary Rowland | Pending mot. to reassign/consolidate with *La Fronza* |
| *Kupiec v. PeopleConnect, Inc., and Instant Checkmate, LLC*, No. 21-cv-969 | 2/19/2021 | Instant Checkmate | Hon. Gary Feinerman | Not consolidated |
| *Kupiec v. PeopleConnect, Inc., and TruthFinder, LLC*, 1:21-cv-970 | 2/19/2021 | Truth Finder | Hon. Mary Rowland | Not consolidated |
| *Kupiec v. PeopleConnect, Inc., and US Search LLC*, 1:21-cv-971 | 2/19/2021 | US Search | Hon. John Kness | Not consolidated |

**ARGUMENT**

LR 40.4(c) states that all "parties to a proceeding" should be "permitted to respond on the questions of relatedness and possible reassignment." Here, Instant Checkmate asks the Court to set a briefing schedule allowing 14 days for Instant Checkmate and other defendants to fully respond to the Motion.

In its briefing, Instant Checkmate will show that Movants cannot satisfy the requirements for reassignment to this Court under LR 40.4(b). First, reassignment of the other matters to this

2

Court would "be likely to delay the proceedings" in this case and the *Fischer* case "substantially." LR 40.4(b)(3). Discovery in this case and *Fischer* is already in its advanced stages. In this matter, discovery has closed, Lukis has filed a motion for class certification and Whitepages has a pending motion to compel arbitration. In *Fischer*, the plaintiff's discovery closes April 15 and their motion for class certification is due May 14. The *La Fronza* and *Kupiec* matters, on the other hand, are still in their infancy. Responsive pleadings are not even due in the *Kupiec* matters until May 3. In *La Fronza*, Defendants filed a motion to dismiss earlier this week raising several threshold issues, including Plaintiff's agreement to arbitrate her claim, the court's lack of personal jurisdiction, and dismissal under Section 230 of the Communications Decency Act. Defendants have asked the Court to stay discovery until these threshold issues are resolved, which would delay the progress of this matter and *Fischer* even further.

    Second, reassignment of these matters would not be "likely to result in a substantial saving of judicial time and effort," LR 40.4(b)(2), as the matters involve different conduct, by different defendants, relating to different websites, with different underlying products, different class definitions and periods, and different defenses, including but not limited to different arbitration defenses based on the plaintiffs' agreement to differing Terms of Service. Indeed, the Movants concede as much, as only *two* of them even identified "Related Case[s]" in the civil cover sheet to their complaint. Kupiec's claim that reassignment and consolidation of her four cases with three others would promote judicial efficiency rings particularly hollow given that she made the (very recent) choice to file four separate complaints. And although the *Fischer* matter was previously reassigned to this Court, *Lukis* and *Fischer* have proceeded on different tracks and schedules given the different issues involved.

3

The primary gains in judicial efficiency in these cases would come from reassignment of cases involving the same website to one Court, *which PeopleConnect has already sought to do.* PeopleConnect, Inc. and Intelius LLC's motion to reassign and consolidate the Intelius cases before Hon. Edmond Chang is pending (*see* No. 1:21-cv-280, Dkt. Nos. 17-18), and the Instant Checkmate cases are already both pending before this Court. As Instant Checkmate's briefing will show in further detail, reassignment and consolidation of these matters in this Court would yield needless delay and expense and no corresponding benefit to the parties or the Court, given the significant differences in the cases.

## CONCLUSION

For the above reasons, the Court should enter an order allowing 14 days (through April 15, 2021) for responses to Anna La Fronza's And Natalia Kupiec's Motion To Reassign And Consolidate Cases.

Dated: April 2, 2021

Respectfully submitted,

INSTANT CHECKMATE LLC

By: /s/ Debbie L. Berman

Debbie L. Berman, #6205154
Wade A. Thomson, # 6282174
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
dberman@jenner.com
wthomson@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900

4

Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

Avanti D. Bakane, #6299022
GORDON REESE SCULLY MANSUKANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: 312 619-4922
abakane@grsm.com

Damon W.D. Wright (*pro hac vice*)
GORDON REESE SCULLY MANSUKANI, LLP
1101 King St., Suite 520
Alexandria, VA 22314
Telephone: 703 650-7016
dwright@grsm.com

*Attorneys for Defendant Instant Checkmate LLC*

5

## CERTIFICATE OF SERVICE

I, Debbie L. Berman, certify that on April 2, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Debbie L. Berman*
Debbie L. Berman