IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stephanie Lukis, Mantas Norvaisas, and Shawn Brown, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | CIVIL ACTION NO: 19-cv-4871 |
| Plaintiffs, | ) ) | |
| | ) | JUDGE FEINERMAN |
| v. | ) ) | |
| | ) | MAG. GILBERT |
| Whitepages Incorporated, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR CONTEMPT**

In its April 23 ruling, the Court ordered Defendant Whitepages to supplement certain discovery responses and provide its witnesses for deposition "as expeditiously as possible." Dkt. 175, pgs. 37-38. Rather than comply with that order, Defendant did the opposite—and refused to provide any discovery responses or deposition dates whatsoever. It argues, in essence, that (i) it should not have to provide any discovery to Plaintiffs Norviasas and Brown because it has moved to arbitrate their claims; and (ii) it does not have to provide class discovery to Plaintiff Lukis because it appealed the Court's decision with respect to the arbitrability of her claim. Ultimately, however, these arguments are merely "private determinations of the law" which amount to a "refus[al] to obey [a court] order." *Mac Naughton v. Harmelech*, 338 F. Supp. 3d 722, 727 (N.D. Ill. 2018), aff'd, 932 F.3d 558 (7th Cir. 2019) (quotations omitted). Thus, the Defendant is in contempt of court and under Fed. R. Civ. P. 37 sanctions should be imposed against it.

1. **Factual Background**

On April 30, counsel for Plaintiffs requested deposition dates from Defendant pursuant to the Court's April 23 order. Rather than provide any dates, on May 4 the Defendant moved, *inter alia*, to compel arbitration against Plaintiffs Novaisas and Brown. Dkt. 182. It then responded to Plaintiffs' request, stating that all discovery should be stayed because of Defendant's May 4 motion and its pending appeal of the Court's April 23 order. ***Exhibit 1***. The parties thereafter conferred on these issues over the telephone. Defendant's position in the conference was essentially the same as its position in its motion for a protective order, Dkt. 190, in which it argues that class discovery should not move forward because the denial of arbitration with respect to Lukis is being appealed and because the motion for arbitration with respect to Norvaisas and Brown is pending.

2. **Argument**

Defendant's position is frivolous. The Court has very clearly only stayed discovery "relating solely" to Lukis' claim. Dkt. 188. The Court's minute entry specifically references Defendant's motion to compel arbitration against the other Plaintiffs and specifically dictates that "[d]iscovery may proceed pending resolution of [these] motions[.]" *Id*. By any reasonable reading this includes much of the discovery that was the subject of the Court's April 23 order *i.e.* deposition testimony about Defendant's data providers and the corporate deposition of Defendant itself—both of which were successfully compelled by Plaintiffs.

All of Defendant's proffered reasons for not providing these depositions are untenable. First, it argues that the Court's order is unclear. Dkt. 190 p. 4. It is not. As argued above, it

2

specifically contemplates Defendant's motions and still orders discovery to proceed.[1] Second, Defendant argues that the requested discovery was technically compelled by Lukis, and suggests that Plaintiffs must make identical requests on behalf of Norvaisas and Brown. Dkt. 190 p. 8. This argument holds little water, particularly with respect to the deposition requests, because Plaintiff asked Defendant for dates following the Court's April 23 order, *see* **Exhibit 1**, and Defendant's responsibility to comply with the Court's order does require any additional action by Plaintiffs. Third, Defendant argues that allowing discovery to proceed during the pendency of its motion to compel arbitration against Plaintiffs Norvaisas and Brown inefficient. Dkt. 190 p. 7. Plaintiffs are reluctant to turn the instant motion into a satellite briefing on the merits of Defendant's arbitration claims—but even assuming Defendant's arbitration motion were meritorious, that is not grounds to disobey a Court order.

Parties have a duty to comply with court orders "unless and until [they are] undone through proper channels, such as reconsideration by the district judge or vacatur by [the Seventh Circuit]." *Mac Naughton v. Harmelech*, 932 F.3d 558, 565 (7th Cir. 2019). As Your Honor has observed:

> "In determining whether a party has knowingly defied a court order, it makes no difference whether the order is subject to challenge. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal [or to seek vacatur or stay of the order], but, absent a stay, he must comply promptly with the order...Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."

*Mac Naughton* 338 F. Supp. 3d at 727 (internal quotes and citations omitted).

---

[1] Defendant seems to understand this as it observes that that "by entering and continuing Whitepages' Motion to Stay and allowing discovery to proceed in the interim, the Court has essentially denied the requested stay without any ruling on the merits of the stay request." Dkt. 190, p. 3.

Here, despite the Court's order to the contrary, Defendant has made the private legal determination that "it would be inappropriate to proceed with [the] discovery" ordered by the Court on April 23. *See* Dkt. 191 at p. 2. This violates the Court's order and "district courts possess wide latitude in fashioning appropriate sanctions" for such conduct. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). Even *negligently* failing to follow a court order is "sufficient for imposing sanction [under Fed. R. Civ. P. 37]." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). Further, Rule 37(b)(2)(A) provides for issue-related sanctions such as adverse inferences and preclusion orders.

In light of the foregoing, Plaintiffs propose the following sanction: (i) an order precluding Defendant from offering evidence in support of its defenses relative to 765 ILCS 1075/35(b)(2) and (ii) an adverse inference that Defendant does not obtain third-party consent to use class members' identities. These sanctions are particularly appropriate for multiple reasons. First, the Court-ordered discovery that Defendant refuses to provide pertains directly to Whitepages' (b)(2) and third party written consent theories. *See* Dkt. 175, p. 28-29. Second, Defendant's chance of success on either of these defense theories is minimal, as evidenced by its inability to marshal any evidence in support of either theory despite roughly six months of discovery. Third, and relatedly, the vast majority of Defendant's bloated and superfluous discovery requests have related to these two topics—including much of Plaintiff Lukis' 14-hour deposition and the majority of Defendant's 200+ written discovery requests. Plaintiffs can only expect similar discovery to be targeted at Norvaisas and Brown. Thus, by sanctioning Defendant in the above fashion the Court will not only punish Defendant in proportion to its conduct, but it will also speed up the proceedings in this matter.

Finally, pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiffs seek an award of attorneys' fees for the time expended in the pursuit of this motion. If the instant motion is granted, Plaintiffs propose that the Court order their attorneys to submit their billable time to Defendant for payment.

*Respectfully submitted,*

*/s/ Roberto Costales*

Roberto Costales
William H. Beaumont
BEAUMONT COSTALES LLC
107 W. Van Buren #209
Chicago, IL 60605
Telephone: (773) 831-8000
*rlc@beaumontcostales.com*

*Attorneys for Plaintiffs*

Rule 37.2 Certificate

Plaintiffs' counsel avers that it conducted a good faith discovery conference with counsel for Defendant on May 7, 2021, over the telephone, to resolve the dispute presented by this motion. The parties to the conference were Plaintiffs' counsel William Beaumont and Defense Counsel Blaine Kimrey and Bryan Clark. The parties were unable to reach an accord.

Date: May 19, 2021                                     /s/ Roberto Costales