UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE LUKIS, MANTAS NORVAISAS, and SHAWN BROWN, individually and on behalf of all others similarly situated, | ) ) ) | 19 C 4871 |
| | ) | |
| Plaintiffs, | ) | Judge Gary Feinerman |
| | ) | |
| vs. | ) | |
| | ) | |
| WHITEPAGES INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 23, 2021, the court issued an order and opinion that, among other things, denied Whitepages Incorporated's motion to compel arbitration of or transfer Stephanie Lukis's claims, granted Lukis's motion to add two new plaintiffs (Mantas Norvaisas and Shawn Brown) to the suit, and granted Lukis's motion to compel Whitepages to produce information and documents about its non-party data providers and to re-present its witness Rohn Ramon for testimony on that subject. Docs. 174-175 (reported at 2021 WL 1600194 (N.D. Ill. Apr. 23, 2021)). The order required Whitepages to produce that written discovery by May 10, 2021—the same deadline governing the portion of the order requiring Lukis to produce certain materials—and required the parties to schedule Ramon's continued deposition as expeditiously as possible. Doc. 174. The order also required Whitepages to allow future deponents to answer questions regarding its non-party data providers, but it did not compel the presentation of any specific witness other than Ramon. *Ibid.*

On May 4, Whitepages appealed the court's denial of its motion to compel arbitration of Lukis's claims, Doc. 181, moved to dismiss, transfer, or compel arbitration of the two new

plaintiffs' claims, Doc. 182, and moved to stay or limit discovery on all three plaintiffs' claims, Doc. 184.  As to Lukis's claims, the motion to stay argues that *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997), requires a stay in light of the appeal.  Doc. 185 at 6-7.  On May 5, the court entered an order setting a briefing schedule for Whitepages's two motions and, as to discovery, stating: "Discovery may proceed pending resolution of the motions, though no discovery pertaining solely to Lukis's claims may proceed absent the parties' agreement or court order."  Doc. 188.

On May 7, Whitepages moved for a protective order.  Doc. 189.  One part of the motion asks the court to excuse Whitepages's compliance with the discovery obligations imposed by the April 23 order.  *Id*. at 1-2; Doc. 190 at 6-7.  In so moving, Whitepages notes that the May 5 order—which, as just noted, states that "no discovery pertaining solely to Lukis's claims may proceed absent the parties' agreement or court order"—does not expressly say whether the discovery required by the April 23 order "pertain[s] solely to Lukis's claims."  Doc. 190 at 5-6. Whitepages's request is denied.

As is clear from the court's April 23 opinion, Doc. 175 at 27-29, the discovery required by the April 23 order is as pertinent to the new plaintiffs' claims as it is to Lukis's claims. Indeed, information and documents about Whitepages's non-party data providers bear on this suit no matter who the plaintiff is.  This is true even of Interrogatory No. 4, which asks Whitepages to "[i]dentify which person(s) [it] contracted with to obtain [Lukis's] mobile telephone number(s)," Doc. 145 at 9, because there is some likelihood that the answer as to Lukis will apply as well to the new plaintiffs.  Accordingly, the May 5 order does not relieve Whitepages of its obligation to comply with the April 23 order.

More generally, relieving Whitepages of that obligation would unjustly and inequitably reward its obstreperous conduct during discovery. The court's April 23 opinion details Whitepages's evolving and exceptionally weak positions regarding discovery on the subject of its non-party data providers. Doc. 175 at 26-31. To make a long story short, Whitepages initially objected to that discovery based on confidentiality agreements with its data providers; abandoned that objection in opposing Lukis's motion to compel when confronted with directly contrary Seventh Circuit precedent; and in that objection's place asserted an array of make-weight arguments to avoid its plain discovery obligations. The fact is that Whitepages should have produced the documents and information long ago, and that it never should have instructed its witnesses to not answer questions regarding its data providers. As to the depositions, Whitepages should consider itself fortunate that the only consequence of its improper instructions not to answer was that it must re-present Ramon for a continued deposition. *See Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007).

So, the issue presented by Whitepages's request is this: Given all that has transpired, can Whitepages evade its obligations under the April 23 order—obligations it plainly should have discharged long before April 23, without Lukis having to file a motion to compel—by appealing the denial of its motion to compel arbitration of Lukis's claims and moving to stay further discovery on the new plaintiffs' claims? The question answers itself. The answer might possibly have been different had Whitepages's objections to the discovery required by the April 23 order not been so flimsy, but that is not our case.

Accordingly, Whitepages must supplement its responses to the interrogatories in question, and make its supplemental document production, by May 26, 2021. In addition, the parties by that date shall schedule a day and time for the resumed deposition of Ramon, so that

he can answer the questions that Whitepages improperly instructed him not to answer, as well as any appropriate follow-up questions.  Given this disposition, the court need not decide at this juncture whether Whitepages's appeal of the court's denial of its motion to compel arbitration of Lukis's claims is frivolous in light of its lengthy and unjustified delay in raising the arbitration issue with the court, and thus whether the stay of those claims pending appeal should be lifted. *See Bradford-Scott Data Corp.*, 128 F.3d at 506 ("Either the court of appeals or the district court may declare that the appeal [of the denial of a motion to compel arbitration] is frivolous, and if it is the district court may carry on with the case.").

Whitepages's motion for a protective order is granted, however, as to its request to postpone, pending resolution of its motion to stay, any other discovery regarding the new plaintiffs' claims on issues other than arbitrability.  Doc. 189 at 2; Doc. 190 at 9-10.  As the court explained in its April 23 opinion, Whitepages's motion to compel arbitration of Lukis's claims was untimely because, among other reasons, it did not at the suit's outset "immediately raise[] the [arbitration] issue by motion, and … focus[] on the arbitration question—including by conducting any necessary discovery—before broaching substantive issues in the case."  Doc. 175 at 16-17 (discussing *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 709-10 (7th Cir. 2019)).  Whitepages is seeking to follow that course as to the two new plaintiffs. Accordingly, pending resolution of Whitepages's motion to stay, discovery as to the two new plaintiffs' claims is temporarily stayed, other than discovery regarding arbitrability, and absent further court order or the parties' agreement.  As noted, this temporary stay does not include the discovery ordered on April 23 and reaffirmed above, but it does include depositions of witnesses

4

other than Ramon, as the April 23 order did not compel the presentation of any other particular witnesses at this point.

May 20, 2021

_____

United States District Judge