**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| STEPHANIE LUKIS, MANTAS NORVAISAS, and SHAWN BROWN, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 1:19-cv-04871 |
| v. | Judge Gary Feinerman |
| | Mag. Judge Jeffrey Gilbert |
| WHITEPAGES, INC., | |
| Defendant. | |

**WHITEPAGES, INC.'S REPLY IN SUPPORT
OF MOTION TO STAY OR, ALTERNATIVELY, LIMIT DISCOVERY**

# **TABLE OF CONTENTS**

                                                                                    **Page**

I.      The case should be stayed as to Lukis pending resolution of the appeal........................... 1

II.     The case also should be stayed as to Brown and Norvaisas pending resolution of
        the appeal ................................................................................................................... 2

III.    The claims of Brown and Norvaisas also should be stayed pending resolution of
        the arbitrability motion ............................................................................................... 3

IV.     Alternatively, if the Court does not stay the case as to Brown and Norvaisas, the
        Court should continue to limit discovery to the arbitrability issue ................................... 4

V.      Conclusion ................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Laboratories v. Matrix Laboratories, Inc.*,
2009 WL 3719214 (N.D. Ill. Nov. 5, 2009) ........................................................................3

*Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*,
128 F.3d 504 (7th Cir. 1997) ..............................................................................................1

*French v. Wachovia Bank*,
2008 WL 2439717 (E.D. Wis. June 16, 2008)....................................................................2

*In re Gulevsky*,
362 F.3d 961 (7th Cir. 2004) ..............................................................................................2

*Gupta v. Morgan Stanley Smith Barney, LLC*,
934 F.3d 705 (7th Cir. 2019) ..............................................................................................4

*Jimenez v. Madison Area Technical College*,
321 F.3d 652 (7th Cir. 2003) ..............................................................................................2

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)............................................................................................................2

*Marriott v. Opes Group*,
2006 WL 452431(E.D. Wis. Feb. 22, 2006) .......................................................................1

*U.S. v. Insurance Consultants of Knox, Inc.*,
187 F.3d 755 (7th Cir. 1999) ..............................................................................................2

This case should be stayed in its entirety pending resolution of defendant Whitepages, Inc.'s appeal and arbitrability motion. But at a minimum, Whitepages respectfully requests that the Court reaffirm the current procedural posture, staying discovery as to original plaintiff Stephanie Lukis while the appeal is pending and limiting discovery as to plaintiffs Shawn Brown and Mantas Norvaisas to issues related to arbitrability.

## I. The case should be stayed as to Lukis pending resolution of the appeal.

*Plaintiffs* propose that the Court continue the current stay of the case as to Lukis pending the filing of Whitepages' opening appellate brief in the Seventh Circuit and briefing in this Court from Plaintiffs about whether they believe the appeal is frivolous. (ECF 199, the "Response," p. 2). This means that Plaintiffs agree that the current stay as to Lukis is appropriate and should continue at least for the time being. Thus, at an absolute minimum, the Court should continue the stay as to Lukis, subject to further briefing after Whitepages files its opening Seventh Circuit brief.

Moreover, Plaintiffs do not dispute that the Court lost jurisdiction of Lukis's claims when the notice of appeal was filed. *See Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997). It is true, of course, that there is an exception for "frivolous" notices of appeal. *Id.* at 506 ("[T]he notice of appeal accordingly brings those proceedings to a halt *unless the appeal is frivolous*."). But it is *Plaintiffs'* burden to show that the appeal is frivolous, and they have not done so. *See Marriott v. Opes Group*, 2006 WL 452431, *2 (E.D. Wis. Feb. 22, 2006) ("*Bradford-Scott* suggests that a notice of appeal brings proceedings to a halt unless an appeal is frivolous. . . . The Court understands this to mean that the proceedings will be halted unless there is a showing of frivolity. The burden of such a showing would fall to [the non-moving party] in the present instance.").

Moreover, frivolity is an extremely high standard and Whitepages' appeal, based on the

Federal Arbitration Act 9 U.S.C. § 16, is not frivolous. *See French v. Wachovia Bank*, 2008 WL 2439717, *1 (E.D. Wis. June 16, 2008) (citing *In re Gulevsky*, 362 F.3d 961, 964 (7th Cir. 2004)) ("An appeal is 'frivolous' when the appellant's arguments are 'utterly meritless and have no conceivable chance of success.'"). Examples of cases in which appeals have been found to be "frivolous" include cases in which the moving party "had submitted 'obviously fraudulent documents' to the court, and had perpetrated 'the most blatant example of a Rule 11 violation that [she had ever] seen,'" *Jimenez v. Madison Area Technical College*, 321 F.3d 652, 658 (7th Cir. 2003), or in which "the defendants made no attempt whatsoever to explain why we should reverse almost a century of caselaw." *U.S. v. Insurance Consultants of Knox, Inc.*, 187 F.3d 755, 762 (7th Cir. 1999). Although the Court disagreed with Whitepages' arbitrability arguments in its order of April 23, 2021 (ECF 175, the "April 23 Order"), this case bears no similarity to the types of appeals that the Seventh Circuit has rejected as frivolous.

Accordingly, the Court can and should decide now that this case should be stayed as to Lukis pending resolution of the appeal.

## II. The case also should be stayed as to Brown and Norvaisas pending resolution of the appeal.

Citing no authority and failing to engage with the substance of Whitepages' arguments, Plaintiffs summarily dispatch in a single paragraph with the idea that this case should be stayed as to Brown and Norvaisas pending resolution of Whitepages' appeal. (Response, p. 1). Of course, the Court has the inherent authority to stay the proceeding as to Brown and Norvaisas. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As outlined in the Motion to Stay (ECF 184, the "Motion"), courts considering a motion to stay often look at three factors, all of which weigh in favor of a stay here: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and

(iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Abbott Laboratories v. Matrix Laboratories, Inc.*, 2009 WL 3719214, *2 (N.D. Ill. Nov. 5, 2009).

The stay will not prejudice Plaintiffs. In a point Plaintiffs failed to address in the Response, Whitepages already noted that because Plaintiffs intend to move for class certification on behalf of all three class representatives together (*see* ECF 178), the claims of Brown and Norvaisas cannot move forward until Lukis's claims move forward. And because, as set forth above, Lukis's claims must be stayed pending appeal, it is only reasonable to stay the entire case.

A stay will simplify the issues in question and streamline the trial and class certification proceedings. The Seventh Circuit appeal has the potential to resolve critical questions related to the existence of subject matter jurisdiction and the enforceability of Whitepages' Terms of Use (ECF 90-1, pp. 8-14, the "Terms"). If the Seventh Circuit concludes that Lukis lacks injury in fact or that her claims are arbitrable, that decision will streamline this case by removing Lukis as a plaintiff and giving the Court guidance on how to evaluate the arbitrability issue as to Brown and Norvaisas. If the Seventh Circuit concludes that Plaintiffs' counsel bound any of his clients by agreeing to arbitrate, that will substantially streamline this case. And regardless of the Seventh Circuit's ruling, its analysis of the arbitration issue likely will demonstrate that the arbitrability issue is an individualized inquiry that ultimately defeats class certification.

Finally, a stay would reduce the burden of litigation on the parties and the Court for the same reasons that it will simplify the issues and streamline the case. Accordingly, the Court should stay the entire case pending resolution of the appeal.

## III. The claims of Brown and Norvaisas also should be stayed pending resolution of the arbitrability motion.

Even if the Court is unwilling to stay the claims of Brown and Norvaisas pending resolution of the appeal, it should stay their claims pending resolution of Whitepages' arbitrability motion.

(ECF 183).  As set forth in the pending arbitrability motion, Whitepages' Terms delegate the issue of arbitrability to the arbitrator.  (ECF 183, pp. 14-15).  Accordingly, the **_arbitrator_** should decide whether this dispute is subject to arbitration, and it is inappropriate for discovery on the claims of Brown and Norvaisas to continue in this forum in the interim.

## IV.	Alternatively, if the Court does not stay the case as to Brown and Norvaisas, the Court should continue to limit discovery to the arbitrability issue.

If the Court will not stay the case in full as to Brown and Norvaisas, it should continue to limit discovery to the issue of arbitrability.  The Court has already held that discovery as to Brown and Norvaisas should be limited to arbitrability issues pending a ruling on Whitepages' arbitrability motion.  (*See* May 20 Order).  The parties therefore are proceeding with such discovery.  But in the Response, Brown and Norvaisas ask the Court to allow full discovery during the pendency of the arbitrability motion, inventing from whole cloth the idea that Whitepages is only entitled to a discovery limitation if Whitepages can establish a "*prima facie* showing of arbitrability."  (Response, p. 2).  Brown and Norvaisas cite no authority for such a standard, and Whitepages has found none.  Accordingly, the Court should continue to limit the scope of discovery.

At the urging of the Court in the April 23 Order (ECF 175, p. 16), Whitepages has filed its arbitrability motion now, based on an incomplete factual record.  (ECF 182-183).  The Court should conclude that Brown and Norvaisas agreed to Whitepages' Terms based on the arguments in the Motion — either because of the conduct of Plaintiffs' counsel that is already of record in this case or because of the use of the Whitepages' Web site that the Court has found is reflected in the First Amended Complaint.  (ECF 176).  But these are not necessarily the only bases by which Brown and Norvaisas agreed to Whitepages' Terms, which is why arbitrability discovery is ongoing.  *See Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 709-710 (7th Cir. 2019).

Plaintiffs disingenuously argue that if Whitepages cannot make a "*prima facie* showing" now — before they have responded to written discovery on the issue of arbitrability and before Brown or Norvaisas has been deposed on arbitrability — the Court should order discovery to proceed in full.  Whitepages served written discovery related to arbitrability on May 28, 2021.  *See* Declaration of Blaine C. Kimrey ("Kimrey Decl."), attached as **Exhibit A**, at ¶ 2 and Exhibits 1-6.  That discovery sought, among other things, documents reflecting Plaintiffs' use of and access to the Whitepages' Web site, as well as the use of and access to the Web site by Plaintiffs' counsel or other individuals acting on their behalf.  (Kimrey Decl. ¶ 3).  Plaintiffs' responses to these discovery requests are not due until June 28, 2021.  (Kimrey Decl. ¶ 5).  Accordingly, Whitepages has not yet received any of this relevant and responsive information.  (*Id.*).

Accordingly, while it is true that Plaintiffs provided Whitepages with a single email address for Brown and a single email address for Norvaisas on June 2, 2021 (the same day they filed their response briefs) (Motion, p. 3; Kimrey Decl. ¶ 6), Whitepages has had no chance to explore the numerous other potential sources of information related to whether Brown and Norvaisas may have accepted the Terms, including (but not limited to), whether they used additional email addresses; when, how and to what extent they have visited the Whitepages Web site; and when, how, and to what extent they have visited other affiliated Web sites.  In response to the email providing the email addresses for Brown and Norvaisas, Whitepages' counsel asked whether these were the only email addresses that Brown and Norvaisas had ever used.  (Kimrey Decl. ¶ 7).  Plaintiffs' counsel did not provide a straight answer, saying only that "these are their long-standing email addresses, and the addresses they use in e-commerce."  (Kimrey Decl. ¶ 8).  Brown and Norvaisas almost certainly have used other email addresses in their lives (not to mention any email

addresses that may have been used on their behalves), and Whitepages is probing into that information in arbitrability discovery.

Indeed, extensive discovery was required to discover that Plaintiffs' counsel accepted the Terms using a ***secondary*** email address (ECF 90-1, ¶ 16), and Lukis repeatedly maintained that she had never visited Whitepages.com before her Internet records ultimately revealed multiple visits to the site and her IP address allowed Whitepages to identify still more visits. (ECF 132, pp. 11-12). Whitepages is engaged in precisely the type of discovery to support its arbitrability motion that the Court expressly encouraged in the April 23 Order. The Court should not allow Plaintiffs to short-circuit this process by demanding a "*prima facie* showing" at this early stage, particularly when the Court already found as to Lukis that the original complaint itself essentially was the "*prima facie* showing" that should have prompted Whitepages to move on arbitrability as to Lukis earlier than it did.

## V.    Conclusion

For the foregoing reasons, Whitepages respectfully requests that the Court stay the proceeding generally pending resolution of the arbitrability appeal. The Court also should stay the case as to Brown and Norvaisas pending resolution of the arbitrability motion as to them. If, however, the Court finds that a complete stay of discovery as to Brown and Norvaisas is not appropriate, Whitepages respectfully requests that the Court continue limiting discovery to the question of arbitrability of Brown's and Norvaisas's claims.

Dated:  June 16, 2021

Respectfully submitted,

WHITEPAGES, INC.

By:    _/s/ Blaine C. Kimrey_
       One of its attorneys

Blaine C. Kimrey – bkimrey@vedderprice.com
Bryan K. Clark – bclark@vedderprice.com
Jonathon P. Reinisch – jreinisch@vedderprice.com
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2021, a copy of the foregoing was electronically filed in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

_/s/ Blaine C. Kimrey_
Blaine C. Kimrey