# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FATIMA BUTLER and JULIA SCHOLZ-PINGER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Whitepages, Inc., a Washington Corporation,<br><br>*Defendant*. | Case. No. 19-cv-4871 |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) plaintiffs Fatima Butler ("Butler") and Julia Scholz-Pinger ("Scholz-Pinger"), (ii) the Illinois Settlement Class; (iii) the Ohio Settlement Class (Butler, Scholz-Pinger, the Illinois Settlement Class, and the Ohio Settlement Class are collectively referred to as the "Plaintiffs" unless otherwise noted), and defendant Whitepages, Inc. ("Defendant" or "Whitepages," as defined at Paragraph 1.9 below). Plaintiffs and Defendant are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined at Paragraph 1.29 below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A. On June 20, 2019, Stephanie Lukis filed a putative class action complaint against Whitepages in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq*. ("IRPA").

B. Whitepages removed this action to the United States District Court for the

Northern District of Illinois on July 19, 2019, and thereafter moved to dismiss the complaint. The

Court denied Defendant's motion to dismiss on April 16, 2020. (Dkt. 37.)

      C.      On August 8, 2020, Whitepages moved the Court (i) to reconsider its April 16,

2020 Order denying Whitepages' motion to dismiss (dkt. 40), (ii) for leave to appeal pursuant to

28 U.S.C. § 1292(b) (dkt. 43), and (iii) to stay the proceedings during the pendency of its motion

for reconsideration and/or appeal (dkt. 46).

      D.      The Court denied Whitepages' motion to stay on June 2, 2020 and took the

motions to reconsider and for leave to appeal under advisement. (Dkt. 60).

      E.      Three weeks later, Whitepages moved for summary judgment (dkt. 61), and

shortly thereafter, moved to stay the litigation until its summary judgment motion was resolved

(dkt. 70). The Court denied the motion to stay and took the motion for summary judgment under

advisement. (Dkt. 71.)

      F.      The Parties then began conducting significant discovery, which included the

production of thousands of pages of documents, a two-day deposition of Stephanie Lukis, and

four depositions of Whitepages' personnel. During that time, the Parties also filed and briefed

three motions to compel discovery (dkts. 106, 127, 136) and a motion for discovery-related

sanctions (dkt. 149).

      G.      On October 27, 2020, the Court denied Whitepages' motion to reconsider, its

motion for leave to appeal, and its motion for summary judgment. (Dkt. 88.) That same day,

Whitepages filed a Motion to Dismiss or Transfer Based on Arbitrability. (Dkt. 89.) Following

full briefing by the Parties, the motion was taken under advisement on March 9, 2021 (dkt. 166)

and denied on April 23, 2021 (dkt. 174).

      H.      Plaintiff then filed an amended complaint on April 26, 2021, which added Shawn

Brown and Mantas Norvaisas as additional plaintiffs to this action.

I.       On May 4, 2021, Whitepages filed notice of its appeal of the Court's April 23, 2021 Order pursuant to 9 U.S.C. §§ 16(a)(1)(A) and (B) (dkt. 181), along with a renewed motion to dismiss the complaint for lack of jurisdiction (dkt. 182) and a motion to stay (dkt. 184). The Court granted in part, and denied in part, the motion to stay two weeks later, and the Parties continued conducting discovery on the issue of arbitrability. (Dkt. 193.)

J.       In July 2021, the parties began exploring the possibility of settlement in both the instant action, as well as a separate putative class action—captioned *Kolebuck-Utz v. Whitepages, Inc.*, Case No. 21-0053 (W.D. Wash.)—that was filed against Whitepages on January 15, 2021 under the Ohio Right of Publicity law, Ohio Revised Code § 2741.01 *et. seq.* and brought on behalf of a putative class of Ohio residents. Whitepages moved to dismiss the *Kolebuck-Utz* action on February 25, 2021. The motion was denied on April 22, 2021.

K.       To facilitate their discussions, the Parties agreed to mediate the case with the Honorable Sidney Schenkier (Ret.) of JAMS. The Parties exchanged mediation briefs and participated in a full-day mediation session with Judge Schenkier on September 21, 2021. Though the Parties were unable to reach agreement during their initial session, they agreed to continue working with Judge Schenkier toward resolution. After considerable arms-length negotiations, the Parties were ultimately able to reach agreement to resolve both actions.

L.       To conform the pleadings to the settlement, Class Counsel within seven days after full execution of this Agreement and the individual settlement agreements with Stephanie Lukis, the heirs of Shawn Brown, Mantas Norvaisas, and Angela Kolebuck-Utz will file a Second Amended Complaint with the consent of Whitepages (subject to Section 9.3 of this Agreement), which will substitute plaintiffs Butler and Scholz-Pinger as putative class representatives for the

putative Illinois Settlement Class and the putative Ohio Settlement Class, respectively. Defendant represents that there are approximately 30,211 Illinois residents in the Illinois Settlement Class and 28,642 residents in the Ohio Settlement Class. The Parties agree that Defendant's consent to the filing of the Second Amended Complaint is without prejudice to Defendant's right to challenge the merits of the Second Amended Complaint, including the class definition, and/or to move to compel arbitration if the Settlement Agreement is not finally approved for whatever reason, and Whitepages has not waived any such challenges.

M.     Plaintiffs and Class Counsel believe that the claims asserted in the Actions have merit, and that they would have ultimately succeeded at trial and on any subsequent appeal. But Plaintiffs and Class Counsel recognize that Whitepages has raised relevant factual and legal defenses that pose risks to the Classes. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation and the appeals that would follow any judgment in favor of the Classes. Class Counsel believe that this Agreement eliminates uncertainty in the outcome and presents an exceptional result for the Classes, and one that will be provided without delay. Therefore, Plaintiffs believe that it is in the best interest of the Classes to settle the Actions and that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Settlement Agreement.

N.     Whitepages denies all allegations of wrongdoing and liability and denies all material allegations in the consolidated Second Amended Complaint (as well as all complaints that preceded it) and strongly believes that it would prevail in any trial on the merits, but has similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Classes' claims for

substantial damages. Whitepages thus desires to resolve finally and completely the pending claims of Plaintiffs and the Classes.

O.      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Classes, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Actions shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## **AGREEMENT**

## 1.      **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.      **"Actions"** means the cases captioned *Lukis v. Whitepages, Inc.*, No 19-cv-4871, as amended, pending in the United States District Court for the Northern District of Illinois, and *Kolebuck-Utz v. Whitepages, Inc.*, No. 21-cv-0053, pending in the United States District Court for the Western District of Washington.

1.2.      **"Approved Illinois Claim"** means a Claim Form submitted by an Illinois Settlement Class Member that is: (i) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (ii) fully and truthfully completed with all of the information required of an Illinois Settlement Class Member; and (iii) signed by the Illinois Settlement Class Member, physically or electronically.

1.3.      **"Approved Ohio Claim"** means a Claim Form submitted by an Ohio Settlement Class Member that is: (i) submitted timely and in accordance with the directions on the Claim

Form and the provisions of the Settlement Agreement; (ii) fully and truthfully completed with all of the information required of an Ohio Settlement Class Member; and (iii) signed by the Ohio Settlement Class Member, physically or electronically.

1.4. **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely and shall be set as a date no later than sixty (60) days after the Notice Date. The Claims Deadline shall be clearly set forth in the order granting Preliminary Approval, in the Notice, and in the Claim Form.

1.5. **"Claim Form"** means the form attached hereto as Exhibit A, as approved by the Court. The Claim Form must be completed and physically signed or verified electronically by any Illinois Settlement Class Members and Ohio Settlement Class Members who wish to file a claim for a settlement payment, and shall be available for submission on or download from the Settlement Website and from the Settlement Administrator in hardcopy form. The Claim Form will not require notarization, but will require the information supplied to be true and correct. The Claim Form will provide the option of having settlement payments transmitted electronically through Venmo, Zelle, Paypal, or check.

1.6. **"Class Counsel"** means Roberto Luis Costales and William Beaumont of Beaumont Costales LLC, J. Eli Wade-Scott of Edelson PC, and Philip L. Fraietta of Bursor & Fisher, P.A.

1.7. **"Class Representatives"** means plaintiffs Fatima Butler and Julia Scholz-Pinger as representative of the Illinois Settlement Class and as representative of the Ohio Settlement Class, respectively.

1.8. **"Court"** means the United States District Court for the Northern District of Illinois, the Honorable Gary S. Feinerman presiding, or any judge who shall succeed him as

judge in this case.

1.9. **"Defendant"** means Whitepages, Inc., a Washington corporation.

1.10. **"Defendant's Counsel"** means Blaine C. Kimrey and Bryan K. Clark of Vedder Price P.C.

1.11. **"Effective Date"** means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Illinois Fee Award, Ohio Fee Award, or incentive awards, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

1.12. **"Escrow Accounts"** means the two separate interest-bearing escrow accounts to be established by the Settlement Administrator, from which all payments out of the Illinois Settlement Fund and Ohio Settlement Fund, including for Approved Illinois Claims and Approved Ohio Claims, Settlement Administration Expenses, any incentive award to the Class Representatives, and any Illinois Fee Award or Ohio Fee Award to Class Counsel will be made. The Escrow Accounts shall be established under terms acceptable to Plaintiffs and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Accounts shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in

either case with maturities of forty-five (45) days or less. The costs of establishing the Escrow Accounts shall be proportionally deducted from the Illinois Settlement Fund and the Ohio Settlement Fund. Any interest earned on the Escrow Accounts shall be considered part of the respective Illinois Settlement Fund or the Ohio Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Escrow Accounts and the payment of all taxes that may be due on such earnings.

1.13.　**"Final Approval Hearing"** means the hearing before the Court where the Plaintiffs will request the Final Approval Order to be entered by the Court approving the Settlement Agreement and determining the Illinois Fee Award, Ohio Fee Award, and incentive award to the Class Representatives.

1.1　**"Final Approval Order"** means the final approval order to be entered by the Court approving the settlement of the Actions in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing this case with prejudice.

1.14.　**"Illinois Settlement Class"** means all individuals with a primary Illinois residential address whose individual detail pages were displayed on Whitepages.com in response to a search on the website and whose names were clicked on between May 7, 2019 and January 27, 2022 where the searcher during that same site visit purchased a subscription. Excluded from the Illinois Settlement Class is (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

1.15.　**"Illinois Settlement Class Member"** means a person who falls within the

definition of the Illinois Settlement Class and who has not submitted a valid request for exclusion.

1.16.  **"Illinois Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel with respect to the Illinois Settlement Class, along with a proportional amount of the total reimbursement of costs awarded by the Court to Class Counsel.

1.17.  **"Illinois Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by Defendant or its Insurer in the total amount of one million two hundred eight thousand four hundred forty dollars ($1,208,440), which shall be deposited in the Escrow Account by Defendant or its Insurer no later than fourteen (14) days after Preliminary Approval. From this Illinois Settlement Fund, the Settlement Administrator shall pay (i) Approved Illinois Claims, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to plaintiff Butler, and (iv) any Illinois Fee Award. The Illinois Settlement Fund represents the limit and extent of Defendant's monetary obligations under this Agreement to the Illinois Settlement Class. The Illinois Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party, except as set forth in Paragraph 9.

1.18.  **"Insurer"** means any insurance carrier defending and/or indemnifying Whitepages in connection with the claims asserted in the Actions.

1.19.  **"Mediator"** means the Honorable Sidney Schenkier (ret.) of JAMS, Chicago.

1.20.  **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Illinois Settlement Class Members and the

Ohio Settlement Class Members substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and Fed. R. Civ. P. 23, and is substantially in the form of Exhibits B, C, and D, E, and F attached hereto.

1.21. **"Notice Date"** means the date by which notice is to be provided, which shall be a date no later than twenty-one (21) days after entry of Preliminary Approval.

1.22. **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Illinois Settlement Class and/or the Ohio Settlement Class must be postmarked and/or filed with the Court, which shall be designated as sixty (60) days after the Notice Date.

1.23. **"Ohio Settlement Class"** means all individuals with a primary Ohio residential address whose individual detail pages were displayed on Whitepages.com in response to a search on the website and whose names were clicked on between May 7, 2019 and January 27, 2022, where the searcher during that same site visit purchased a subscription. Excluded from the Ohio Settlement Class is (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

1.24. **"Ohio Settlement Class Member"** means a person who falls within the definition of the Ohio Settlement Class who has not submitted a valid request for exclusion.

1.25. **"Ohio Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel with respect to the Ohio Settlement Class, along with a proportional amount of the total reimbursement of costs awarded by the Court to Class Counsel.

1.26. **"Ohio Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by Defendant or its Insurer in the total amount of two million eight hundred sixty-four thousand two hundred dollars ($2,864,200), which shall be deposited in the Escrow Account by Defendant or its Insurer no later than fourteen (14) days after Preliminary Approval. From this Ohio Settlement Fund, the Settlement Administrator shall pay (i) Approved Ohio Claims, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to Plaintiff Scholz-Pinger, and (iv) any Ohio Fee Award. The Ohio Settlement Fund represents the limit and extent of Defendant's monetary obligations under this Agreement to the Ohio Settlement Class. The Ohio Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party, except as set forth in Paragraph 9.

1.27. **"Plaintiffs"** means, collectively, Fatima Butler and the Illinois Settlement Class Members, and Julia Scholz-Pinger and the Ohio Settlement Class Members.

1.28. **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, certifying the Illinois Settlement Class and the Ohio Settlement Class for settlement purposes, and approving the form of the Notice.

1.29. **"Released Claims"** means any and all past and present claims or causes of action, whether known or unknown (including Unknown Claims, as defined below), arising from or related to the alleged use of a person's name, age, contact information, former residence locations, list of possible relatives, likeness, photograph, image, or other identifying information to advertise, promote, or in connection with an offer for sale any products or services, including

any violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*, or Ohio's right of publicity law, Ohio Revised Code § 2741.01, *et. seq.*

1.30. **"Released Parties"** means Defendant and its Insurer, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

1.31. **"Releasing Parties"** means Plaintiffs and each Illinois Settlement Class Member and Ohio Settlement Class Members and their respective present or past heirs, executors, estates, administrators, assigns and agents.

1.32. **"Settlement Administration Expenses"** means the expenses incurred by or on behalf of the Settlement Administrator in administering the Settlement Agreement, including expenses relating to providing Notice, processing Claim Forms, and mailing checks for Approved Illinois Claims and Approved Ohio Claims, with all such expenses to be proportionally paid from the Illinois Settlement Fund and the Ohio Settlement Fund, such that Settlement Administration Expenses incurred on behalf of both the Illinois Settlement Class and Ohio Settlement Class shall be paid equally from the Illinois Settlement Fund and the Ohio Settlement Fund, and Settlement Administration Expenses incurred on behalf of only the Illinois Settlement Class or only the Ohio Settlement Class shall be paid only from the Illinois Settlement Fund or the Ohio Settlement Fund, respectively.

1.33. **"Settlement Administrator"** means Simpluris selected by the Parties and

approved by the Court, which shall oversee the distribution of Notice, and process and pay

Approved Illinois Claims and Approved Ohio Claims as set forth in this Agreement.

1.34. **"Settlement Website"** means the website to be created, launched, and maintained

by the Settlement Administrator, and which allows for the electronic submission of Claim Forms

and provides access to relevant case documents including the Notice, information about the

submission of Claim Forms and other relevant documents.

1.35. **"Unknown Claims"** means claims that could have been raised in the Actions and

that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him

or her, might affect his or her agreement to release the Released Parties or the Released Claims

or might affect his or her decision to agree, object or not to object to the Settlement. Upon the

Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived

and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of

§ 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT
> THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR
> HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

**2.      SETTLEMENT RELIEF.**

**2.1.    Settlement Payments to Illinois Settlement Class Members.**

(a)      Illinois Settlement Class Members shall have until the Claims Deadline to submit a Claim Form. The Settlement Administrator shall have sole and final authority for to determine if a Claim Form is an Approved Illinois Claim. Each Illinois Settlement Class Member who submits an Approved Illinois Claim shall be entitled to a payment of a *pro rata* share of the Illinois Settlement Fund, after payment of Settlement Administrator Expenses, the Illinois Fee Award, and any incentive award to the Illinois Class Representative.

(b)      Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send settlement payments from the Illinois Settlement Fund by electronic deposit or by check via First Class U.S. Mail to the address provided on the Claim Form, as elected by the Illinois Settlement Class Member with an Approved Illinois Claim.

(c)      Each payment issued to an Illinois Settlement Class Member by check will state on the face of the check that it will become null and void unless cashed within one hundred and eighty (180) calendar days after the date of issuance.

(d)      In the event that an electronic deposit to an Illinois Settlement Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Illinois Settlement Class Member within twenty-eight (28) days to correct the problem.

(e)      To the extent that a check issued to an Illinois Settlement Class Member is

not cashed within one hundred and eighty (180) days after the date of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such funds shall revert to the Illinois Settlement Fund to be distributed *pro rata* to Illinois Settlement Class Members with Approved Illinois Claims if practicable, or in a manner as otherwise directed by the Court upon application made by Class Counsel.

**2.2.    Settlement Payments to Ohio Settlement Class Members.**

(a)    Ohio Settlement Class Members shall have until the Claims Deadline to submit a Claim Form. The Settlement Administrator shall have sole and final authority for to determine if a Claim Form is an Approved Ohio Claim. Each Ohio Settlement Class Member who submits an Approved Ohio Claim shall be entitled to a payment of a *pro rata* share of the Ohio Settlement Fund, after payment of Settlement Administrator Expenses, the Ohio Fee Award, and any incentive award to the Ohio Class Representative.

(b)    Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send settlement payments from the Ohio Settlement Fund by electronic deposit or by check via First Class U.S. Mail to the address provided on the Claim Form, as elected by the Ohio Settlement Class Member with an Approved Ohio Claim.

(c)    Each payment issued to an Ohio Settlement Class Member by check will state on the face of the check that it will become null and void unless cashed within one hundred and eighty (180) calendar days after the date of issuance.

(d)    In the event that an electronic deposit to an Ohio Settlement Class

Member is unable to be processed, the Settlement Administrator shall attempt to contact the Ohio Settlement Class Member within twenty-eight (28) days to correct the problem.

(e) To the extent that a check issued to an Ohio Settlement Class Member is not cashed within one hundred and eighty (180) days after the date of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such funds shall revert to the Ohio Settlement Fund to be distributed *pro rata* to Ohio Settlement Class Members with Approved Ohio Claims if practicable, or in a manner as otherwise directed by the Court upon application made by Class Counsel.

**2.3. Prospective Relief.**

(a) Defendant shall not display the name of any Illinois Settlement Class Member or Ohio Settlement Class Member whose residence, according to Defendant's database, remains in Illinois or Ohio, on any page on its website that includes a subscription offer to Defendant's products or services.

(b) Defendant shall implement the changes to its website required by subsection (a) above no later than the date of entry of a Final Approval Order or May 31, 2022, whichever is later, provided, however, that Defendant shall have no obligation to implement the changes to its website required by subsection (a) if the Court does not enter the Final Approval Order.

(c) Defendant shall maintain the changes required by subsection (a) above for a period of three (3) years after entry of a Final Approval Order.

**3. RELEASE**

3.1. **The Release.** Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be

deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims.

## 4.    NOTICE TO THE CLASSES.

4.1.    *Settlement Class List.* Defendant shall provide the Settlement Administrator a list of all names, e-mail addresses (if known), and last known U.S. Mail addresses of all persons in the Illinois Settlement Class and the Ohio Settlement Class (the "Settlement Class List") as soon as practicable, but by no later than seven (7) days after the execution of this Agreement. The Settlement Administrator shall keep the Settlement Class List and all personal information obtained therefrom, including the identity and mailing addresses of all persons strictly confidential. The Settlement Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual class members of their rights, mailing settlement payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice.

4.2.    The Notice shall consist of the following:

(a)    *Direct Notice via Email and U.S. Mail.* No later than the Notice Date, the Settlement Administrator shall: (i) send Notice substantially in the form attached as Exhibits B (the Illinois Settlement Class) and C (the Ohio Settlement Class) via First Class U.S. Mail provided an associated U.S. Mail address is contained in the Settlement Class List; and (ii) send Notice via email substantially in the form attached as Exhibit D, along with an electronic link to the Claim Form, to all Illinois Settlement Class Members for whom a valid email address is available in the Settlement Class List. No later than the Notice Date, the Settlement Administrator shall also send Notice via email substantially

in the form attached as Exhibit E, along with an electronic link to the Claim Form, to all Ohio Settlement Class Members for whom a valid email address is available in the Settlement Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

      (b)    *Update Addresses.* Prior to mailing any Notice, the Settlement Administrator will update the U.S. Mail addresses of persons on the Settlement Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any class members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings.

      (c)    *Reminder Notice.* Thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email along with an electronic link to the Claim Form, to all Illinois Class Members and Ohio Class Members for whom a valid email address is available in the Settlement Class List. The reminder emails shall be substantially in the form of Exhibits D and E, with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice. If the number of Claim Forms submitted by Illinois Settlement Class Members and Ohio Settlement Class Members does not equal at least ten percent (10%) of each respective class, then the Settlement Administrator shall send a final reminder notice two (2) days before the Claims Deadline substantially in the form of Exhibits D and E, with minor, non-material modifications to indicate that it is a final

notice.

(d)    *Settlement Website*. Within seven (7) days after Preliminary Approval, Notice shall be provided on a website at www.WhitepagesRightofPublicity.com, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms online. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit F hereto.

(e)    *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Settlement Administrator shall cause to be served upon the Attorney General of the United States and all appropriate State officials notice of the proposed settlement as required by law. Settlement Administrator shall certify compliance to the Parties, who then will file a certification with the Court demonstrating compliance with this provision.

4.3.    The Notice shall also advise the Illinois Settlement Class and the Ohio Settlement Class of their rights under the Settlement, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection files notice of his or her intention to do so and at the same time: (a) files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from an Illinois Settlement Class Member or Ohio Settlement Class Member represented by counsel, and (c) sends copies of such papers via mail, hand, or overnight delivery service to both

Class Counsel and Defendant's Counsel.

4.4.    **Right to Object or Comment.** Any Illinois Settlement Class Member or Ohio Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (a) the person's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Illinois Settlement Class or the Ohio Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Illinois Settlement Class or the Ohio Settlement Class, or to the entire Illinois Settlement Class or the Ohio Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the person desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, e-mailed, or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any Illinois Settlement Class Member or Ohio Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the

Actions or in any other action or proceeding.

4.5. **Right to Request Exclusion.** Any person in the Illinois Settlement Class or Ohio Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.); (c) identify if the person seeking exclusion is a member of the Illinois Settlement Class or the Ohio Settlement Class; (d) state the full name and current address of the person seeking exclusion; (e) be signed by the person(s) seeking exclusion; and (f) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from *Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Illinois Settlement Class Members or Ohio Settlement Class Members and shall be bound by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Illinois Settlement Class or the Ohio Settlement Class shall not (a) be bound by any orders or the Final Approval Order, (b) receive a settlement payment under this Agreement, (c) gain any rights by virtue of this Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order. No person may request to be excluded from the Illinois Settlement Class or the Ohio Settlement

Class through "mass" or "class" opt-outs.

**5.     SETTLEMENT ADMINISTRATION.**

5.1.     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Illinois Settlement Fund and/or the Ohio Settlement Fund paid on account of Approved Illinois Claims and Approved Ohio Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Receive exclusion forms and other requests from the Illinois Settlement Class Members and/or Ohio Settlement Class Members and promptly provide a copy of such requests to Class Counsel and Defendant's Counsel upon receipt. If the Settlement Administrator receives any exclusion forms or other requests from the Illinois Settlement Class or Ohio Settlement Class after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's

Counsel;

(b)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the current number approved by the Settlement Administrator at that time, and the number of opt-outs received;

(c)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Form, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice;

(d)     Pay all Approved Illinois Claims and Approved Ohio Claims according to the terms of this Settlement Agreement;

(e)     Make all tax filings related to the Escrow Accounts, including requesting Form W-9's from Ohio Settlement Class Members and/or Illinois Settlement Class Members and performing back-up withholding as necessary, and making any required "information returns" as that term is used in 26 U.S.C. § 1, *et seq.* Neither Class Counsel nor Defendant make any representations regarding the tax treatment of either the Illinois Settlement Fund or the Ohio Settlement Fund; and

(f)     Respond to questions about the Settlement from class members.

5.2.    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator, after consultation with Class Counsel, shall reject Claim Forms where there is evidence of abuse or fraud.

5.3.    The Settlement Administrator shall also reject any Claim Form that does not contain all requested information. The Settlement Administrator shall provide the class member

with an opportunity to cure within twenty-one (21) days. If the Class Member fails to cure within the required time, the claim shall be rejected.

5.4. In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Illinois Settlement Class Member or Ohio Settlement Class Member.

**6. TERMINATION OF SETTLEMENT.**

6.1. Subject to Paragraph 9 below, the Class Representatives (on behalf of the respective Illinois Settlement Class or Ohio Settlement Class) or Defendant shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect (other than an award of attorneys' fees in an amount less than requested or the failure to award incentive awards); (iii) the Court's refusal to enter the Final Approval Order in any material respect; (iv) the date upon which the Final Approval Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Approval Order, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2. Defendant may terminate this Agreement in the event that more than two percent (2%) of members of the Illinois Settlement Class or more than two percent (2%) of members of the Ohio Settlement Class submit timely and valid requests for exclusion from the settlement, provided that Defendant provides written notice of the election to do so to Class Counsel within ten (10) days after the Objection/Exclusion Deadline.

## 7. PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

7.1. **Preliminary Approval.** Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its exhibits to the Court and shall move the Court for entry of Preliminary Approval of the settlement set forth in this Agreement, which shall include, among other provisions, a request that the Court:

(a)     appoint Class Counsel and the Class Representatives;

(b)     certify the Illinois Settlement Class and the Ohio Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only;

(c)     preliminarily approve this Agreement for purposes of disseminating Notice to the Illinois Settlement Class Members and the Ohio Settlement Class Members;

(d)     approve the form and contents of the Notice, the Claim Form, as well as the method of dissemination;

(e)     schedule a Final Approval Hearing after the expiration of the CAFA notice period to review any comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy; to consider the application for an award of attorneys' fees, incentive awards to the Class Representatives, and reimbursement of expenses; to consider whether the Court shall issue a Final Approval Order approving this Agreement; and to consider dismissal with prejudice.

7.2. **Final Approval.** After Notice is given, Class Counsel shall move the Court for Final Approval, which shall include, among other provisions, a request that the Court:

(a)     find that it has personal jurisdiction over all Illinois Settlement Class Members and Ohio Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

(b)      approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Illinois Settlement Class Members and the Ohio Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)      find that the Notice implemented pursuant to the Settlement Agreement: (i) constitutes the best practicable notice under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Illinois Settlement Class Members and Ohio Settlement Class Members of the pendency of the Settlement and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)      find that the Class Representatives and Class Counsel adequately represented the Illinois Settlement Class and the Ohio Settlement Class for purposes of entering into and implementing the Agreement;

(e)      dismiss this case on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(f)      incorporate the Release set forth above, make the Release effective as of the date of the Final Approval Order, and forever discharge the Released Parties as set

forth herein;

      (g)    authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) that (i) shall be consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Illinois Settlement Class Members or Ohio Settlement Class Members;

      (h)    without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and

      (i)    **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.

8.1.    Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred as the Illinois Fee Award from the Illinois Settlement Fund and the Ohio Fee Award from the Ohio Settlement Fund. The amount of the Illinois Fee Award and Ohio Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees and unreimbursed costs to thirty-five percent (35%) of the Illinois Settlement Fund and thirty-five percent (35%) of the Ohio Settlement Fund, after Settlement Administration Expenses are deducted from each. Defendant may challenge the amounts requested. Should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the

amount ultimately awarded pursuant to this Section shall remain in the Illinois Settlement Fund and/or Ohio Settlement Fund and be distributed to class members as settlement payments.

8.2.     The Illinois Fee Award and the Ohio Fee Award shall be payable within seven (7) days after entry of the Court's Final Approval Order to any Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibits G-1 and G-2, and providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of any amount of the Fee Award to Class Counsel not executing an Undertaking shall be paid the Fee Award by the Settlement Administrator within five (5) business days after the Effective Date. Payment of the Illinois Fee Award and the Ohio Fee Award shall be made by wire transfer to Bursor & Fisher, P.A., as agent for Class Counsel, for distribution to and among counsel for Plaintiffs and the Illinois Settlement Class and Ohio Settlement Class, in accordance with wire instructions to be provided to the Settlement Administrator by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Approval Order is reversed or rendered void as a result of an appeal(s) then any persons or firms who shall have received such funds shall be severally liable for payments made pursuant to this subparagraph, and shall return such funds to the applicable Settlement Fund. To effectuate this provision, Bursor & Fisher, P.A. and Beaumont Costales LLC shall each execute a guarantee of repayment in the forms attached hereto as Exhibit G-1. and G-2.  Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exit prior to the final payment to Illinois Settlement Class Members or Ohio Settlement Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

8.3.     In addition to any payment to which they may be entitled under this Agreement, and in recognition of the time and effort they expended on behalf of the Illinois Settlement Class and the Ohio Settlement Class, respectively, the Class Representatives shall each be paid an incentive award in the total amount of one thousand dollars ($1,000), subject to the Court's approval. Plaintiff Butler shall be paid the incentive award, as determined by the Court, from the Illinois Settlement Fund within seven (7) days after the Effective Date. Payment of the incentive award to shall be made via check to plaintiff Butler, such check to be sent care of Class Counsel. Plaintiff Scholz-Pinger shall be paid the incentive award, as determined by the Court, from the Ohio Settlement Fund within seven (7) days after the Effective Date. Payment of the incentive award shall be made via check to plaintiff Scholz-Pinger, such check to be sent care of Class Counsel.

9.     **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1.     The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs:

(a)     This Agreement has been signed by the Parties and Class Counsel, and the individual settlement agreements with Stephanie Lukis, the heirs of Shawn Brown, Mantas Norvaisas, and Angela Kolebuck-Utz have been fully executed;

(b)     The Court has entered an order granting Preliminary Approval of the Agreement;

(c)     The Court has entered a Final Approval Order finally approving the Agreement, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable, following Notice and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure; and

(d)     In the event that the Court enters an approval order and final judgment in a form other than that provided above ("Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and unappealable.

9.2.    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Illinois Fee Award and Ohio Fee Award to Class Counsel set forth above or the incentive award to the Class Representatives, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3.    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Actions as if this Agreement had never been entered into, including Defendant's right to seek to compel arbitration as to the Plaintiffs named in the Second Amended Complaint.

9.4. In the event the Settlement is terminated or fails to become effective for any reason, the Illinois Settlement Fund and Ohio Settlement Fund, together with any earnings thereon at the same rate as earned, less any taxes paid or due, less Settlement Administrative Expenses actually incurred and paid or payable from the Settlement Fund, shall be returned to Defendant or its Insurer within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendant's Counsel to the Settlement Administrator.

## 10. MISCELLANEOUS PROVISIONS

10.1. The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2. Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.3. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Actions were brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.4.    The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5.    Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any court order, communication, act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

a.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Fund, Settlement Payment or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.    is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with

respect to any statement or written document approved or made by the Released Parties, or any of them;

c.      is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d.      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

e.      is, may be deemed, or shall be construed against Plaintiffs and the Illinois Settlement Class, Ohio Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be

given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      f.    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Illinois Settlement Class, Ohio Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Actions would have exceeded or would have been less than any particular amount.

10.6.    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7.    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.8.    All of the exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9.    This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10.  Except as otherwise provided herein, each Party shall bear its own attorneys' fees

and costs incurred in any way related to the Actions.

10.11.   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12.   Each counsel or other person executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.13.   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.14.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.15.   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.16.   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be

construed more strictly against one party than another.

10.17.  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| **If to Plaintiffs' Counsel:** | **If to Defendant's Counsel:** |
|---|---|
| Eli Wade-Scott | Blaine C. Kimrey |
| ewadescott@edelson.com | bkimrey@vedderprice.com |
| Edelson P.C. | Vedder Price P.C. |
| 350 North LaSalle Street, 14th Floor | 222 North LaSalle Street |
| Chicago, Illinois 60665 | Chicago, Illinois 60601 |

[SIGNATURES APPEAR ON FOLLOWING PAGE.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**FATIMA BUTLER,** individually and on behalf of the Illinois Settlement Class,

Dated: Apr 20, 2022

By: *Fatima Butler*

**JULIA SCHOLZ-PINGER,** individually and on behalf of the Ohio Settlement Class,

Dated: Apr 19, 2022

By: *Julia Scholz-Pinger (Apr 19, 2022 12:32 EDT)*

**BEAUMONT COSTALES LLC**
Attorneys for Plaintiffs

Dated: _____

By: _____

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiffs

Dated: _____

By: _____

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _____

By: _____

**WHITEPAGES, INC.**

Dated: April 25, 2022

By: *Leigh McMillan*

Its: CEO

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**FATIMA BUTLER,** individually and on behalf of the Illinois Settlement Class,

Dated: _____          By: _____

**JULIA SCHOLZ-PINGER,** individually and on behalf of the Ohio Settlement Class,

Dated: _____          By: _____

**BEAUMONT COSTALES LLC**
Attorneys for Plaintiffs

Dated: _____4/19/2022_____          By: _*Roberto Costales*_____
                                                  B10506886BAC46E...

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiffs

Dated: _April 15, 2022_          By: _____

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _April 19, 2022_          By: _____

**WHITEPAGES, INC.**

Dated: _April 25, 2022_          By: _*Leigh McMillan*_____

                                      Its: _CEO_____

37

# Exhibit A

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871

## ONLINE CLAIM FORM

**Instructions:** You may be eligible for a payment as part of the Settlement for this case. Fill out each section of this form and sign where indicated. Please select whether you prefer to receive payment through Venmo, Zelle, Paypal, or a check. If you opt for payment via check and your Claim Form is approved, you will receive a check in the mail at the address you provide below. THIS CLAIM FORM MUST BE SUBMITTED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

The Settlement Administrator will review your Claim Form. If accepted, you will receive payment for an equal, or *pro rata*, share depending on the number of valid Claim Forms received. This process takes time; please be patient.

| First Name | | Last Name | |
|---|---|---|---|
| **Street Address** | | | |
| **City** | **State** | **ZIP Code** | |
| **Email Address** | | | |
| **Contact Phone #:** (You may be contacted if further information is required) | | | |

**Select Payment Method.** Select the box of how you would like to receive your payment and provide the requested information:

    Check                    Venmo®                    Zelle®                    PayPal®

[Based on the selection, the claimant will be prompted to provide the information the Settlement Administrator requires to complete the payment]

E- Signature: _____          Date: __ __/__ __/__ __

[redirect Ohio Class to optional W-9 form]

*Para informacion en Espanol, visitar www.[tobedetermined].com.*

Exhibit B

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

**OUR RECORDS INDICATE
THAT YOU LIVE IN
ILLINOIS AND HAD YOUR
INDIVIDUAL DETAILS
DISPLAYED ON
WHITEPAGES.COM IN
RESPONSE TO A SEARCH
BETWEEN MAY 7, 2019
AND JANUARY 27, 2022.
YOU MAY BE ENTITLED
TO A PAYMENT FROM A
CLASS ACTION
SETTLEMENT.**

XXX

Butler and Scholz-Pinger v. Whitepages, Inc.
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #___

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

---

**CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST
BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo,
PayPal, Zelle, or a check, you must submit a Claim Form online on the Settlement Website at
www.WhitepagesRightofPublicity.com. If you submit this paper Claim Form by mail and it is approved, you will receive a
check in the mail at the address you provide below.

Name (First, M.I., Last): _____  _____  _____

Street Address: _____

City: _____  State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

Signature: _____  Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check for a *pro rata* share
depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.WhitepagesRightofPublicity.com or call [toll free number]**

This notice is to inform your that a Settlement has been reached in a class action lawsuit between individuals who have an Illinois or Ohio residential address and Whitepages, Inc ("Defendant" or "Whitepages") about the display of personal information on Whitepages com The lawsuit claims that Whitepages violated an Illinois law called the Illinois Right of Publicity Act and a similar Ohio law when it allegedly used individuals' names, ages, contact information, former residence locations, lists of possible relatives, likenesses, photographs, images, or other identifying information to advertise or promote the subscription service to its people search engine The Court has not decided who is right or wrong Please read this notice carefully Your legal rights are affected whether you act, or don't act

**Who is included in the Settlement Class?** Our records indicate that you are included in the Illinois Settlement Class The Settlement Class includes all persons who have a primary Illinois residential address, who had their individual detail pages displayed on Whitepages com in response to a search on the website, and who had their names clicked on between May 7, 2019 and January 27, 2022 where the searcher during that same site visit purchased a subscription

**What can I get out of the settlement?** If you're eligible and the Court approves the settlement, you can file a claim to receive a cash payment The payment amount is estimated to be approximately $125 to $245, but could be more or less depending on the number of valid claims submitted This amount is an equal share of a $1,208,440 fund that Whitepages agreed to create, after any Court-approved payment of settlement expenses, attorneys' fees, and any incentive award A separate fund was created for individuals who live in Ohio

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www WhitepagesRightofPublicity com, and submit a Claim Form online *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement If you do nothing, you won't get a payment, and you won't be able to sue Whitepages or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement You can also comment on or object to the settlement if you disagree with any of its terms by writing to the Court If you exclude yourself, you won't get a payment but you'll keep your right to sue Whitepages on the issues the settlement concerns You must submit your request to the settlement administrator by mail or e-mail to exclude yourself from the settlement *All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes The Court appointed lawyers from the law firms Edelson PC, Bursor & Fisher, PA and Beaumont Costales LLC as "Class Counsel" They represent you and other Illinois Settlement Class Members You can hire your own lawyer, but you'll need to pay that lawyer's legal fees The Court chose Fatima Butler—a class member like you—to represent the Illinois Settlement Class

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Gary S Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Illinois Settlement Fund and an incentive award of $1,000 to the Class Representative The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline]

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Butler and Scholz-Pinger v. Whitepages, Inc. Settlement
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

# Exhibit C

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

**OUR RECORDS INDICATE
THAT YOU LIVE IN OHIO
AND HAD YOUR
INDIVIDUAL DETAILS
DISPLAYED ON
WHITEPAGES.COM IN
RESPONSE TO A SEARCH
BETWEEN MAY 7, 2019
AND JANUARY 27, 2022.
YOU MAY BE ENTITLED
TO A PAYMENT FROM A
CLASS ACTION
SETTLEMENT.**

XXX

Butler and Scholz-Pinger v. Whitepages, Inc.
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

---

### CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST
BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo,
PayPal, Zelle, or a check, you must submit a Claim Form online on the Settlement Website at
www.WhitepagesRightofPublicity.com. If you submit this paper Claim Form by mail and it is approved, you will receive a
check in the mail at the address you provide below. Depending on the number of valid claims submitted, you may need to
complete an IRS Form W-9 to satisfy tax reporting obligations. You may complete the Form W-9 now on the Settlement
Website at www.WhitepagesRightofPublicity.com; doing so now will ensure that you receive your full payment as soon as
possible.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check for a *pro rata* share
depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.WhitepagesRightofPublicity.com or call [toll free number]**

This notice is to inform your that a Settlement has been reached in a class action lawsuit between individuals who have an Ohio or Illinois residential address and Whitepages, Inc  ("Defendant" or "Whitepages") about the display of personal information on Whitepages com  The lawsuit claims that Whitepages violated an Ohio law called Ohio Revised Code § 2741 01 and a similar Illinois law when it allegedly used individuals' names, ages, contact information, former residence locations, lists of possible relatives, likenesses, photographs, images, or other identifying information to advertise or promote the subscription service to its people search engine  The Court has not decided who is right or wrong  Please read this notice carefully  Your legal rights are affected whether you act, or don't act

**Who is included in the Settlement Class?** Our records indicate that you are included in the Ohio Settlement Class  The Settlement Class includes all persons who have a primary Ohio residential address, who had their individual detail pages displayed on Whitepages com in response to a search on the website, and who had their names clicked on between May 7, 2019 and January 27, 2022 where the searcher during that same site visit purchased a subscription

**What can I get out of the settlement?** If you're eligible and the Court approves the settlement, you can file a claim to receive a cash payment  The payment amount is estimated to be approximately $315 to $630, but could be more or less depending on the number of valid claims submitted  This amount is an equal share of a $2,864,200 fund that Whitepages agreed to create, after any Court-approved payment of settlement expenses, attorneys' fees, and any incentive award  A separate fund was created for individuals who live in Illinois

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www WhitepagesRightofPublicity com, and submit a Claim Form online  *All Claim Forms must be postmarked or submitted online by ==[Claims Deadline]==.*

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement  If you do nothing, you won't get a payment, and you won't be able to sue Whitepages or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement  You can also comment on or object to the settlement if you disagree with any of its terms by writing to the Court  If you exclude yourself, you won't get a payment but you'll keep your right to sue Whitepages on the issues the settlement concerns  You must submit your request to the settlement administrator by mail or e-mail to exclude yourself from the settlement  *All Requests for Exclusion and Objections must be received by ==[Objection/Exclusion Deadline]==.*

**Do I have a lawyer?** Yes  The Court appointed lawyers from the law firms Edelson PC, Bursor & Fisher, PA and Beaumont Costales LLC as "Class Counsel " They represent you and other Ohio Settlement Class Members  You can hire your own lawyer, but you'll need to pay that lawyer's legal fees  The Court chose Julia Scholz-Pinger—a class member like you—to represent the Ohio Settlement Class

**When will the Court approve the settlement?** The Court will hold a final approval hearing on ==[date]== at ==[time]== before the Honorable Gary S  Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court  During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Ohio Settlement Fund and an incentive award of $1,000 to the Class Representative  The request will be posted on the Settlement Website by ==[two weeks prior to Objection/Exclusion Deadline]==

---

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Butler and Scholz-Pinger v. Whitepages, Inc. Settlement
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

Exhibit D

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871
(United States District Court for the Northern District of Illinois)

**OUR RECORDS INDICATE THAT YOU LIVE IN ILLINOIS AND YOU MAY HAVE HAD YOUR INDIVIDUAL DETAILS DISPLAYED ON WHITEPAGES.COM IN RESPONSE TO A SEARCH BETWEEN MAY 7, 2019 AND JANUARY 27, 2022. YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*

*For more information, visit www.WhitepagesRightofPublicity.com.*
*Para una notificacion en Espanol, visitar www.WhitepagesRightofPublicity.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between individuals who have an Illinois or Ohio residential address and Whitepages, Inc. ("Defendant" or "Whitepages") about the display of information on Whitepages.com. The lawsuit claims that Whitepages violated an Illinois law called the Illinois Right of Publicity Act and a similar Ohio law when it allegedly used individuals' names, ages, contact information, former residence locations, lists of possible relatives, likenesses, photographs, images, or other identifying information to advertise or promote the subscription service to its people search engine. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

**<u>Who is included in the Settlement Class?</u>** Our records indicate that you are included in the Illinois Settlement Class. The Illinois Settlement Class includes all persons who have a primary Illinois residential address, who had their individual detail pages displayed on Whitepages.com in response to a search on the website and who had their names clicked on between May 7, 2019 and January 27, 2022 where the searcher during that same site visit purchased a subscription.

**<u>What can I get out of the settlement?</u>** If you're eligible and the Court approves the settlement, you can file a claim to receive a cash payment. The payment amount is estimated to be approximately $125 to $245, but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a $1,208,440 fund that Whitepages agreed to create, after any Court-approved payment of settlement expenses, attorneys' fees, and any incentive award. A separate fund was created for individuals who live in Ohio.

**<u>How do I get my payment?</u>** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.WhitepagesRightofPublicity.com and download a paper Claim Form and submit it by mail. By submitting online you can choose to receive your payment via

Venmo, PayPal, Zelle, or a check. ***All Claim Forms must be submitted online or postmarked by [Claims Deadline].***

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't get a payment, and you won't be able to sue Whitepages or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment but you'll keep your right to sue Whitepages on the issues the settlement concerns. You must submit your request to settlement administrator by mail or email ([email address]) to exclude yourself from the settlement. ***All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].***

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firms Edelson PC, Bursor & Fisher, PA, and Beaumont Costales LLC as "Class Counsel." They represent you and other Illinois Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Fatima Butler—a class member like you—to represent the Illinois Settlement Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Gary S. Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Illinois Settlement Fund and an incentive award of $1,000 to the Class Representative. The fee request will be posted on the settlement website by [two weeks prior to Objection/Exclusion Deadline].

Exhibit E

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871
(United States District Court for the Northern District of Illinois)

**OUR RECORDS INDICATE THAT YOU LIVE IN OHIO AND MAY HAVE HAD YOUR INDIVIDUAL DETAILS DISPLAYED ON WHITEPAGES.COM IN RESPONSE TO A SEARCH BETWEEN MAY 7, 2019 AND JANUARY 27, 2022. YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*

*For more information, visit www.WhitepagesRightofPublicity.com.*
*Para una notificacion en Espanol, visitar www.WhitepagesRightofPublicity.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between individuals who have an Ohio or Illinois residential address and Whitepages, Inc. ("Defendant" or "Whitepages") about the display of information on Whitepages.com. The lawsuit claims that Whitepages violated an Ohio law called Ohio Revised Code § 2741.01 and a similar Illinois law when it allegedly used individuals' names, ages, contact information, former residence locations, lists of possible relatives, likenesses, photographs, images, or other identifying information to advertise or promote the subscription service to its people search engine. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

**Who is included in the Settlement Class?** Our records indicate that you are included in the Ohio Settlement Class. The Ohio Settlement Class includes all persons who have a primary Ohio residential address, who had their individual detail pages displayed on Whitepages.com in response to a search on the website, and who had their names clicked on between May 7, 2019 and January 27, 2022 where the searcher during that same site visit purchased a subscription.

**What can I get out of the settlement?** If you're eligible and the Court approves the settlement, you can file a claim to receive a cash payment. The payment amount is estimated to be approximately $315 to $630, but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a $2,864,200 fund that Whitepages agreed to create, after any Court-approved payment of settlement expenses, attorneys' fees, and any incentive award. A separate fund was created for individuals who live in Illinois.

**How do I get my payment?** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.WhitepagesRightofPublicity.com and download a paper Claim Form and submit it by mail. By submitting online you can choose to receive your payment via Venmo, PayPal, Zelle, or a check. ***All Claim Forms must be submitted online or postmarked by [Claims Deadline].***

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't get a payment, and you won't be able to sue Whitepages or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment but you'll keep your right to sue Whitepages on the issues the settlement concerns. You must submit your request to settlement administrator by mail or email ([email address]) to exclude yourself from the settlement. ***All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].***

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firms Edelson PC, Bursor & Fisher, PA, and Beaumont Costales LLC as "Class Counsel." They represent you and other Ohio Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Julia Scholz-Pinger—a class member like you—to represent the Ohio Settlement Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Gary S. Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Ohio Settlement Fund and an incentive award of $1,000 to the Class Representative. The fee request will be posted on the settlement website by [two weeks prior to Objection/Exclusion Deadline].

Exhibit F

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871

**IF YOU LIVE IN ILLINOIS OR OHIO AND SOMEONE SEARCHED YOUR NAME AND PURCHASED A SUBSCRIPTION TO WHITEPAGES.COM BETWEEN MAY 7, 2019 AND JANUARY 27, 2022, YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

***This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.***

- A Settlement has been reached in a class action lawsuit between individuals who have an Illinois or Ohio residential address and Whitepages, Inc. ("Defendant" or "Whitepages") about the use of information displayed on Whitepages.com. The lawsuit claims that Whitepages violated an Illinois law called the Illinois Right of Publicity Act and an Ohio law called Ohio Revised Code § 2741.01 when it used individuals' names, ages, contact information, former residence locations, lists of possible relatives, likenesses, photographs, images, or other identifying information to advertise or promote the subscription service to its people search engine. Whitepages denies those allegations and the law's applicability to Whitepages. The Court has not decided who is right or wrong.

- If you received a notice of the Settlement in the mail or by e-mail, our records indicate that you are either an Illinois Settlement Class Member or an Ohio Settlement Class Member and are included in the Settlement, and you may submit a claim form online or by mail to receive a payment through Venmo, Zelle, Paypal, or a check. Those included in the Settlement have a primary Illinois or Ohio residential address, had their individual detail pages displayed on Whitepages.com in response to a search on the website, and had their name clicked on between May 7, 2019 and January 27, 2022, and where the searcher during that same site visit purchased a subscription.

- If the Court approves the Settlement, members of the settlement classes who submit valid claims will receive an equal, or *pro rata*, share of either a $1,208,440 fund that Whitepages agreed to create for Illinois residents, or of a $2,864,200 fund that Whitepages agreed to create for Ohio residents, after all notice and administration costs, incentive award, and attorneys' fees have been paid. Individual payments to Illinois Settlement Class Members who submit a valid Claim Form are estimated to be $125 to $245, and payments to Ohio Settlement Class Members who submit a valid Claim Form are estimated to be $315 to $630, but the settlement payments could be more or less depending on the number of valid claims submitted.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. You must submit a complete and valid claim form either online or by mail before [**Claims Deadline**]. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue Whitepages and certain related companies and individuals about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Whitepages about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

### BASIC INFORMATION

| **1. What is this notice and why should I read it?** |
|---|

The Court authorized this notice to let you know about a proposed Settlement with Whitepages. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Gary S. Feinerman of the United States District Court for the Northern District of Illinois is overseeing this class action. The case is called *Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871. The people who filed the lawsuit, Fatima Butler and Julia Scholz-Pinger, are the Plaintiffs. The company they sued, Whitepages, Inc., is the Defendant.

| **2. What is a putative class action lawsuit?** |
|---|

A class action is a lawsuit in which an individual or individuals called "Class Representatives" bring a single lawsuit on behalf of other people who have similar legal claims. All of these people together are a "Class" or "Class Members." Once a Settlement Class is certified, a class action

Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the settlement classes.

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this lawsuit about? |
| --- |

Defendant runs a website that provides directory services, including various information about people. It's free to search any person's first and last name, which results in a free preview of the information potentially related to the person searched. Subscriptions are available via the website. The Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq*. and Ohio Revised Code § 2741.01, *et. seq*. prohibit using a person's name, age, contact information, former residence locations, list of possible relatives, likeness, photograph, image, or other identifying information to advertise, promote, or in connection with an offer for sale any of its products or services without written consent. This lawsuit alleges that Whitepages violated the Illinois Right of Publicity Act and Ohio Revised Code § 2741.01 by allegedly displaying Illinois or Ohio residents' individual details on the preview pages on Whitepages.com in response to a search on the website and, once those individuals' names were clicked on, selling the searcher a subscription to Whitepages between May 7, 2019 and January 27, 2022. The Illinois Right of Publication Act provides for $1,000 damages per violation and the Ohio Revised code provides $2,500 to $10,000 damages per violation. Whitepages denies that it violated any law.

More information about Plaintiff's complaint in the lawsuit and the Defendant's defenses can be found in the "Court Documents" section of the settlement website at www.WhitepagesRightofPublicity.com.

| 4. Who is included in the Settlement Class? |
| --- |

You are a member of the settlement classes if you have a primary Illinois or Ohio residential address, had your individual detail pages displayed on Whitepages.com in response to a search on the website, and had your name clicked on between May 7, 2019 and January 27, 2022 where the searcher during that same site visit purchased a subscription. If you received a notice of the Settlement via email or in the mail, our records indicate that you are a class member and are included in the Settlement. You may call or email the Settlement Administrator at [phone number] or [email address] to ask whether you are a member of the Illinois Settlement Class or the Ohio Settlement Class.

### THE SETTLEMENT BENEFITS

| 5. What does the Settlement provide? |
| --- |

**Cash Payments.** If you're eligible, you can file a claim to receive a cash payment. The amount of such payment will depend on whether you are in the Illinois Settlement Class or the Ohio Settlement Class, because the laws provide different amounts of damages. Payments to Illinois Settlement Class Members who submit a valid Claim Form are estimated to be $125 to $245, and payments to Ohio Settlement Class Members who submit a valid Claim Form are estimated to be $315 to $630, but the settlement payments could be more or less depending on the number of valid claims submitted. These will be a *pro rata*, or equal, share of either a $1,208,440 fund that Whitepages agreed to create for Illinois residents, or of a $2,864,200 fund that Whitepages agreed to create for

Ohio residents, after the payment of settlement expenses, attorneys' fees, and any incentive award for the Class Representatives approved by the Court.

**Prospective Relief.** Under the settlement, Whitepages has agreed not to display the name of any Class Member whose residence, according to Defendant's database, remains in Illinois or Ohio, on any page on its website that includes a subscription offer after the date of entry of a Final Approval Order or May 31, 2022, whichever is later, and to refrain from doing so for a period of three years after entry of a Final Approval Order.

### HOW TO GET SETTLEMENT BENEFITS

| 6. How do I get a payment? |
| --- |

If you are an Illinois Settlement Class Member or an Ohio Settlement Class Member and you want to get a payment, you must complete and submit a valid Claim Form by [Claims Deadline]. If you received an email notice, it contained a link to the online Claim Form, which is also available on this website here [Claim Form Link] and can be filled out and submitted online. The online claim form lets you select to receive your payment by Venmo, Zelle, Paypal, or check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. Those who submit a paper Claim Form will receive a check by mail, if the claim is approved.

The Claim Form requires you to provide the following information: (i) full name, (ii) current U.S. Mail address, and (iii) current contact telephone number.

Depending on the number of valid claims submitted, Ohio Settlement Class Members, but not Illinois Settlement Class Members, may need to complete an IRS Form W-9 to satisfy tax reporting obligations. Ohio Settlement Class Members may complete the Form W-9 now at [link to W-9]; doing so now will ensure that Ohio Settlement Class Members receive full payment as soon as possible.

| 7. When will I get my payment? |
| --- |

The hearing to consider the fairness of the Settlement is scheduled for [**Final Approval Hearing Date**]. If the Court approves the Settlement, Class Members whose claims were approved by the Settlement Administrator and, if necessary, who have completed a W-9 Form on the settlement website, will be issued a check or electronic payment (as chosen by the Class Member) within 28 days after the Settlement Effective Date. Please be patient. Uncashed checks and electronic payments that are unable to be completed will expire and become void 180 days after they are issued and will revert to their respective settlement fund to be distributed *pro rata* to claiming class members or in a manner as otherwise directed by the Court upon application made by Class Counsel.

### THE LAWYERS REPRESENTING YOU

| 8. Do I have a lawyer in the case? |
| --- |

Yes, the Court has appointed lawyers from the law firms Edelson PC, Bursor & Fisher, PA, and Beaumont Costales LLC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiffs Fatima Butler and

Julia Scholz-Pinger to serve as the Class Representatives. They are Class Members like you. Class Counsel can be reached by calling (XXX) XXX-XXXX.

| **9. Should I get my own lawyer?** |
|---|

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

| **10. How will the lawyers be paid?** |
|---|

Class Counsel will ask the Court for attorneys' fees and expenses of up to 35% of each settlement fund, and will also request an incentive award of $1,000 for each Class Representative from the settlement fund associated with the class they represent. If the Settlement is finally approved, the Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

| **11. What happens if I do nothing at all?** |
|---|

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against Whitepages or other Released Parties regarding any of the Released Claims. **Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the class or file an objection, please visit the settlement website, www.WhitepagesRightofPublicity.com, or call (XXX) XXX-XXXX.

| **12. What happens if I ask to be excluded?** |
|---|

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense.

| **13. How do I ask to be excluded?** |
|---|

You can mail or email a letter stating that you want to be excluded from the Settlement. Your letter must: (a) be in writing; (b) identify the case name, *Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.); (c) identify if the person seeking exclusion is a member of the Illinois Settlement Class or the Ohio Settlement Class; (d) state the full name and current address of the person in the Settlement Class seeking; (e) be signed by the person(s) seeking exclusion; and (f) be postmarked or received by the Settlement Administrator on or before [Objection/Exclusion Deadline]. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.)." You must mail or e-mail your exclusion request no later than [Objection/Exclusion Deadline] to:

Butler and Scholz-Pinger v. Whitepages, Inc. Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

-or-

[e-mail address]

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

| 14. If I don't exclude myself, can I sue Whitepages for the same thing later? |
|---|

No. Unless you exclude yourself, you give up any right to sue Whitepages and any other Released Party for the claims being resolved by this Settlement.

| 15. If I exclude myself, can I get anything from this Settlement? |
|---|

No. If you exclude yourself, you will not receive a payment.

| 16. How do I object to the Settlement? |
|---|

If you do not exclude yourself from either settlement class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Butler and Scholz-Pinger v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.), no later than [Objection/Exclusion Deadline]. Your objection must be e-filed or delivered to the Court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Because of the COVID-19 pandemic, the Court is accepting filings from *pro se* litigants via email. Instructions on how to file via email can be found here.

The objection must be in writing, must be signed, and must include the following information: (a) your full name and current address, (b) a statement that you believe you are a member of the Illinois Settlement Class or the Ohio Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Illinois Settlement Class or the Ohio Settlement Class, or to the entire Illinois Settlement Class or the Ohio Settlement Class, (d) the specific grounds for your objection, (e) all documents or writings that you wish the Court to consider, (f) the name and contact information of any attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether you intend to appear at the Final Approval Hearing. If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the objection by the objection deadline of [Objection/Exclusion Deadline]. If you do hire your own

attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court, you must send via mail, email, or delivery service, by no later than [Objection/Exclusion Deadline], copies of your objection and any supporting documents to both Class Counsel and Whitepages' lawyers at the addresses listed below:

| Class Counsel | Whitepages' Counsel |
|---|---|
| Eli Wade-Scott | Blaine C. Kimrey |
| ewadescott@edelson.com | bkimrey@vedderprice.com |
| EDELSON PC | VEDDER PRICE P.C. |
| 350 North LaSalle Street, 14th Floor | 222 North LaSalle Street |
| Chicago, Illinois 60654 | Chicago, Illinois 60601 |

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive awards on [date 2 weeks before Objection / Exclusion deadline].

## 17. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class as an Illinois Settlement Class Member or Ohio Settlement Class Member. Excluding yourself from the either settlement class is telling the Court that you don't want to be an Illinois Settlement Class Member or an Ohio Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on [date] before the Honorable Gary S. Feinerman in Room 2141 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or via remote means as instructed by the Court. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives.

**Note:** The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.WhitepagesRightofPublicity.com.

## 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

**20. May I speak at the hearing?**

Yes. If you do not exclude yourself, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 16 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

### GETTING MORE INFORMATION

**21. Where do I get more information?**

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at www.WhitepagesRightofPublicity.com or at the Clerk's Office in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and any closures as a result of the COVID-19 pandemic. You can also contact Class Counsel at (XXX) XXX-XXXX with any questions.

### OPTING OUT OF WHITEPAGES AND WHITEPAGES PREMIUM

**22. How do I Get Whitepages to Stop Showing My Information?**

Although, under the settlement, Whitepages has agreed not to display the name of any Class Member whose residence, according to Defendant's database, remains in Illinois or Ohio on any page on its website that includes a subscription offer to Defendant's products or services after the date of entry of a Final Approval Order or May 31, 2022, whichever is later, and to refrain from doing so for a period of three years after entry of a Final Approval Order, your name may still appear on any page on Whitepages' website that does not include a subscription offer to Defendant's products or services.

If you would like to remove your information from Whitepages, you can submit a request through https://www.whitepages.com/suppression-requests. First, visit www.whitepages.com and search for your listing by typing your name and city in the search box. If you find your listing, click on "View Details," *not* on "View Full Report." Copy the URL of your listing. Then, visit https://www.whitepages.com/suppression-requests. Paste the URL of your listing, click "next," and complete the prompts as directed. Removal requests may take up to fourteen days to process.

**23. Will removing my information from Whitepages impact my legal rights?**

No. Your choice to remove your information from Whitepages has no bearing on your ability to collect from this Settlement. Removing your information from Whitepages is not the same as excluding yourself from the settlement. These opt out processes are available to all individuals with a Whitepages listing whether or not they are settlement class members. These processes are not related to this Settlement in any way.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, THE DEFENDANT OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS.**

Exhibit G-1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FATIMA BUTLER and JULIA SCHOLZ-PINGER, individually and on behalf of all others similarly situated, <br><br>                    Plaintiffs, <br><br>    v. <br><br> WHITEPAGES, INC, a Washington corporation, <br><br>                  Defendant. | Case No. 19-cv-4871 |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiffs Fatima Butler and Julia Scholz-Pinger and Defendant Whitepages, Inc.

("Whitepages") (collectively, "the Parties"), by and through and including their undersigned

counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher, P.A. (the "Firm") desires to give an undertaking (the

"Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses

approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in

service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as

agent for his Firm, hereby submits himself and his law firm to the jurisdiction of the Court for

the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the

Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Approval Order or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Approval Order is upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the applicable Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Approval Order.

In the event the Firm fails to repay to Defendant or Defendant's insurer any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Whitepages, and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

2

The undersigned Firm representative stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile, PDF, or other electronic means shall be as effective as original signatures.

The undersigned on behalf of Firm declares under penalty of perjury under the laws of the United States that he has read and understands the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF FOR FIRM:

DATED: ___April 26___, 2022          BURSOR & FISHER, P.A.

_____
By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiffs and Class Counsel

DATED: ___Apr. 28___, 2022          VEDDER PRICE, P.C. (agreed as to form)

_____
By: Blaine C. Kimrey
Attorneys for Defendant Whitepages, Inc.

Exhibit G-2

DocuSign Envelope ID: 778F7AC3-D488-4942-9678-041749B5311A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FATIMA BUTLER and JULIA SCHOLZ-PINGER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>WHITEPAGES, INC, a Washington corporation,<br><br>        Defendant. | Case No. 19-cv-4871 |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiffs Fatima Butler and Julia Scholz-Pinger and Defendant Whitepages, Inc. ("Whitepages") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Beaumont Costales LLC (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as agent for his Firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

DocuSign Envelope ID: 778F7AC9-D488-4942-9678-0417A9B937TA

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Approval Order or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel,  the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Approval Order is upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the applicable Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Approval Order.

In the event the Firm fails to repay to Defendant or Defendant's insurer any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Whitepages, and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

DocuSign Envelope ID: 778F7AC3-D488-4942-9678-041749B531TA

The undersigned Firm representative stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile, PDF, or other electronic means shall be as effective as original signatures.

The undersigned on behalf of Firm declares under penalty of perjury under the laws of the United States that he has read and understands the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF FOR FIRM:

DATED: _____April 26_____, 2022        BEAUMONT COSTALES LLC

_Roberto Costales_
B19505885BAC46E...
_____
By: Roberto Luis Costales, on behalf of Beaumont Costales
LLC, Attorneys for Plaintiffs and Class Counsel

DATED: __Apr. 28__, 2022        VEDDER PRICE, P.C. (agreed as to form)

_____
By: Blaine C. Kimrey
Attorneys for Defendant Whitepages, Inc.

3