IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FATIMA BUTLER and JULIA SCHOLZ-PINGER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>WHITEPAGES, INC.,<br><br>      Defendant. | Case No. 19-cv-04871<br><br>Hon. Gary S. Feinerman |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT
CLASSES, APPOINTING SETTLEMENT CLASS REPRESENTATIVES, APPOINTING
SETTLEMENT CLASS COUNSEL, AND APPROVING NOTICE PLAN**

This matter coming before the Court on Plaintiffs' Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement, good cause being shown, the Court having jurisdiction, and the Court's being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

  1.  Terms and phrases in this order shall have the same meaning as ascribed to them in the Settlement Agreement (dkt. 251-1).

  2.  The Court having read and considered the Settlement Agreement and having heard the parties, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this order, certifies the Illinois Settlement Class and Ohio Settlement Class (together, the "Settlement Classes") defined below, appoints Settlement Class Counsel and the Settlement Class Representatives, and approves the Notice plan.

1

**Certification of the Settlement Classes**

      3.     For purposes of settlement only, the Court certifies the following Illinois Settlement Class as defined in the Settlement Agreement:

> Illinois Settlement Class: All individuals with a primary Illinois residential address whose individual detail pages were displayed on Whitepages.com in response to a search on the website and whose names were clicked on between May 7, 2019 and January 27, 2022 where the searcher during that same site visit purchased a subscription.

Excluded from the Illinois Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Illinois Settlement Class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

      4.     For purposes of settlement only, the Court also certifies the following Ohio Settlement Class as defined in the Settlement Agreement:

> Ohio Settlement Class: All individuals with a primary Ohio residential address whose individual detail pages were displayed on Whitepages.com in response to a search on the website and whose names were clicked on between May 7, 2019 and January 27, 2022, where the searcher during that same site visit purchased a subscription.

Excluded from the Ohio Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Ohio Settlement Class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

5. The Court preliminary finds, subject to the Final Approval Hearing referred to below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Classes satisfy the requirements of Civil Rule 23, specifically, that: each of the Settlement Classes is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Classes; plaintiff Fatima Buter's claims are typical of the claims of the members of the Illinois Settlement Class and plaintiff Julia Scholz-Pinger's claims are typical of the claims of the members of the Ohio Settlement Class; Plaintiffs and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Classes; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating this case.

**Preliminary Approval of the Settlement**

6. For purposes of settlement only: (a) J. Eli Wade-Scott of Edelson PC, Philip L. Fraietta of Bursor & Fisher, P.A., and Roberto Luis Costales and William Beaumont of Beaumont Costales LLC are appointed Settlement Class Counsel for the Settlement Classes; (b) Fatima Buter is named Settlement Class Representative of the Illinois Settlement Class; and (c) Julia Scholz-Pinger is named Settlement Class Representative of the Ohio Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Settlement Class Counsel and that Plaintiffs will adequately protect the interests of the respective Settlement Classes defined above.

7. The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Civil Rule 23(e)(2), and is in the best interests of the Settlement Classes set forth above. The Court further

preliminarily finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Classes without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also preliminarily finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case with the assistance of an experienced mediator; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Classes; (c) meets all applicable requirements of law, including Civil Rule 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the plan for giving Notice to the Settlement Classes—which includes direct Notice via U.S. Mail and email, reminder notices via U.S. Mail and email, and the creation of the Settlement Website—as fully described and set forth in the Settlement Agreement and Exhibits B, C, D, E, and F thereto. The Court further finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Classes of the pendency of this case, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Illinois Settlement Class or Ohio Settlement Class. The parties, by agreement, may revise the Notice in ways that are not material, or in ways

that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Simpluris, Inc. as Settlement Administrator under the Settlement Agreement.

10. Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice on the Settlement Website and to send direct notice via email and U.S. Mail in accordance with the Notice plan called for by the Settlement Agreement. Further, the reminder notice shall be disseminated to the Settlement Classes both thirty (30) days and fourteen (14) days prior to the Claims Deadline identified below. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the settlement online.

**Exclusion**

11. Any person who meets the definition of the Illinois Settlement Class or Ohio Settlement Class and who wishes to exclude themselves from the Illinois Settlement Class or Ohio Settlement Class must submit their request for exclusion in writing to the Settlement Administrator (by email to: info@whitepagesrightofpublicity.com; or by mail to: Whitepages Settlement Administrator, P.O. Box 25415, Santa Ana, CA 92799) on or before the Objection/Exclusion deadline of August 17, 2022. Any members of the Illinois Settlement Class or Ohio Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

12. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Butler v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.); (c) identify if the person seeking exclusion is a member of the Illinois Settlement Class or the Ohio Settlement Class; (d) state the

full name and current address of the person seeking exclusion; (e) be signed by the person(s) seeking exclusion; and (f) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from *Butler v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Illinois Settlement Class Members or Ohio Settlement Class Members and shall be bound by the Settlement Agreement, if approved. No person may request to be excluded from the Illinois Settlement Class or the Ohio Settlement Class through "mass" or "class" opt-outs.

**<u>Objections</u>**

13. Any Illinois Settlement Class Member or Ohio Settlement Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Approval Order being entered dismissing this case with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Settlement Class Counsel, or to the requested incentive awards to the Settlement Class Representatives. To object, Illinois Settlement Class Members and Ohio Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline of August 24, 2022.

14. To be valid, the written objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must include (a) the person's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Illinois Settlement Class or the Ohio Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Illinois Settlement Class or subset of the Ohio Settlement Class, or to the entire Illinois Settlement Class or the Ohio Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the person desires the Court to consider, (f) the name and contact information of any and all attorneys representing or advising the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

15. To be valid, objections must be filed with the Court on or before the Objection/Exclusion Deadline. In addition, any objections made by an Illinois Settlement Class Member or Ohio Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

16. Any Illinois Settlement Class Member or Ohio Settlement Class Member who fails to file and timely serve written objections in compliance with the requirements above and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**Claims Deadline**

17. The Court approves the Claim Form attached to the Settlement Agreement as Exhibit A, and all Claim Forms must be postmarked or submitted on the Settlement Website by August 17, 2022 (the "Claims Deadline") to be considered timely.

**Final Approval Hearing**

18. The Final Approval Hearing shall be held before this Court on September 12, 2022, at 10:00 a.m. to determine (a) whether the proposed settlement of the case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Settlement Class Counsel; and (d) whether to approve the payment of an incentive award to the Settlement Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19. Settlement Class Counsel shall file papers in support of their Fee Award and the Settlement Class Representatives' incentive awards (collectively, the "Fee Petition") with the Court on or before August 10, 2022. The Fee Petition shall be filed with the Court and promptly posted to the Settlement Website. Settlement Class Members may object on their own or may do so through separate counsel at their own expense by the Objection Deadline. Defendant may, but is not required to, file a response to Settlement Class Counsel's Fee Petition with the Court on or before the Objection Deadline. Settlement Class Counsel may file a reply in support of their Fee Petition with the Court on or before September 1, 2022.

20. Plaintiffs shall file their papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before September 1, 2022.

IT IS SO ORDERED, this 20th day of May, 2022.

_____
JUDGE GARY FEINERMAN
UNITED STATES DISTRICT JUDGE