## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FATIMA BUTLER and JULIA SCHOLZ-PINGER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 19 C 4871 |
| v. | Hon. Gary Feinerman |
| WHITEPAGES, INC., | |
| Defendant. | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter coming before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, Doc. 272, between Plaintiffs Fatima Butler and Julia Scholz-Pinger ("Plaintiffs") and Defendant Whitepages, Inc., ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties"), the terms of which are set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), Doc. 272-1, and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards, Doc. 266, the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on September 28, 2022,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Unless defined herein, all capitalized terms in this order shall have the respective meanings ascribed to the same terms in the Settlement Agreement. Doc. 272-1.

2.      This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Illinois and Ohio Settlement Class Members.

3.     On May 20, 2022, this Court preliminarily approved the Settlement Agreement,

and certified, for settlement purposes, the following two settlement classes (together, the

"Settlement Classes"):

> Illinois Settlement Class: All individuals with a primary Illinois residential
> address whose individual detail pages were displayed on Whitepages.com in
> response to a search on the website and whose names were clicked on between
> May 7, 2019 and January 27, 2022 where the searcher during that same site visit
> purchased a subscription.
>
> Excluded from the Illinois Settlement Class are (1) any Judge or Magistrate
> presiding over this action and members of their families, (2) Defendant,
> Defendant's subsidiaries, parent companies, successors, predecessors, and any
> entity in which Defendant or its parents have a controlling interest, (3) persons
> who properly execute and file a timely request for exclusion from the Illinois
> Settlement Class, and (4) the legal representatives, successors, or assigns of any
> such excluded persons.
>
> Ohio Settlement Class: All individuals with a primary Ohio residential address
> whose individual detail pages were displayed on Whitepages.com in response to a
> search on the website and whose names were clicked on between May 7, 2019
> and January 27, 2022, where the searcher during that same site visit purchased a
> subscription.
>
> Excluded from the Ohio Settlement Class are (1) any Judge or Magistrate
> presiding over this action and members of their families, (2) Defendant,
> Defendant's subsidiaries, parent companies, successors, predecessors, and any
> entity in which Defendant or its parents have a controlling interest, (3) persons
> who properly execute and file a timely request for exclusion from the Ohio
> Settlement Class, and (4) the legal representatives, successors, or assigns of any
> such excluded persons.

Doc. 261 at ¶¶ 3–4. The Court now confirms final certification of the Settlement Classes for

purposes of entering final judgment.

4.     Notice to the Settlement Classes has been provided in accordance with the Court's

Preliminary Approval Order, and the substance of and dissemination program for the Notice—

which included direct notice via U.S. Mail and email, two rounds of reminder notices, and the

creation of the Settlement Website—provided the best practicable notice under the circumstances

reaching 99.5% of the Illinois Settlement Class and 99.6% of the Ohio Settlement Class; was reasonably calculated to apprise the Settlement Classes of the pendency of the Actions and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

5.      The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. *See* Doc. 272-2, ¶ 4. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6.      The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of Judge Sidney Schenkier (ret.) of JAMS Chicago who served as the Parties' mediator, and is supported by the Class Representatives and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement Agreement.

7.      The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Illinois and Ohio Settlement Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class

action through trial and appeal, the lack of any objections to the settlement by the Settlement Classes, and the high claims rates. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Illinois and Ohio Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Actions and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8.      The Court further finds that the Parties achieved excellent claims rates as a result of the Notice program: 25% of the Illinois Settlement Class submitted an Approved Illinois Claim and 17% of the Ohio Settlement Class submitted an Approved Ohio Claim. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 620, 629, 632 (N.D. Cal. 2021) (describing similar 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

9.      No Illinois or Ohio Settlement Class Members have objected to any of the terms of the Settlement Agreement. Only one member of the Ohio Settlement Class—Amy L. Hathaway—and two members of the Illinois Settlement Class—Mildred W. Beason and Gloria S. Ormuz—have submitted requests for exclusion. Amy L. Hathaway is excluded from the Ohio Settlement Class, and Mildred W. Beason and Gloria S. Ormuz are excluded from the Illinois Settlement Class.

10.     The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and the Illinois and Ohio Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

11. Other than as provided in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

12. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice.

1.1 Upon the Effective Date of the Settlement Agreement, Plaintiffs and each Illinois Settlement Class Member and Ohio Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents, and each of them, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged Defendant and its Insurer, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations from any and all past and present claims or causes of action, whether known or unknown (including Unknown Claims, as defined in the Settlement Agreement), arising from or related to the alleged use of a person's name, age, contact information, former residence locations, list of possible relatives, likeness, photograph, image, or other identifying information to advertise, promote, or in connection with an offer for sale any products or services, including any violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*, or Ohio's right of publicity law, Ohio Revised Code § 2741.01, *et. seq.*

13.     Accordingly, the Settlement Agreement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Illinois and Ohio Settlement Class Members and Releasing Parties.

14.     The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Illinois and Ohio Settlement Class Members.

15.     The Court awards to Class Counsel a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with the Actions, in the amounts of $383,103 to be paid from the Illinois Settlement Fund and $964,621 to be paid from the Ohio Settlement Fund. These amounts shall be paid from the Escrow Accounts pursuant to the terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Illinois and Ohio Settlement Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here, which equates to 35% of the Illinois Settlement Fund and Ohio Settlement Fund, less the amount paid for Settlement Administration Expenses and the incentive awards, is in line with fee awards provided in similar statutory privacy cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Classes.

16.     The Court awards to Plaintiff Fatima Butler an incentive award of $1,000 for her time and effort serving the Illinois Settlement Class in this Action. This amount shall be paid from the Illinois Settlement Fund pursuant to the terms in the Settlement Agreement.

17.     The Court awards to Plaintiff Julia Scholz-Pinger an incentive award of $1,000 for her time and effort serving the Ohio Settlement Class in this Action. This amount shall be paid from the Ohio Settlement Fund pursuant to the terms in the Settlement Agreement.

18.     The Court approves the appointment of Simpluris, Inc. as Settlement Administrator and approves the payment of all reasonable Settlement Administration Expenses to the Settlement Administrator, which shall not exceed $220,000 (a maximum of $112,860 for the Illinois Settlement Class and $107,140 for the Ohio Settlement Class). The final Settlement Administration Expenses shall be set forth in a final invoice to be approved by Class Counsel and shall be paid from the Illinois Settlement Fund and Ohio Settlement Fund in proportionate amounts as set forth in the Settlement Agreement.

19.     To the extent that any check issued to an Illinois Settlement Class Member pursuant to the Settlement Agreement is not cashed within one hundred and eighty (180) days of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such residual funds shall revert to the Illinois Settlement Fund and shall be redistributed *pro rata* to Illinois Settlement Class Members who submitted Approved Illinois Claims, if feasible and in the interests of the Illinois Settlement Class. If redistribution is not feasible or if residual funds remain in the Illinois Settlement Fund after redistribution, Class Counsel shall file a motion with the Court proposing an appropriate distribution of any residual funds.

20.     To the extent that any check issued to an Ohio Settlement Class Member pursuant to the Settlement Agreement is not cashed within one hundred and eighty (180) days of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such residual funds shall revert to the Ohio Settlement Fund and shall be redistributed *pro rata* to Ohio Settlement Class Members who submitted Approved Ohio Claims, if feasible and in the interests of the Ohio Settlement Class. If redistribution is not feasible or if residual funds remain in the Ohio Settlement Fund after redistribution, Class Counsel shall file a motion with the Court proposing an appropriate distribution of any residual funds.

21.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order.

**IT IS SO ORDERED**.

September 29, 2022

_____

JUDGE GARY S. FEINERMAN
UNITED STATES DISTRICT COURT